UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA

       Plaintiff,

v.

STEVE RAFFA,
    a/k/a "Uncle Steve,"
JOHN MAMONE,
    a/k/a "Big John,"
FRED MORGENSTERN,
DAVID MORGENSTERN,
JOSEPH SILVESTRI,
JULIUS BRUCE CHIUSANO,
MICHAEL BUCCINNA,
    a/k/a "Michael Boots,"
JEFFREY BASS,
    a/k/a "the Professor,"
FREDERICK SCAROLA,
GIUSEPPE BELLITTO,
    a/k/a "Joe Baldy,"
MARK CARATTINI,
PAUL DIFILIPPI,
ANSON KLINGER,
JOSEPH SPITALERI,
CHARLES CLAY,
PEGGY PRESTON,
MARK WEISS,
JACOLYN BARUCH, and
DAVID BELL,

       Defendants.
_____/



Unsealed 11/6/00

## PROTECTIVE ORDER
## UNDER SEAL

THIS CAUSE having come before the Court on the United States' Ex Parte Application for a Protective Order pursuant to Title 18, United States Code, Sections 982, 1963 and Title 21, United States Code, Section 853, and it appearing to the satisfaction of this Court:



That on October 26, 2000, a federal grand jury in Fort Lauderdale, Florida, found probable cause to return an indictment in the above-captioned case charging the above-named defendants with seventy (70) counts for violations of Title 18, United States Code, Sections 1962(d), 1955, 1956, 1957, 1511, 894, and 371, etc., involving, among other things, a racketeering conspiracy with multiple-illegal acts such as the collection of unlawful debt, gambling, laundering of monetary instruments, engaging in monetary transactions in property derived from specified unlawful activity, collection of extensions of credit by extortionate means, etc., and alleging that the described in paragraph five of this Order would, in the event of conviction, be subject to forfeiture pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853.

That the United States has moved, <u>ex parte</u>, for a protective order pursuant to Title 18, United States Code, Sections 982, 1963 and Title 21, United States Code, Section 853, to preserve the status quo and prevent the above-named defendants from alienating, encumbering, or wasting said forfeitable properties.

That reasonable cause has been shown for the entry of a protective order to preserve the properties described in paragraph five of this Order, based upon the indictment and the application and memorandum submitted by the United States.

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The above named-defendants, their agents, nominees, servants, employees, attorneys, family members, heirs, representatives, executors, administrators, assigns and those persons in active concert and participation with them, be and are hereby enjoined, prohibited and restrained from selling, transferring, assigning, pledging, leasing, mortgaging, distributing, giving away, encumbering, alienating, receiving any distributions of proceeds, or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, with

the intent to conceal and hide, or removing from any checking or savings account, all or parts of their interest, direct or indirect, legal or beneficial, in the properties described in paragraph five of this Order, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as otherwise set forth in this Order.

2. The above named-defendants, their agents, nominees, servants, employees, attorneys, family members, heirs, representatives, executors, administrators, assigns and those persons in active concert and participation with them, be and are hereby enjoined, prohibited and restrained from taking any action or otherwise participating in any action which would tend in any way to diminish the value of the properties described in paragraph five of this Order.

3. That the properties described in paragraph five of this Order are now subject to this Court's jurisdiction, pending the final disposition of the forfeiture matters in this case and any further order of this Court.

4. That any disposition or transfer of the properties described in paragraph five of this Order may be made only upon application to this Court, after timely notice to the United States.

5. The properties that are the subject of this Order, and that are described in the forfeiture section of the indictment, is as follows:

    a. $34,200,000.00 in United States currency, and all interest and proceeds traceable thereto, in that such sum represents proceeds which were obtained by defendants, directly and/or indirectly from the charged offenses.

    b. All interest in Gold Coast Check Cashing, Inc., doing business as Gold Coast Check Cashing, a Florida corporation, located at 5701 Margate Blvd., Margate, Florida and at 3591 N. Andrews Avenue, Oakland Park, Florida.

    c. All interest in Check Cashing Unlimited, Inc., a Florida corporation, doing

business as Check Cashing Unlimited, located at 5701 Margate Blvd., Margate, Florida.

  d. All interest in Cash 96 Corporation, a Florida corporation, doing business as Cash 96, located at 3591 N. Andrews Avenue, Oakland Park, Florida.

  e. All interest in Sanjo Center, Inc., a Florida corporation, whose business address is 4137 NW 135th Street, Opa-Locka, Florida.

  f. All interest in Gateway Transportation Services, Inc., a Florida corporation, whose business address is 7770 W. Oakland Park Blvd., Sunrise, Florida.

6. That this Protective Order shall be in effect during the pendency of this action.

7. The United States Ex Parte Application for a Protective Order and this Order filed with the Court shall be SEALED until further order of this Court. However, a copy of this Order shall be released to the government forthwith and the government shall serve copies of this Order as necessary to effectuate its terms. The government shall file a notice with the Clerk of the Court indicating the name and manner of service of this Order on each individual or entity within a week from the date of service.

DONE AND ORDERED in Chambers in Miami, Florida, this 27th day of October, 2000.

                  /s/ Patricia A. Seitz
                  HONORABLE PATRICIA A. SEITZ
                  UNITED STATES DISTRICT JUDGE

Copies to:
AUSA Diana Fernandez
AUSA J. Brian McCormick
AUSA William H. Beckerleg, Jr.

```
[docket]                    CIVIL/CRIMINAL              [docketext]
4. Queries                     Docketing


Docket #   : 0:00-cr-6309                                       BLG
Short Title: USA              v. Raffa
Type: cr        Judge: Seitz           Magistrate:
-------------------------------------------------------------------

-------------------------------------------------------------------
            Summary of Event that Created the Document
Filed      Entry Date  Last Update    History ID    Docketed by
10/27/00    11/1/00    **/**/**         4266739         sp
    +-----------------------------------------------------------+
      SEALED DOCUMENT



    +viewing docket text---------------------------------------+
Transaction: kseal doc -/ -/ - - -

Command mode (? for commands)
```

Attached to D.E. # 150