UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ

FILED BY _____ D.C.

00 NOV -8 PM 4:04

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA

       Plaintiff,

v.

STEVE RAFFA,
    a/k/a "Uncle Steve,"
JOHN MAMONE,
    a/k/a "Big John,"
FRED MORGENSTERN,
DAVID MORGENSTERN,
JOSEPH SILVESTRI,
JULIUS BRUCE CHIUSANO,
MICHAEL BUCCINNA,
    a/k/a "Michael Boots,"
JEFFREY BASS,
    a/k/a "the Professor,"
FREDERICK SCAROLA,
GIUSEPPE BELLITTO,
    a/k/a "Joe Baldy,"
MARK CARATTINI,
PAUL DIFILIPPI,
ANSON KLINGER,
JOSEPH SPITALERI,
CHARLES CLAY,
PEGGY PRESTON,
MARK WEISS,
JACOLYN BARUCH, and
DAVID BELL,

       Defendants.
_____/

## STIPULATION AMENDING THE PROTECTIVE ORDER

The United States of America, through its undersigned attorneys and Gateway Transportation Services, Inc., through its attorney David Rothman and its officers and shareholders, Anna Grace Mamone and John Manning, hereby agree and stipulate that:

1. Unless otherwise expressly provided in this order, the October 27, 2000, protective order is unsealed and its terms shall remain in effect pending further order of the Court.

2. The United States Marshals Service, and/or its designees, shall be allowed access to the business of Gateway Transportation Services, Inc., its real property, premises and offices, located at 7770 West Oakland Park Boulevard, Sunrise, Florida to appraise, inspect and inventory the corporation and all its assets. In conducting its inspection, the Marshals Service may photograph and videotape both the interior and exterior of the property. The United States Marshals Service and/or its designee shall have the right to enter the property, with or without the consent of the defendants and other officers and directors of Gateway Transportation Services, Inc., their employees, or other persons having an interest in or control over the property, and whether or not the defendants and other officers and directors of Gateway Transportation Services, Inc., their employees, or other such persons are present at the time the Marshals and/or its designee conducts its inspection. Such access shall be provided upon entry of this Order and thereafter, as deemed necessary by the Marshals Service.

3. The United States Marshals Service and/or its designees shall have access to all books, records and documents of Gateway Transportation Services, Inc., relevant and necessary to evaluate the viability of the business. Such access shall include removing such books, records and documents from the property or other location for the purpose of photocopying and analysis. Should the books, records, and documents be in the custody of another person or entity, the defendants and other officers and directors of Gateway Transportation Services, Inc., shall arrange for that person or entity to provide access to the requested records to the United States Marshals Service and/or its designee. The defendants and other officers and directors of Gateway Transportation Services, Inc., shall provide to the United States Marshals Service and/or its designee, on or before the 10th day of each month, a

monthly report of a receipts and disbursements for the business, including salaries, draws and other compensation paid to themselves from the business.

      a.    All transactions conducted by Gateway Transportation Services, Inc. shall be recorded pursuant to generally accepted accounting principles and the evidenced by cash register slips, a sales receipt journal, bank deposits, numerical invoices and order forms, disbursements, journals, checks, computer printouts, inventory lists, and any other ordinary business record;

      b.    all records and documents regarding Gateway Transportation Services, Inc.'s business transactions shall be maintained and provided to the Government on a bi-weekly basis;

      c.    the United States is hereby authorized to designate an individual or firm with business and accounting experience to monitor the operation of Gateway Transportation Services, Inc. to ensure compliance with the terms of this stipulation; and,

      d.    Gateway Transportation Services, Inc. shall forthwith deposit all quarterly profits earned, after deducting ordinary business expenses, into a separate interest-bearing account which shall be monitored by the United States Attorney or his designee and from which no withdrawals shall be made without Order from the court. Said profits will be distributed to the party prevailing on the forfeiture aspect of this case.

    4.    The accounts of Gateway Transportation Services, Inc., at Bank of America are no longer restrained and may be used by them for its payroll and daily operations in the ordinary course of business. The defendant David Bell and other officers and directors of Gateway Transportation Services, Inc., may continue to operate the business in a normal business manner, including the payment of all salaries and liabilities that exist as of the date of the filing of this stipulation.

    5.    Any salary due to defendant John Mamone, as of November 27, 2000, will be placed in an interest bearing account with the Clerk of the Court, until further Order of the Court. It is further

agreed that officers and directors of Gateway Transportation Services, Inc., may continue in the ordinary course of business so long as it does not substantially dissipate or diminish the value of the business and the specific properties of Gateway Transportation Services, inc., named in this Order.

6. As used herein, the term "ordinary course of business" refers to the following types of expenditures and transactions:

    a. purchase of inventory, supplies and equipment in an arm's length transaction;

    b. payment of present and future business liabilities resulting from ordinary business operations, including for example payments on existing obligations such as accounts payable, mortgage and contract for deed payments, lease payments, insurance premiums, license fees, utilities and taxes;

    c. ordinary use of supplies and equipment;

    d. payment of reasonable business salaries and wages, including reasonable attorney's fees related to the defense of the forfeiture aspects of this case, which reasonable attorney's fees will be determined by the Court; and,

    e. payment, pursuant to an arm's length transaction, for the normal and average upkeep or maintenance of any real property, equipment or furnishings necessary for ordinary business operations.

7. The defendants and other officers and directors of Gateway Transportation Services, Inc., may not, following entry of this order, encumber, pledge, cause any dividend or other distribution of assets to be made by Gateway Transportation Services, Inc.

8. The United States may seek modifications of this Order if it deems them necessary to protect its interest in forfeitable property.

8. The United States may seek modifications of this Order if it deems them necessary to protect its interest in forfeitable property.

                                                  Respectfully submitted,
                                                  GUY A. LEWIS
                                                  UNITED STATES ATTORNEY

_____
Date

                                                  William H. Beckerleg, Jr.
                                                  Assistant United States Attorney
                                                  Florida Bar No. A5500074
                                                  500 East Broward Blvd., Suite 700
                                                  Fort Lauderdale, FL 33394
                                                  Telephone: (954) 356-7314
                                                  Fax: (954) 356-7180

Nov. 8, 2000
_____
Date

                                                  David Rothman, Esquire
                                                  Counsel for Gateway Transportation Services, Inc.
                                                  200 So. Biscayne Blvd., Suite 2690
                                                  Miami, FL 33131
                                                  Telephone: (305) 358-9000
                                                  Fax: (305) 374-5747

5

|  | Respectfully submitted,<br>GUY A. LEWIS<br>UNITED STATES ATTORNEY |
|---|---|
| 8 NOV 2000<br>Date | *[signature]*<br>William H. Beckerleg, Jr.<br>Assistant United States Attorney<br>Florida Bar No. A5500074<br>500 East Broward Blvd., Suite 700<br>Fort Lauderdale, FL 33394<br>Telephone: (954) 356-7314<br>Fax: (954) 356-7180 |
| _____<br>Date | David Rothman, Esquire<br>Counsel for Gateway Transportation Services, Inc.<br>200 So. Biscayne Blvd., Suite 2690<br>Miami, FL 33131<br>Telephone: (305) 358-9000<br>Fax: (305) 374-5747 |

5