UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6309-CR-SEITZ/GARBER



UNITED STATES OF AMERICA

        Plaintiff,

v.

FRED MORGENSTERN,

        Defendant.
_____/

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PERMISSION TO TRAVEL

The United States of America, by and through undersigned counsel, respectfully files its response in opposition to defendant's Motion for Permission to Travel. In support thereof the government states the following:

1. On October 24, 2000, the defendant, along with eighteen other persons, was indicted by a federal grand jury sitting in Fort Lauderdale, Florida. In the indictment, defendant Fred Morgenstern was charged with Rico conspiracy in violation of Title 18, United States Code, Section 1962(d), money laundering conspiracy in violation of Title 18, United States Code, Section 1956(h), twenty-seven counts of substantive acts of money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(A)&(B)(i) and fourteen counts of substantive acts of engaging in monetary transactions in violation of Title 18, United States Code, Section

1957.

2. If the defendant is convicted of the offenses set forth in paragraph 1 above, it is the government's position that pursuant to the Sentencing Guidelines he would be sentenced to at least a term of imprisonment in the guideline range of 235-293 months. This approximate sentence is based upon an offense level of 37 and a criminal history category of II. The amount of money involved in the money laundering organization exceeds $20,000,000. Because of the defendant's exposure to such a substantial sentence, and his access to substantial amounts of money, the government recommended a very restrictive bond at the initial appearance.

3. On November 3, 2000, the defendant Fred Morgenstern was released on a $200,000 personal surety with 10% deposited with the Clerk of the Court. Defendant's wife, father, and father-in-law were also required to sign as third parties on the personal surety bond. Further conditions included that defendant was ordered to surrender his passport, not to engage in commercial or financial transactions, not to have contact with codefendants or witnesses, among other conditions. The defendant was also placed on a curfew requiring him to remain at his residence between the hours of 6:00 p.m. and 9:00 a.m.

4. Defendant's request that he be permitted to travel across the country during the holidays should not be granted by the Court.

The government continues to consider the defendant a flight risk and the restrictions imposed by the Court were reasonable in light of the serious nature of the charges against him and the likelihood of a substantial sentence upon conviction.

Wherefore, the government respectfully requests that the Court deny defendant's Motion to Travel.

                          Respectfully submitted,

                          GUY A. LEWIS
                          UNITED STATES ATTORNEY

By: _____
    J. BRIAN McCORMICK
    ASSISTANT UNITED STATES ATTORNEY
    Court ID #: A5500084
    500 E. Broward Blvd., 7th Floor
    Fort Lauderdale, Florida  33394
    Telephone: (954) 356-7392
    Facsimile: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this 14th day of December, 2000 to:

John Howes, Esquire
633 S.E. Third Ave., Suite 4F
Fort Lauderdale, FL 33302

for J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY