ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

CASE NO. 00-6309-CR-SEITZ

. 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVE RAFFA,
        a/k/a "Uncle Steve,"
JOHN MAMONE,
        a/k/a "Big John,"
FRED MORGENSTERN,
DAVID MORGENSTERN,
JOSEPH SILVESTRI,
JULIUS BRUCE CHIUSANO,
MICHAEL BUCCINNA,
        a/k/a "Michael Boots,"
JEFFREY BASS,
        a/k/a "the Professor,"
FREDERICK SCAROLA,
GUISEPPE BELLITTO,
        a/k/a "Joe Baldy,"
MARK CARATTINI,
PAUL DIFILIPPI,
ANSON KLINGER,
JOSEPH SPITALERI,
CHARLES CLAY,
PEGGY PRESTON,
MARK WEISS,
JACOLYN BARUCH, and
DAVID BELL,

                Defendants.
_____/

Joint Motion and Brief of the Securities and Exchange Commission, David Morgenstern
And Fred Morgenstern For A Partial Release of the Freeze Order of October
27, 2000 To Allow Defendants Morgensterns to Pay Funds for Investors, Civil
Penalties and Special Master Administrative Costs As Ordered by the Court
in SEC v. Morgenstern et al., Civil Action No. 98-7044-CIV-Seitz/Garber

The U. S. Securities and Exchange Commission (hereinafter "SEC" or "Commission") is the plaintiff in a securities fraud civil action in this Court entitled SECURITIES AND EXCHANGE COMMISSION v. DAVID MORGENSTERN, FRED MORGENSTERN, BERNADETTE STEVENS AND AMQUEST INTERNATIONAL, LTD., Civil Action File No. 98-7044-CIV-Seitz/Garber ("the civil case"). A final judgment was entered in that civil case on October 18, 2000, which ordered in relevant part that defendants David Morgenstern, Fred Morgenstern and Amquest International, Ltd. pay the court appointed Special Master Jack Stein the sum of $3.75 million plus administrative costs to thereafter allow the Special Master to conduct a pro-rata distribution to the investors in that matter, and that each pay a $20,000 civil penalty to the United States Treasury.[1] That Order is attached hereto as Exhibit A, and is incorporated herein by reference.

This joint motion filed by the SEC and the Morgensterns, is done so at the specific instruction of Magistrate Judge Barry Garber, which was made in open court on March 28, 2001. A copy of Judge Garber's Order directing the filing of this motion is attached hereto as Exhibit B, and is incorporated herein by reference. During a show cause hearing as to why the Morgensterns should not be held in contempt of court for failure to comply with the payment terms of the Final Judgment of Permanent Injunction in the civil case, defendants David Morgenstern and Fred Morgenstern contended that their failure to make payment as ordered in the civil case was due, in part, to the October

---

[1]     The Order in the civil case required that the defendants comply with all payment obligations within 30 days of the entry of the Order, which would have been on or before November 17, 2000. The "Protective Order Under Seal" in this case was entered within that same 30 day period of time.

27, 2000 "Protective Order Under Seal"[2] (the "freeze order") in this matter which seeks to prohibit the disposition or transfer of various assets including $34,200,000 in United States currency.

For the sole and limited purpose of allowing defendants David Morgenstern and Fred Morgenstern to comply with the payment terms of the final judgment in the civil case, the SEC and the Morgenstern respectfully request that the freeze order in place in this matter be relaxed to allow the Morgensterns to pay the following: 1) $3.75 million to the Special Master for purposes of a pro-rata distribution to the investors; and 2) $150,000 for administrative costs of the Special Master who would be able to draw from that sum only upon application to and approval by the Court[3] and an additional amount of $20,000 to allow Fred Morgenstern to pay his ordered civil penalty to the United States Treasury. The movants do not make this request without justification. The Morgensterns have contended that, absent the requested relaxation of the freeze order, any attempt by them to comply with the civil order to pay the ordered amounts would or could subject them to contempt of this Court's freeze order. They have also contended that without some partial relief from the freeze order in this matter, they are without means to comply with the payment provisions of the civil case judgment. To allow this relaxation of the freeze order would substantially serve the ends of justice by allowing the investors in the

---

[2]     It appears from Docket Entry 154 that this order came out from "under seal" on or about November 17, 2000.

[3]     The movants are uncertain regarding the full extent of the administrative costs that will be owed to the Special Master. However, the movants believe that $150,000 should be more than sufficient to accomplish the tasks of the Special Master, as set forth in the final judgment in the civil case. Since no payment can be made to the Special Master except upon application to and approval by the Court, after the parties have been heard as to the necessity and reasonableness of costs and expenses incurred by the Special Master, the $150,000 requested herein should not be controversial.

civil case to receive some return of their investments, as set forth in the final judgment in the civil case.[4]

Furthermore, it is specifically contemplated by the freeze order in this case "[t]hat any disposition or transfer of the properties described in paragraph five of this Order may be made only upon application to this Court, after timely notice to the United States." See, Protective Order at Paragraph 4. As a result of the inclusion of this paragraph, it reasonably appears that upon a showing of good cause, the distribution or transfer of properties described in the order would be allowed. A final judgment in the civil case, which in a detailed manner provides for the partial repayment to approximately 200 securities investors, which could be satisfied by the Morgensterns, were it not for this freeze order, is equitable and would promote the ends of justice. The repayment to the investors would be closely monitored and controlled by the Special Master as set forth in great detail in the Final Judgment in the civil case. To allow the Morgensterns to comply with the order in the civil case is indeed a showing of good cause sufficient to allow a partial relaxation of the freeze order. In addition to making some repayment to the investors, the Morgensterns would be deprived now of the benefit of their acts, which they undertook in the securities offerings giving rise to the civil case complaint of the SEC.

For good cause shown, the SEC and the Morgensterns seek partial relief from the Court's freeze order only to the extent that the Morgensterns can use funds to fully comply with the payment provisions of the final judgment in the civil case. A proposed

---

[4]    The defendants are also subject to a freeze imposed by the United States District Court for the District of South Carolina. The movants will separately move for a similar modification of that freeze.

4

Order which sets forth the procedure for payment of the judgment in the civil case has

been attached for the Court's consideration.

RESPECTFULLY SUBMITTED,

By: _____

Edward G. Sullivan
Senior Trial Counsel
Florida Bar No. 0473618
Direct Dial: (404) 842-7612

Attorney for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
3475 Lenox Rd. N.E., Suite 1000
Atlanta, Georgia 30326
Telephone: (404) 842-7612
Facsimile: (404) 842-7666

_____

Laurie Bolch, Esq. (by Edward G.
Sullivan with express permission)
Attorney for Defendants Morgensterns
2260 N. Dixie Highway
Boca Raton, FL 33431

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by the means set forth below this 4th day of April, 2001, upon the following:

By Federal Express Overnight Service to:
Laurie Bolch, Esq.
Attorney for Defendants
2260 N. Dixie Highway
Boca Raton, FL 33431

By U.S. Mail to:
Steven M. Katzman, Esq.
Katzman, Wasserman & Bennardini
Comeau Building, Suite 1000
319 Clematis Street
West Palm Beach, FL 33401
Attorney for Defendant Bernadette Stevens

Jeffrey A. Winikoff, Esq.
David Chiras, Esq.
Attorneys for Special Master Jack Stein
Stein, Rosenberg & Winikoff, P.A.
4875 N. Federal Highway, 7th Floor
Fort Lauderdale, Florida 33308

Mr. Brian McCormick, Esq.
United States Attorney's Office
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394

Courtesy copy provided to:
The Honorable Barry L. Garber
United States Magistrate Judge
300 N.E. 1st Avenue, Room 112
Miami, Florida 33132

Edward G. Sullivan
Florida Bar No. 0473618

Counsel for Securities and Exchange Commission
Securities and Exchange Commission
3475 Lenox Road, N.E., Suite 1000
Atlanta, Georgia  30326
(404) 842-7612
Fax (404) 842-7666

ORIGINAL

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

FILED by MBD D.C.

OCT 1 8 2000

CLARENCE MADDOX
CLER. U.S. DIST. CT.
S.D. OF FLA. MIAMI

SECURITIES AND EXCHANGE COMMISSION,  )
)
Plaintiff,  )            CIVIL ACTION NO:
)            98-7044-CIV-SEITZ
)
)
)
v.  )
)
)            OCT 2 0 2000
DAVID MORGENSTERN,  )
FRED MORGENSTERN,  )
BERNADETTE STEVENS, AND  )
AMQUEST INTERNATIONAL, LTD.,  )
)
Defendants.  )
)

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS AMQUEST INTERNATIONAL, LTD., DAVID MORGENSTERN AND FRED MORGENSTERN, AND ORDER APPOINTING SPECIAL MASTER FOR PURPOSE OF EFFECTUATING A PAYMENT PLAN TO AMQUEST AND SLEEPSOURCE INVESTORS

Defendants Amquest International, Ltd. ("Amquest"), David Morgenstern ("D. Morgenstern"), and Fred Morgenstern ("F. Morgenstern") by the individual consents annexed hereto, without admitting or denying any of the allegations in the Commission's Complaint, except that each admits the allegation as to the jurisdiction over it or him of this Court and over the subject matter of this action, have waived entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure with respect to the relief granted in this Order, and have agreed to the entry of this Final Judgment Of Permanent Injunction And Other Relief ("Final Judgment"). This Court



EXHIBIT

A

having accepted such consents and having jurisdiction over Defendants Amquest, D. Morgenstern and F. Morgenstern and the subject matter hereof, and the Court being fully advised in the premises,

## I.

### FRAUD IN VIOLATION OF SECTION 17(a)(1)
### OF THE SECURITIES ACT

**IT IS HEREBY ORDERED** that Amquest, D. Morgenstern, F. Morgenstern, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them and each of them, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, be and they hereby are, restrained and enjoined from, directly or indirectly employing any devices, schemes or artifices to defraud purchasers of such securities, in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1).

## II.

### FRAUD IN VIOLATION OF SECTIONS 17(a)(2) AND 17(a)(3)
### OF THE SECURITIES ACT

**IT IS HEREBY FURTHER ORDERED** that Amquest, D. Morgenstern, F. Morgenstern, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them and each of them, in connection with the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, be and they hereby are, restrained and enjoined from, directly or indirectly

    (1)    obtaining money or property by means of untrue statements of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (2)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchasers,

in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3).

## III.

### FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS HEREBY FURTHER ORDERED** that Amquest, D. Morgenstern, F. Morgenstern, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them and each of them, in connection with the purchase or sale of any security by use of any means or instrumentality of interstate commerce or of the mails, or by use of any facility of any national securities exchange, be and they hereby are, restrained and enjoined from, directly or indirectly, or as a control person under Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"):

    1.    employing any device, scheme, or artifice to defraud;

    2.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    3.    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

3

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

## IV.

## INCORPORATION OF CONSENT

IT IS HEREBY FURTHER ORDERED that Defendants Amquest, D. Morgenstern and F. Morgenstern shall comply with the provisions of their respective Consents attached hereto, and that each of the respective Consents is incorporated herein by reference as if fully set forth herein.

## V.

## PAYMENT OF FUNDS

IT IS HEREBY FURTHER ORDERED that Defendants Amquest, D. Morgenstern and F. Morgenstern pay funds in the amount of $3,750,000, representing the funds sought by the Commission in the second paragraph of the Commission's prayer for relief, specifically Paragraph II of Page 20 of the Commission's Complaint filed on September 23, 1998. The payment of $3,750,000 shall be made payable to the Special Master, (whose appointment is made below) within 30 days from the entry of this order. The obligation to pay $3,750,000 pursuant to this Order shall be joint and several among these three defendants. In lieu of the payment of pre-judgment interest in this matter as sought by the Commission, the Court is ordering Amquest, D. Morgenstern and F. Morgenstern to pay all reasonable administrative costs incident to the duties and responsibilities of the Special Master.

## VI.

### PAYMENT OF CIVIL PENALTIES

IT IS HEREBY FURTHER ORDERED that D. Morgenstern and F. Morgenstern shall each pay $20,000, representing civil penalties pursuant to Section 20 (d) of the Securities Act, 15 U.S.C. §77t (d) and Section 21 (d) (3) of the Exchange Act, 15 U.S.C. §78 (d) (3).  Each defendant shall pay that amount within thirty (30) days from the date of the entry of this Order by cashier's check, certified check, or postal money order made payable to the U.S. Treasury; hand-delivered or delivered by overnight delivery service to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312; and submitted under a cover letter which identifies D. Morgenstern and/or F. Morgenstern as a defendant in these proceedings, a copy of which cover letter and money order or check shall be sent to Edward G. Sullivan, Senior Trial Counsel, Securities and Exchange Commission, 3475 Lenox Road, N.E., Suite 1000, Atlanta, Georgia 30326-1232, within 35 days from the entry of this order.  Defendant Amquest is not ordered to pay a civil penalty.

### VII.

### APPOINTMENT OF SPECIAL MASTER

IT IS FURTHER ORDERED that Jack Stein, Esq. be and hereby is appointed Special Master, without bond, for the purpose of receiving for deposit to a special interest bearing escrow account the amount of $3,750,000 which this order directs the defendants to pay. That payment shall constitute the estate of the Special Master. Thereafter, the specific charge to the Special Master is to promptly devise a claims procedure whereby

each person who invested in the Amquest and/or SleepSource offerings outlined in the Commission's complaint shall present a claim. Thereafter, the Special Master shall devise a pro-rata payment and distribution plan to the Amquest and SleepSource investors. No payment shall be made pursuant to that distribution plan without approval of the plan by the Court.

VIII.

**IT IS FURTHER ORDERED** that the Special Master shall have and possess all powers and rights to efficiently administer and manage the estate of the Special Master, including but not limited to the power:

A.  to take custody, control, and possession of all funds and assets of the estate of the Special Master;

B.  to make such payments and disbursements from the funds so taken into his custody, control and possession to those individuals who were investors in the Amquest and SleepSource offerings outlined in the Commission's complaint, upon approval by the Court;

C.  to incur such reasonable expenses as may be necessary in the ordinary course of business in discharging his duties as Special Master;

D.  to open bank escrow and other accounts in the name of the Special Master on behalf of the estate of the Special Master, the statements of which shall be provided monthly to counsel for the Commission and counsel for the defendants;

E.  to engage and employ others (without Court approval but upon notice to all parties), including but not limited to consultants, attorneys, accountants, and

6

employees of a firm of the Special Master to assist him in his duties except that any payment to others for their services shall be subject to Court approval;

F.   to take such other action as may be approved by this Court.

## IX.

**IT IS FURTHER ORDERED** that none of the defendants shall possess any authority to act on or behalf of the estate of the Special Master.

## X.

**IT IS FURTHER ORDERED** that defendants Amquest, D. Morgenstern and F. Morgenstern, their agents, servants, employees, nominees, attorneys, and entities under their direct or indirect control shall cooperate with and assist the Special Master and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Special Master, in the performance of his duties. The obligation on the defendants to cooperate with the Special Master shall not be construed as a waiver by any person of their right to assert a valid privilege.

## XI.

**IT IS FURTHER ORDERED** that the Special Master shall perform an accounting to determine the amount of money raised by the defendants in connection with the offerings of securities in Amquest and SleepSource and the receipt of those offering proceeds as outlined in the Commission's complaint. That accounting shall include any investor monies refunded by the defendants to the investors, and shall be filed with the Court and served on the parties prior to or with the distribution plan that is to be submitted to the Court. The accounting and payment plan shall be submitted to the

Court within 120 days after the defendants' payment to the Special Master of the $3,750,000 ordered above.

## XII.

**IT IS FURTHER ORDERED** that upon 5 business days notice from the Special Master, defendants Amquest, D. Morgenstern and F. Morgenstern shall produce to the Special Master the originals of any records in their custody, possession or control relating to the securities offerings of Amquest and SleepSource (in connection with making the accounting required in connection with Paragraph XI above) from September 1995 through the present. This performance shall not be construed as a waiver by any person of their right to assert a valid privilege.

## XIII.

**IT IS FURTHER ORDERED** that the Special Master and any person engaged or employed by the Special Master, are entitled to reasonable compensation from the defendants, subject to the prior approval of the Court. Any administrative expenses and fees ordered by the Court to be paid to the Special Master must be paid by the defendants to the Special Master within 10 days from the Order directing the defendants to pay those expenses. Failure by the defendants to timely pay the ordered fees and expenses will result in an order to show cause as to why the defendants should not be held in contempt of court. Should the defendants fail to pay administrative costs and fees of the Special Master as ordered, the Special Master may apply to the Court to have costs and fees paid from that portion of the Special Master estate which otherwise may have been refunded to the defendants as a result of any refunds they made to investors prior to the entry of this Order.

8

## XIV.

IT IS FURTHER ORDERED that, except by leave of this Court, all non-investor creditors of the defendants or other persons seeking money damages or other relief from any defendants in this action, and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed and restrained from doing anything to interfere with the possession or management by the Special Master of the property, assets owned, controlled, belonging to, or in the possession of any of the estate of the Special Master, or to interfere with the Special Master in any manner during the pendency of this proceeding.

## XV.

IT IS FURTHER ORDERED that in the event that a dispute or disagreement occurs between or among the Commission, the Special Master or the defendants with respect to the accounting required to be made by this Order, the Commission, the Special Master or the defendants may move the Court for an order to resolve the dispute. All parties and the Special Master will have the right to be heard on any such motion, and the decision of this Court will be final and not subject to appeal.

## XVI.

IT IS FURTHER ORDERED that the Special Master shall promptly notify the Court, counsel for the Commission and counsel for the defendants of any failure or apparent failure of the defendants to comply in any way with the terms of this Order.

Thereafter, the Special Master shall provide the defendants a reasonable opportunity to cure any such alleged failure.

## XVII.

**IT IS FURTHER ORDERED** that, except for an act of gross negligence, the Special Master and all persons engaged or employed by him shall not be liable for any loss or damage incurred by the defendants, or any other person, by reason of any act performed or omitted to be performed by them in connection with the discharge of their duties and responsibilities in this matter.

## XVIII.

**IT IS FURTHER ORDERED** that, after all payments to investors have been made and if the Special Master determines and concludes that some investors were refunded their investment by the defendants prior to the entry of this Order, the Special Master shall, after application to this Court and receipt of an Order, credit the defendants dollar for dollar with any such amounts which they refunded to investors prior to the entry of this Order. If the defendants fail to pay any portion of the reasonable administrative costs and fees as ordered by the Court, the Special Master may, upon application to the Court, be paid his costs and fees from this portion of the Special Master estate. Any amount remaining in this portion of the Special Master estate after all fees and expenses of the Special Master have been paid, shall be repaid to the defendants within 30 days.

## XIX.

**IT IS FURTHER ORDERED** that any portion of the $3,750,000 estate of the Special Master, which remains after the distribution to Amquest and SleepSource

investors has been completed, shall remain in the estate for a period of one year for the purpose of accommodating any late investor claims made against the estate relating to the subject matter of this action.  At the expiration of that one-year period (after a refund, if any, to the defendants is made in accordance with Paragraph XVIII above; and after all reasonable fees and expenses of the Special Master have been paid), any portion of the estate that remains in the Special Master's account shall be paid to the United States Treasury.

## XX.

### RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED** that this Court will retain jurisdiction over this matter and Defendants Amquest, D. Morgenstern and F. Morgenstern in order to implement and carry out the terms of all Orders and Decrees that may be entered.

**DONE AND ORDERED** this _17th_ day of October ~~September~~, ~~2000~~ at Miami, Florida.

PATRICIA A. SEITZ
**UNITED STATES DISTRICT JUDGE**

cc:   Edward G. Sullivan, Esq.
Securities and Exchange Commission
3475 Lenox Road, N.E.  Suite 1000
Atlanta, Georgia  30326

Teresa Verges, Esq.
Securities and Exchange Commission
1401 Brickell Avenue, Suite 200

Miami, Florida 33131

Laurie Bolch, Esq.
2260 North Dixie Highway
Boca Raton, Florida 33431

Steven M. Katzman, Esq.
Tew Cardenas et al.
Comeau Building, Suite 1000
319 Clematis Street
West Palm Beach, Florida 33401

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 98-7044-CIV-SEITZ/GARBER

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

DAVID MORGENSTERN,
FRED MORGENSTERN,
BERNADETTE STEVENS, AND
AMQUEST INTERNATIONAL, LTD.,

    Defendants.

_____/



FILED by _____ D.C.
DKTG

MAR 2 8 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

EXHIBIT
B

## ORDER

  THIS MATTER is before the Court on the Joint Motion of the Securities and Exchange Commission and the Court-Appointed Special Master for Order to Show Cause Against Defendants Morgensterns and Amquest International, LTD., [DE#129], pursuant to an Order of Reference entered by United States District Judge Patricia A. Seitz. A hearing on this matter was held on March 28, 2001. The Court has received the submissions of counsel and has reviewed the pertinent portions of the record and is duly advised in the premises therein.

  The Court has been advised that a protective order freezing Defendants' assets has been entered in <u>United States v. David Morgenstern, et al.</u>, Case No. 00-6309-CR-SEITZ, and that a preliminary injunction order has been entered in the civil forfeiture action of <u>United States v. Alliance Trust, et al.</u>, Case No. 6:00-236-13, in the United States District Court for the District of South Carolina. Accordingly, it is hereby

  ORDERED that Defendants shall file a Joint Motion seeking release of sufficient funds to pay the obligations agreed upon by the parties and ordered by the Court in the Final Judgment of Permanent Injunction and Other Relief, dated October 18, 2000. Said Motion shall be filed within ten (10) days of the date of this Order. The Court will reserve ruling on the Joint Motion of the Securities and Exchange Commission and the Special Master for Order to Show Cause pending resolution of

Defendants' Joint Motion for release of funds.

DONE AND ORDERED in Chambers at Miami, Florida this 28th day of March, 2001.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies supplied to:
United States District Judge Seitz
Edward G. Sullivan, Esq.
Jeffrey Winikoff, Esq.
Laurie Bolch, Esq.

2