UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )
vs.                              )
                                 )
JOHN MAMONE, et al.,             )
                                 )
        Defendants.              )
_____)

## DEFENDANT FRED MORGENSTERN'S MOTION
## FOR RELIEF FROM PROTECTIVE ORDER

COMES NOW the Defendant, FRED MORGENSTERN, by and through his undersigned attorney,[1] and respectfully requests that this Honorable Court enter its Order releasing Twenty Thousand Dollars ($20,000.00) from the assets frozen when this Court entered its "Protective Order Under Seal" dated October 27, 2000, served on the Defendant on October 27, 2000.[2] (Docket Entry #150). As grounds to support said Motion the Defendant would allege as follows:

_____

[1]The undersigned is court appointed counsel for the Defendant, appointed pursuant to the Criminal Justice Act.

[2]By a subsequent order of this Court the subject Order was unsealed on November 8, 2000. A copy of the Protective Order Under Seal" is attached as Exhibit "A".

1. The Defendant is presently charged as a defendant in this case, *U.S. v. Mamone, et. al* (hereafter the "criminal case") an action before this court styled *Securities and Exchange Commission v. David Morgenstern, Fred Morgenstern, etc., et. al,* Case No. 98-7044-CIV-SEITZ (hereafter the "SEC Litigation").

2. In or about May 2000 the Defendant signed a "Consent of Fred Morgenstern to Entry of Final Judgment of Permanent Injunction and Other Relief" (hereafter "Consent Judgment") in the SEC Litigation. Thereafter this Court entered a "Final Judgment of Permanent Injunction and Other Relief as to Defendants Amquest International, Ltd., David Morgenstern and Fred Morgenstern, and Order Appointing Special Master for Purpose of Effectuating a Payment Plan to Amquest and Sleepsource Investors" (Hereafter "Final Judgment") in the SEC Litigation case.

3. Prior to the entry of the Consent Judgment, all parties to that litigation well knew that the Defendant did not have the personal ability to make the Twenty Thousand Dollar ($20,000.00) payment required by the Consent Judgment and related Final Judgment entered in the SEC Litigation. All parties recognized that it would be David Morgenstern who would fund the payment of this fine by the Defendant, based upon their relative roles in the case under litigation, the relative abilities of each to pay, and the fact that David Morgenstern had control or access to the funds

that were the subject of that litigation.

4. At the time of the entry of the Consent Judgment and the ensuing Final Judgment it was unknown to the Defendant that just a few months later he would be indicted in the instant criminal case, that all of his assets would be frozen in that case and that his brother's assets from which he (David Morgenstern) had intended to pay Fred Morgenstern's penalty would likewise be frozen, both here and abroad. This freezing of assets occurred not only in this criminal case but also in related cases in the District of South Carolina, *United States v. Prestige Accounting Services, Inc., etc., et. al,* Case No. 6:00-236-13 (hereafter the "South Carolina case") which has likewise resulted in a freeze of the Defendant's assets[3] and by the return of an indictment charging the Defendant's brother in South Carolina as well. Based upon these unforseen circumstances it is impossible for the Defendant to meet his financial obligations in the SEC Litigation. This Motion is filed seeking relief for the Defendant from the predicament that he now finds himself in.

5. Pursuant to the Protective Order filed in this case, the Defendant is "enjoined, prohibited and restrained from selling, transferring, . . . or otherwise

---

[3]The Defendant is a "relief defendant" in that action. A permanent injunction has been entered in that action prohibiting the Defendant from dissipating his assets pending the outcome of that case.

3

*Defendant Fred Morgenstern's Motion for Relief from Protective Order*
Case Number 00-6309-CR-SEITZ

participating in the disposal of . . . or removal from the jurisdiction" of the Court his

assets.

6.    The Defendant does <u>not</u> claim an interest in the assets subject to the

Protective Order.[4] The Protective Order could be interpreted to prohibit him from

disposing of whatever assets that he does possess in order to meet his obligations in

the SEC Litigation.  Further, pursuant to the Order entered by Magistrate Judge Barry

L. Garber, Defendant is compelled to file this Motion in order to take all possible

steps to resolve his indebtedness and avoid the contempt citation sought by the

Securities and Exchange Commission and the Receiver.

7.    The Defendant seeks to do all things necessary and appropriate to avoid

being the subject of a contempt citation.  This Motion is one of those steps.

_____

[4]The Order describes the properties subject to forfeiture as follows:
a.    $34,200,000 in U.S. currency, and all interest and proceeds traceable thereto;
b. All interest in Gold Coast Check Cashing, Inc., d/b/a Gold Coast Check Cashing;
c.    All interest in Check Cashing Unlimited, Inc., d/b/a/ Check Cashing Unlimited;
d. All interest in Cash 96 Corporation, d/b/a Cash 96;
e.  All interest in Sanjo Center, Inc.; and
f.  All interest in Gateway Transportation Services, Inc.

4

*Defendant Fred Morgenstern's Motion for Relief from Protective Order*
Case Number 00-6309-CR-SEITZ

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter its Order releasing Twenty Thousand Dollars ($20,000.00) from the assets frozen in this matter so that the Defendant can pay the penalty in the "SEC Litigation."

## LOCAL RULE 88.9 CERTIFICATE

I HEREBY CERTIFY that I have discussed this Motion with Assistant U.S. Attorney Paul Schwartz, Esq., acting on behalf of AUSA Brian McCormick in his absence, and he advises that the United States would oppose the granting of this Motion.

DATED this 9th day of April, 2001.

JOHN R. HOWES, ESQ.
JOHN R. HOWES, P.A.
Attorney for Defendant Fred Morgenstern
633 S.E. 3rd Ave., Suite 4F
Ft. Lauderdale, Fl. 33301
Telephone: 954.763.6003
           Dade:  305.945.2854
Fla. Bar No. 219193

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Relief from Protective Order has

5

*Defendant Fred Morgenstern's Motion for Relief from Protective Order*
Case Number 00-6309-CR-SEITZ

been served by Regular Mail this 9th day of April, 2001 on the following counsel:

J. Brian McCormick,
Assistant U.S. Attorney
500 East Broward Blvd.
Suite #700
Fort Lauderdale, FL 33394

David B. Rothman, Esq.
First Union Financial Center
200 South Biscayne Blvd.
Suite #2690
Miami, FL 33131

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite #290
Coral Gables, FL 33134-5222

Brian L. Tannenbaum, Esq.
First Union Financial Center
200 South Biscayne Blvd.
Suite #2690
Miami, FL 33131

John F. Cotrone, Esq.
509 Southeast 9th Street
Suite #1
Fort Lauderdale, FL 33316

James Benjamin, Esq.
1 Financial Plaza
Suite #1615
Fort Lauderdale, FL 33394

Neil M. Nameroff, Esq.
100 Southeast 2nd Avenue
Suite #3350
Miami, FL 33131

Jon May, Esq.
200 East Broward Blvd.
Suite #1210
Fort Lauderdale, FL 33301

Philip R. Horowitz, Esq.
12651 South Dixie Hwy.
Suite #328
Miami, FL 33156

Jeffrey M. Harris, Esq.
1 East Broward Blvd.
Suite #1500
Fort Lauderdale, FL 33301

Donald R. Spadaro, Esq.
100 South Federal Hwy.
Suite #103
Fort Lauderdale, FL 33316

Lothar Genge, Esq.
1020 Russell Drive
Highland Beach, FL 33487

Charles Wender, Esq.
190 West Palmetto Park Road
Boca Raton, FL 33432

Peter Raben, Esq.
2665 South Bayshore Drive
Suite #1206
Coconut Grove, FL 33133

6

*Defendant Fred Morgenstern's Motion for Relief from Protective Order*
Case Number 00-6309-CR-SEITZ

Brian H. Bieber, Esq.
2600 Douglas Road
Penthouse #1
Coral Gables, FL 33134

Steve Kreisberg, Esq.
3250 Mart Street
Suite #400
Coconut Grove, FL 33133

David G. Vinikoor, Esq.
420 Southeast 12th Street
Fort Lauderdale, FL 33316

Ana M. Jhones, Esq.
Bayside Plaza, Suite #625
330 Biscayne Blvd.
Miami, FL 33132

Richard Hamar, Esq.
Maria Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

Edward G. Sullivan, Esq.
Securities & Exchange Comm.
3475 Lenox Rd., NE, Suite 1000
Atlanta, GA. 30326

Jeffrey A. Winikoff, Esq.
Stein, Rosenberg, and Winikoff
4875 N. Federal Highway, 7th Floor
Ft. Lauderdale, Fl. 33308

Laurie Bolch, Esq.
2260 N. Dixie Hwy.
Boca Raton, Fl. 33431

Teresa Verges, Esq.
Securities & Exchange Comm.
1401 Brickell Ave., Suite 200
Miami, Fl. 33131

Steven M. Katzman, Esq.
Katzman, Wasserman & Bennardini
319 Clematis Street, Suite 1000
West Palm Beach, Fl. 33401

JOHN R. HOWES, ESQ.

ofc\MorgensternReliefMo

7