IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,  CASE NO: 00-6309-CR-SEITZ

    Plaintiff,
vs.

FRED MORGENSTERN,

    Defendant.
_____\



## NOTICE OF FILING LETTER REGARDING PENDING DISCOVERY ISSUES

COMES NOW, JOHN R. HOWES, ESQ., attorney for Defendant, hereby files the following to be filed this date with the Court, the attached is in reference to the above-entitled cause.

1:     Letter dated August 15, 2001 to J. Brian McCormick, Esq., Assistant U.S. Attorney.

DATED this 16th of AUGUST, 2001.

                          JOHN R. HOWES, ESQ.
                          John R. Howes, P.A.
                          633 Southeast Third Avenue, 4-R
                          Ft. Lauderdale, Fl. 33301
                          Telephone:  (954) 763-6003
                          DADE NO:  (305) 945-2854
                          FAX NO:    (954) 462-2255
                          Fla. Bar No: 219193

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. MAIL DELIVERY to: Assistant U.S. Attorney, J. BRIAN MC CORMICK, 500 East Broward Blvd., Suite #700, Fort Lauderdale, FL 33301 and all counsel listed on the attached sheet, this 16th day of AUGUST, 2001.

                                                JOHN R. HOWES

c:\wp60docs\mmk\notfilng.fed

## CERTIFICATE OF SERVICE

J. BRIAN MC CORMICK
Assistant U.S. Attorney
500 East Broward Blvd.
Suite #700
Fort Lauderdale, FL 33394


EMMANUEL PEREZ, ESQ.
2121 Ponce de Leon Blvd.
Suite #290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)


JOHN F. CONTRONE, ESQ.
509 Southeast 9th Street
Suite #1
Fort Lauderdale, FL 33316
(Counsel for Frederick Scarola)

NEIL M. NAMEROFF, ESQ.
100 Southeast 2nd Avenue
Suite #3350
Miami, FL 33131
(Counsel for Anson Klinger)

PHILIP R. HOROWITZ, ESQ.
12651 South Dixie Hwy.
Suite #328
Miami, FL 33156
(Counsel or Mark Weiss)

DONALD R. SPADARO, ESQ.
100 South Federal Hwy.
Suite #103
Fort Lauderdale, FL 33316
(Counsel for Julius B. Chiusano)

DAVID B. ROTHMAN, ESQ.
First Union Financial Center
200 South Biscayne Blvd.
Suite #2690
Miami, FL 33131
(Counsel for John Mamone)

BRIAN L. TANNEBAUM, ESQ.
First Union Financial Center
200 South Biscayne Blvd.
Suite #2690
Miami, FL 33131
(Counsel for Michael Buccinna)

JAMES BENJAMIN, ESQ.
1 Financial Plaza
Suite #1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

JON MAY, ESQ.
200 East Broward Blvd.
Suite #1210
Fort Lauderdale, FL 33301
(Local Counsel for Charles Clay)

JEFFREY M. HARRIS, ESQ.
1 East Broward Blvd.
Suite #1500
Fort Lauderdale, FL 33301
(Counsel for David Bell)

MICHAEL TURRE, ESQ.
2 South Biscayne Blvd., #3250
Miami, FL 33131
(Counsel for Jeffrey Bass)

PAGE TWO
*U.S.A. v. MORGENSTERN*

CHARLES WENDER, ESQ.
190 West Palmetto Park Road
Boca Raton, FL 33432
(Counsel for Giuseppe Bellitto)

BRIAN H. BIEBER, ESQ.
2600 Douglas Road
Penthouse #1
Coral Gables, FL 33134
(Counsel for Joseph Spitaleri)

DAVID G. VINIKOOR, ESQ.
420 Southeast 12th Street
Fort Lauderdale, FL 33316
(Counsel for Jacolyn Baruch)

RICHARD HAMAR, ESQ.
MARIA HAMAR, ESQ.
2437 Briarcrest Road
Beverly Hills, CA 90210
(Counsel for Charles Clay)

PETER RABEN, ESQ.
2665 South Bayshore Drive
Suite #1206
Coconut Grove, FL 33133
(Counsel for Paul Difilippi)

CHARLES WHITE, ESQ.
2900 Bridgeport Avenue
Suite #401
Coconut Grove, FL 33133
(Counsel for Peggy Preston)

ANA M. JHONES, ESQ,
Bayside Plaza, Suite #625
330 Biscayne Blvd.
Miami, FL 33132
(Counsel for David Morgenstern)

DATED: this 16th day of AUGUST, 2001.

JOHN R. HOWES, ESQ.
Fla. Bar No: 219193

LAW OFFICES OF
# JOHN R. HOWES, ESQ.
A PROFESSIONAL ASSOCIATION
ATTORNEY & COUNSELOR AT LAW
TRIAL LAWYERS BUILDING • SUITE 4R
633 SOUTHEAST 3RD AVENUE
FORT LAUDERDALE, FLORIDA 33301

TELEPHONES:
FT. LAUDERDALE 954.763.6003
MIAMI 305.945.2854
FAX 954.462.2255

E-MAIL:
Buldolphin@aol.com

August 15, 2001

J. Brian McCormick, Esq.
Assistant U.S. Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Fl. 33301

Re:   *U.S. v. Fred Morgenstern*
      Case No. 00-6309-CR-SEITZ

Dear Mr. McCormick:

Thank you for the documentation that you supplied with your discovery letter dated August 7, 2001. In reviewing the accompanying documents I noticed that several items were missing. I assume the that absence of these documents was an oversight, most likely on the part of the Assistant U.S. Attorney in South Carolina. At any rate I will need these documents and hereby request that you obtain copies of same from whatever source you find easiest.

*Charlotte Womack:* In her Plea Agreement dated June 4, 2001:
a) In paragraph 4 on page 2, the agreement calls for her "to submit a fully completed Financial Statement of Debtor for as requested by the United States Attorney's Office." That document is not included in the materials supplied.
b) In paragraph 8 on page 4, the agreement calls for the defendant "to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominee." That document is not included in the materials supplied.

*Virgil Womack:* In his Plea Agreement dated June 4, 2001:
a) In paragraph 4 on page 2, the agreement calls for her "to submit a fully completed Financial Statement of Debtor for as requested by the United States Attorney's Office." That document is not included in the materials supplied.
b) In paragraph 8 on page 4, the agreement calls for the defendant "to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominee." That document is not included in the materials supplied.
c) In the Amendment to Plea Agreement dated June 4, 2001 and "Attachment A" is mentioned. It is intended to constitute a list of the items that Mr. Womack is not going to contest the forfeiture of to the United States. That "Attachment A" is not included in the documents

J. Brian McCormick
August 15, 2001
Page 2

supplied.

    d) Also included in the items that Mr. Womack is to produce for the Government in furtherance of its forfeiture claims is a "full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominee." Such disclosure is not included in the materials supplied.

    *Joseph Spitaleri*: The arrest warrant in Case No. 00-6206-CR-ZLOCH indicates that the Government sought pretrial detention for Mr. Spitaleri. However, at the initial appearance hearing he was released on a $200,000 Personal Surety Bond co-signed by his mother. It is apparent to me that some consideration was given by the Government in exchange for its not appealing the decision to release him on his own recognizance. I would request a recitation of the full consideration given by the Government in that regard. Also, the docket sheet indicates that the Government filed a Motion for Downward Departure. Please advise why this material that is clearly *Giglio* material was not supplied with the other materials. And finally with respect to Mr. Spitaleri, it appears from the docket sheet that on June 22nd of this year, just one day after the imposition of sentence that a sealed document was filed. (D.E. 36). I know from experience that this document relates to the sentencing of Mr. Spitaleri and is therefore is discoverable. Please advise if you are not in the process of taking the necessary steps to have this *Giglio* material made available and disclosed.

    Finally, I would like to address the issue of the discovery in South Carolina. There are two matters that I would like to address in this regard. First, at a hearing held before Magistrate Judge Barry Garber on May 31, 2001, I addressed to the Court in your presence my knowledge of the existence of tape recorded conversations between a government agent and an individual named Gabriel McEnroe. Based upon my investigation, I have determined that these conversations contain exculpatory information relevant to this case. At that time I asked that you supply me with copies of those tapes, the one made before Mr. McEnroe's arrest and the statement that he made to the FBI following his arrest. As I told you through the Court at that time, I am aware of these conversations but they are in the custody of the Government and I do not have access to them, but you do. To date I have not received those tapes and statements.

    Turning now to the "South Carolina" discovery itself, it has now come to my attention that my client was monitored on numerous conversation s that occurred in South Carolina. I have never been placed on notice by you or the Office of the United States Attorney for the Southern District of Florida that he was monitored in conversations there despite the requirement of such notification pursuant to Rule 16 and the Standing Discovery Order. Demand for copies of those tape recordings is hereby made. Also, I have advised you in the past that on June 18th I was in South Carolina and reviewed two rooms full of documents located there. At least thirty of the boxes had markings on them identifying them as having come from the execution of search warrants in Florida. You told me that these warrants were executed "for South Carolina" however, now that you have given me formal notice that Virgil Womack and Charlotte Womack are to be witnesses in this case it is essential that these items, many of which came from my client's business here in Florida, be returned to this District

J. Brian McCormick
August 15, 2001
Page 3

so that they are available for inspection and review. While in South Carolina I made contact with a copying service to learn that you had obtained certain documents from them. I presume that you culled thorough and collected those that were advantageous to your position. However, I have not as yet gotten the "priority" documents that I requested from the copying company, let alone had the opportunity to look through the literally thousands of documents in the 100+ boxes that are housed there and that belong here. The "Womack" case in South Carolina has concluded with their guilty pleas and those items of evidence should be brought here so that they can be utilized by myself and my client to prepare our defense. This is a demand for you to make them available to us for use, to be "inspected and copied" in this district where this case is pending.

In conclusion, I am hereby making demand for the production of the aforesaid items in order to adequately prepare this case for trial. I hope that by this correspondence we can avoid the necessity for bringing this matter before the Judge Seitz for resolution, knowing full well the busy schedule that she keeps. Please respond promptly to this request so that I know your position on this matter.

Sincerely,

John R. Howes

JOHN R. HOWES, ESQ.