UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  00-6309-CR-SEITZ(s)(s)

UNITED STATES OF AMERICA,    )
                              )
    Plaintiff,               )
                              )
vs.                           )
                              )
FRED MORGENSTERN,             )
                              )
    Defendant.               )
                              )



# DEFENDANT FRED MORGENSTERN'S RESPONSE TO GOVERNMENT'S "NOTICE CONCERNING STATUS CONFERENCE"

COMES NOW the Defendant, FRED MORGENSTERN, by and through his undersigned attorney, and files this Response to the Government's "Notice Concerning Status Conference" dated September 27, 2001.  A partial response was contained in the Response to Court's Inquiry re Discovery Materials Presently Located in South Carolina dated October 1, 2001.  A more complete response is made at this time in order to correct serious misstatements of facts as contained in the Government's "Notice" and to advise the Court as to the circumstances under which discussions with the copying service in South Carolina came about.

68314

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 2

## INTRODUCTION

The issue that the Court wished to have addressed by counsel was how Court Appointed counsel was going to gain access to and copies of the documents presently located in Greenville, South Carolina so as to prepare for the trial of this cause. (D.E. 648). Clearly the Government does not want to deal with this issue for numerous reasons and therefore brings up matters and creates straw issues to avoid having to deal with the matter at hand.

## ARGUMENT

1. The Government, as it is obligated to do, has not provided the Defendants in this case with notice of certain material and information as provided for by the Standing Discovery Order (SDO) and Rule 16 of the Federal Rules of Criminal Procedure, specifically:

    A. Whether or not the Defendant has made written or recorded statements, SDO A.1;

    B. The substance of any oral statement made to law enforcement before or after his arrest in response to interrogation which the Government intends to introduce at trial, SDO A.2;

    C. Any recorded Grand Jury testimony of the Defendant, SDO A.3;

    D. The Defendant's arrest and conviction records, SDO A.4;

*U.S. v. Fred Morgenstern,* Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 3

     E. "Books, *papers, documents,* photographs, *tangible objects,* buildings or places, or copies or portions thereof, *which are material to the preparation of the defendant's defense,* or which the Government intends to use as evidence at trial to prove its case in chief, *or were obtained from or belonging to the defendant(s).* (Emphasis added.) SDO A. 5; and

     F. Results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case. SDO A.6.

     **None** of this information has been provided to the Defendant in this case in the eleven months since the original Standing Discovery Order was entered on November 25, 2000. (D.E. 251)

     2. Part and parcel of the information and material that the Government must provide pursuant to the Standing Discovery Order and Rule 16 is the existence of and copies of any search warrants directed to the Defendant and/or his property. Although in the original letter to counsel the Government made mention of the fact that a search warrant was served in Arizona, absolutely no mention whatsoever was made until September, 2001 of two search warrants executed in the Southern District of Florida, issued by Magistrate Judge Lurana Snow, directed to the property of the Defendant. Those documents are contained in Case Nos. 00-4603-SNOW *and* 00-4604-SNOW. The warrants were served in January, 2000 and were unsealed in

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 4

December 2000.[1] Attachment "B" to both Warrants, consisting of a "List of Items to be Seized" includes the name of the Defendant, Fred Morgenstern. *It is significant to note that it is in large part the fruits of these two search warrants that the Government sent to South Carolina knowing full well that it intended to seek an indictment of the Defendant based on the contents of these documents. It is these documents that the Defendant seeks to have copied and made available to him both for preparation of his defense and for admission at trial. The Government intentionally sent these documents out of this jurisdiction without making any copies and now attempts to thwart the Defendant's attempts to obtain copies of same at every turn.*

The Government has taken several contradictory positions with respect to the existence of its duty to provide copies of documents in its possession. First, it said that these documents were among the materials that were made available at the time of the initial disclosure of documents. (Discovery list supplied at time of initial discovery review, December, 2000, which is attached to the letter from undersigned requesting copies of same). Then the Government took the position that it did not have the obligation to provide copies of the documents to the undersigned. (See:

---

[1] The Government cannot deny knowledge of the existence of these warrants or excuse their tardiness in disclosing their existence. Assistant U.S. Attorney Brian McCormick filed the Motion seeing the unsealing of the Warrants and a copy of the Order unsealing the Warrants was sent to Assistant U.S. Attorney Diana Fernandez.

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 5

letters of March 29th and April 2nd which are attached.)[2] The proverbial cat was then

let out of the bag when the undersigned and the Defendant traveled to South Carolina

on June 18, 2000. Over one hundred boxes of documents and other materials was

discovered by the Defendant to be in the possession of the Government at that time.

It was no longer the Government's position that all documents had been disclosed as

it had been at the time of the writing of the April 2nd letter. Now it was, "go to South

Carolina and look at it." Upon receipt of the letter from the undersigned dated August

15, 2001 and filed with this Court under Docket Entry 515 (copy attached) requesting

production of these documents (that Magistrate Judge Snow had directed be returned

to this Court), the Government took a different position. Now its position, contained

it its letter to the undersigned dated September 17, 2001 (D.E. 625, copy attached) the

Government now states:

> Finally, your request to transport all of the evidence from South
> Carolina to the Southern District of Florida is impractical. As you know,
> two trials are scheduled to commence in October and December of 2001
> in South Carolina, one involves David Morgenstern and the other
> involves the remaining defendants in the money laundering conspiracy
> case. I have been informed that the prosecutors require that this evidence
> be available for the trial of those cases. Moreover, I am aware that you

---

[2]Other requests for copies of the documents were made. On September 18th, the undersigned, not
yet in receipt of the letter mentioned herein, contacted the Government in an attempt to find out if
they were going to supply the requested documents. At that time Mr. McCormick said that the
undersigned was "more than welcome" to "go to South Carolina" to look at the documents,
commenting that it was "a CJA matter".

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 6

> have already inspected these records in Greenville, South Carolina. *I suggest that you contact a copying service to arrange for copying and transporting the records you wish to use in this district for preparing for trial.* (Emphasis added)

Letter dated September 17, 2001 from J. Brian McCormick and Diana L. W. Fernandez at page 2. Several matters come to mind in response to the constantly changing, inherently inconsistent position taken by the Government. First, as previously mentioned, the Government's position is inherently inconsistent. At the outset the Government says that it has produced everything when it clearly has not and then, when caught "red handed" it takes the position that the material is available in South Carolina. Second, the Government just ignores, probably hoping that the Defendant will just go away, its disgraceful and grossly offensive repeated failure to notify counsel of the existence of these documents.

Third, it is intellectually dishonest for the Government to state that counsel and the Defendant "inspected" these documents in the roughly four hours that we had to peruse the one hundred plus boxes of materials. We barely had time to identify the nature of the items contained in the documents that the Government had secreted away to South Carolina,[3] let alone inspect them.

---

[3] It would seem that after the unseemly disclosures of so many documents that the FBI had failed to disclosed with regard to the Oklahoma City bombing case that both that agency and the sworn officers of this Honorable Court would know better than to hide these materials in another district.

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 7

Further, the representations made by the Government at the Status Conference were simply untrue. First, the Government incorrectly informed the Court that there was an exhibit list in South Carolina. Later that same day Mr. McCormick informed the undersigned that no such exhibit list existed. This was probably in response to the facsimile that he received that date from the undersigned requesting a copy of same. (Copy attached.) Now, what Mr. McCormick either knew at that time (and earlier the same day when appearing before the Court) or assumed and therefore negligently failed to advise the Court, was the fact that the prosecutor in South Carolina had been hospitalized for several weeks. While it was true that there was a trial date scheduled for the first of October, the Docket Sheet in the South Carolina case of the <u>single</u> remaining defendant in that case, indicated that a motion for continuance had been filed. The undersigned has conferred with counsel for that remaining defendant. Counsel has advised that there is a high likelihood that due to the fact that that individual only worked for Virgil Womack (lead defendant in South Carolina) for one week and that the case against his client was not that strong, that the prosecutors in South Carolina were not likely to proceed with a trial of that case. In fact, as of the time of the filing of this motion two matters significant to the issue at hand exist: 1) there is no trial date set for that defendant at this time and 2) the attorney in South Carolina has sent via Federal Express <u>all</u> of the discovery materials that were supplied

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 8

in the South Carolina case. Upon inspection of those materials the undersigned and the Defendant have determined that the documents requested by him for his defense here are not the same as the documents supplied by the government in South Carolina.[4] That counsel was so sure that there would be no trial in the immediate future that he has allowed the undersigned to retain those documents with the promise to return them upon request. Those documents are not the same as the ones that were the subject of the search warrants in this case and while very helpful in preparing this case, they do not replace the documents seized in Ft. Lauderdale or reduce the Defendant's need for the requested documents.

3. The other distortions and misrepresentations of the Government in its "Notice" are addressed in large part by the other pleadings filed by the undersigned and are further addressed in the letter from Ms. Gossett. Suffice it to say that the undersigned informed representatives of Legal Eagle what was needed and what the priority items were, but AT NO TIME WHATSOEVER DID THE UNDERSIGNED AUTHORIZE THE WORK TO BE DONE WITHOUT PRIOR APPROVAL BY THIS COURT NOR DID THE UNDERSIGNED INSTRUCT OR DIRECT LEGAL

---

[4]Counsel has a copy of the material that has been supplied as a courtesy by South Carolina counsel that will be displayed to the Court *in Camera*. Counsel also has a facsimile that was sent to that counsel in order to obtain those documents. Considering the treatment that Ms. Gossett endured as evidenced by her letter, the undersigned would prefer not to disclose this information or the identity of this attorney to the Government.

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 9

EAGLE TO FILE INDIVIDUAL CJA FORMS SO AS TO COME UNDER THE

$1,000 LIMITS.   IT WAS MADE CLEAR TO THE REPRESENTATIVE OF

LEGAL EAGLE THAT COURT APPROVAL WAS REQUIRED PRIOR TO THE

ORDERING OF DOCUMENTS IN THIS CASE.   COUNSEL AND THE

DEFENDANT SIMPLY IDENTIFIED AND PRIORITIZED THOSE DOCUMENTS

WHICH WOULD BE NEEDED IN ORDER TO PROVIDE THE DEFENDANT

WITH THE EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL.

THIS INFORMATION AND THE NEED FOR COURT APPROVAL WAS MADE

KNOWN TO LEGAL EAGLE'S REPRESENTATIVES PRIOR TO THE

UNDERSIGNED'S DEPARTURE FROM GREENVILLE.

4. The undersigned will gladly answer any other questions propounded by the

Court concerning the identification of documents and their need for the preparation

and presentation of the Defendant's case, so long as the Court will allow undersigned

to answer in such a way as to not disclose privileged communications and attorney

work product such as an *in Camera* hearing.


DATED this 9th day of October, 2001.

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 10

JOHN R. HOWES, ESQ.
JOHN R. HOWES, P.A.
Counsel for Defendant
633 S.E. 3rd Ave., Suite 4R
Ft. Lauderdale, Fl. 33301
Telephone: 954.763.6003
Dade: 305.945.2854
Fla. Bar No. 219193

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Accounting of Monies Spent

Pursuant to the Criminal Justice Act has been served by Regular Mail this 9th day of

October, 2001 on the following counsel:

J. Brian McCormick,
Assistant U.S. Attorney
500 East Broward Blvd.
Suite #700
Fort Lauderdale, FL 33394

David B. Rothman, Esq.
First Union Financial Center
200 South Biscayne Blvd.
Suite #2690
Miami, FL 33131

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite #290
Coral Gables, FL 33134-5222

Brian L. Tannenbaum, Esq.
First Union Financial Center
200 South Biscayne Blvd., Suite 2690
Miami, FL 33131

James Benjamin, Esq.
1 Financial Plaza
Suite #1615
Fort Lauderdale, FL 33394

Jon May, Esq.
200 East Broward Blvd.
Suite #1210
Fort Lauderdale, FL 33301

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 11

Neil M. Nameroff, Esq.
100 Southeast 2nd Avenue
Suite #3350
Miami, FL 33131

Jeffrey M. Harris, Esq.
1 East Broward Blvd.
Suite #1500
Fort Lauderdale, FL 33301

Philip R. Horowitz, Esq.
12651 South Dixie Hwy.
Suite #328
Miami, FL 33156

David Tarlow, Esq.
2121 Ponce De Leon Blvd.
Suite 1901
Miami, FL. 33131

Donald R. Spadaro, Esq.
100 South Federal Hwy.
Suite #103
Fort Lauderdale, FL 33316

Howard Srebnick, Esq.
201 S. Biscayne Blvd.
Suite 1300
Miami, Fl. 33131

Michael Tarre, Esq.
2 S. Biscayne Blvd.
Suite 3250
Miami, Fl. 33131

Peter Raben, Esq.
2665 South Bayshore Drive
Suite #1206
Coconut Grove, FL 33133

Brian H. Bieber, Esq.
2600 Douglas Road
Penthouse #1
Coral Gables, FL 33134

Jayne C. Weintraub, Esq.
100 SE 2nd St.
Suite 3550
Miami, Fl. 33131

David G. Vinikoor, Esq.
420 Southeast 12th Street
Fort Lauderdale, FL 33316

Ana M. Jhones, Esq.
Bayside Plaza, Suite #625
330 Biscayne Blvd.
Miami, FL 33132

Richard Hamar, Esq.
Maria Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

*U.S. v. Fred Morgenstern*, Case No. 00-6309-CR-SEITZ(s)(s)
Fred Morgenstern's Response to the Government's "Notice Concerning Status Conference"
Page 12

JOHN R. HOWES, ESQ.

ofc\Morgenstern'sAccounting

LAW OFFICES OF

# JOHN R. HOWES, ESQ.

A PROFESSIONAL ASSOCIATION
ATTORNEY & COUNSELOR AT LAW
TRIAL LAWYERS BUILDING • SUITE 4F
633 SOUTHEAST 3RD AVENUE
FORT LAUDERDALE, FLORIDA 33301

TELEPHONES:
FT. LAUDERDALE 954.763.6003
MIAMI 305.945.2654
FAX 954.462.2255

E-MAIL:
Buldolphin@aol.com

December 18, 2000

Brian McCormick, Esq.
Assistant U.S. Attorney
299 East Broward Blvd.
Fort Lauderdale, FL 33301

RE: *U.S.A. v. MORGENSTERN, FRED*
Case No: 00-6309-CR-SEITZ

Dear Mr. McCormick:

This letter will confirm in writing the request that I made today at our discovery conference. Based on the "Inventory of Discovery Items", I am requesting copies of all of the boxes numbered 4 and 6 through 9, 11, 13 and 14. It is my understanding that you are making arrangements with a copying service to copy these documents. Since I am, as I told you, CJA appointed on this matter, please make certain that the copy service you contract with will accept a CJA voucher from me and collect payment from the Government.

Thank you very much for your help and consideration int his matter. I hope you have a happy holiday season.

Sincerely,

JOHN R. HOWES

JRH/mmk

cc:    Defendant Morgenstern



Brokerage Records — (5) Brokerage Records, Chemical Trust

Miscellaneous Bank Records — (6) Bank Records for Chemical Trust

Miscellaneous Bank Records — (7) Bank Records for Alliance Trust

Miscellaneous Bank Records — (8) Bank Records for Gold Coast Check Cashing

Miscellaneous Bank Records — (9) Bank Records for George Williamson

Miscellaneous Bank Records — (10) Bank Records, Safe Deposit Records, etc. for Steve & Carmella Raffa

Miscellaneous Check Cashing Records — Bank Records, Deposit Slips, Deposited Checks, Daily Summaries, Etc. for Check Cashing Unlimited, II

Miscellaneous Bank Records — (1) Bank Records for The Americas Resource Corp.

Miscellaneous Bank Records — (2) Bank Records for The Americas Resource Corp., Escrow Account for Chemical Trust

Miscellaneous Bank Records — (3) Bank Records for Prestige Accounting

Miscellaneous Bank Records — (4) Bank Records for Gold Coast Check Cashing

Miscellaneous Brokerage Records — (5) Brokerage Records for Check Cashing Unlimited, J M & Sons Enterprise, Inc., Gateway Transportation, etc.

Miscellaneous Bank Records — (6,7) Miscellaneous Bank Records Obtained From SEC

Miscellaneous Bank Records Injunctions, Court Orders — (8) SEC Injunctions & Court Orders

Business records, bank records — Daily reports/ledgers and bank records for Senjo, Inc., Cash 96, and Oakland Check Cashing

Video Tapes — Video tapes from pole camera at Cash 96

Photographs, Audio Tape — Surveillance photographs of Raffa, Mannone, Bellito, Fred Morgenstern, etc.; Audio tape with Louis Malone

FBI, Police Reports, Seized Documents — FBI & Police Reports of Interviews with defendants; Documents seized from defendants

Court Order dated 9/8/98 and related affidavit, application, tapes, and transcripts — Court Order dated and related affidavit, application, tapes, and transcripts relating to home and cellular telephones for Marcelo Grasso.

Court Order dated 11/3/98 and related affidavit, application, tapes, and transcripts — Court Order dated and related affidavit, application, tapes, and transcripts relating to home and cellular telephones for Marcello Grasso..

Court Order dated 11/16/98 and related affidavit, application, tapes, and transcripts — Court Order dated and related affidavit, application, tapes, and transcripts relating to residential telephone of Marco Minuto and cellular telephone of George Rohleder.

Court Order dated 3/18/99 and related affidavit, application, tapes, and transcripts — Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones for Father & Sons Moving & Storage, residential telephone of Fred Massaro, and business telephone of Beachside Marios.

## STEVE RAFFA, ET. AL.
## INVENTORY OF DISCOVERY ITEMS

## DETAILED DESCRIPTION OF EVIDENCE

| BOX NO. | DOCUMENT NUMBERS | DESCRIPTION OF EVIDENCE | DETAILED DESCRIPTION OF EVIDENCE |
|---|---|---|---|
| 1 | | Books & Records, Gateway Transportation | |
| 2 | | Books & Records, Gateway Transportation | |
| 3 | | Books & Records, Gateway Transportation | |
| 4 (one of 4) | | Transmittals of Chemical Trust Checks to S. Florida | (1) Transmittals of Chemical Trust Checks to Morgenstern. |
| 4 | | Miscellaneous Chemical Trust Documents | (2-10; 12-21) Miscellaneous notes, Transmittals of Chemical Trust Checks, Copies of Chemical Trust Checks |
| 4 | | Bank Records, Admiralty Bank | (22) Bank Records of Prestige Accounting |
| 4 | | | (23) Passenger List for AA Flight 5402; Flight Information for Allan Smith, George Williamson, John Mamone, Fred Morgenstern, and David Morgenstern |
| 4 | | | (24) Account Transaction History Records, Invoices, Airway Bills for Alliance Trust, Chemical Trust, Etc. |
| 5 | | Flight Information | (1,2) Bank Records, I H Weiss, Inc., dba Check Cashing Unlimited II |
| 5 | | DHL Records | (3) Bank Records, I H Weiss, Inc, Money Order Account |
| 5 | | Bank Records, Republic Security Bank | (4) Deposit Slips, Checks Deposited to Check Cashing Unlimited II |
| 5 | | Bank Records, Republic Security Bank | (5) Flight Information for John Mamone |
| 5 | | Bank Records, Check Cashing Unlimited II | (6) Bank Records for Check Cashing Unlimited (Mamone & Buccinna) |
| 5 | | Flight Information | |
| 6 | | Bank Records, Bank Atlantic Miscellaneous Check Cashing and Investment Documents | Search Warrant Information, Gold Coast Checking (See separate Inventory for detailed description of evidence.) 4901 NW 17th Way (Morgenstern) & 5701 Margate Blvd. (Gold Coast Check Cashing |
| 8 | | Affidavit and Search Warrant | (1) Bank Records for Joseph Silvestri, Dolali, Inc., Americas Resource Corp, The Ad Bank, Rolando Burse, Michael Parker, First Capital Acceptance, Orenthea Peavy, and New Mellinium |
| 7 7 7 7 | | Miscellaneous Bank Records | (2) Bank Records for Prestige Accounting |
| | | Miscellaneous Bank Records | (3) Bank Records for Chemical Trust |
| | | Miscellaneous Bank Records | (4) Bank Records for Falcon Trust |
| | | Miscellaneous Bank Records | |

18   Court Order dated 4/20/99 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones for Father & Sons Moving & Storage, residential telephone of Fred Massaro, and business telephone of Beachside Marios.

19   Court Order dated 5/20/99 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones for Father & Sons Moving & Storage, residential telephone of Fred Massaro, and business telephone of Beachside Marios.

20   Court Order dated 9/23/99 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to business telephone of Gold Coast Check Cashing.

21   Court Order dated 1/7/2000 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones of John Mamone and Fred Morgenstern.

22   Court Order dated 2/1/2000 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones of John Mamone and Fred Morgenstern.

23   Affidavit and Search Warrant

Affidavit and Search Warrant for residences of MASSARO & GAZIE & for Check Cashing Unlimited II

LAW OFFICES OF

## JOHN R. HOWES, ESQ.

A PROFESSIONAL ASSOCIATION
ATTORNEY & COUNSELOR AT LAW
TRIAL LAWYERS BUILDING • SUITE 4F
633 SOUTHEAST 3RD AVENUE
FORT LAUDERDALE, FLORIDA 33301

TELEPHONES:
FT. LAUDERDALE 954.763.6003
MIAMI 305.945.2854
FAX 954.462.2255

March 29, 2001

E-MAIL:
Buldolphin@aol.com

J. Brian McCormick
Assistant U.S. Attorney
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Fl. 33301

RE:    *U.S. v. Fred Morgenstern*

Dear Brian:

On December 18, 2000 Mr. Morgenstern and I came to your office to view the first set of documents in this case. At that time we gave you a list of items that we needed copies of in order to prepare for trial. To date I have not received any of the requested materials. Generally these were the records seized from Gold Coast Check Cashing, Inc. and I believe that they consisted of boxes numbered 4, 6 through 9, 11, 13 and 14. A copy of my letter to you dated December 18, 2000 is attached for your benefit.

I know that you are busy and that this case involves a mountain of paper but it is essential that now, as trial approaches that we have these materials in order to begin our preparation. Please make arrangements to get these materials to me or have them available at the copying service for pick-up as soon as practically possible.

Sincerely,

JOHN R. HOWES, ESQ.

Enclosure:
Letter of December 18, 2000 w/ attachments

LAW OFFICES OF
# JOHN R. HOWES, ESQ.
A PROFESSIONAL ASSOCIATION
ATTORNEY & COUNSELOR AT LAW
TRIAL LAWYERS BUILDING • SUITE 4F
633 SOUTHEAST 3RD AVENUE
FORT LAUDERDALE, FLORIDA 33301

TELEPHONES:
FT. LAUDERDALE 954.763.6003
MIAMI 305.945.2854
FAX 954.462.2255

E-MAIL:
Buldolphin@aol.com

December 18, 2000

Brian McCormick, Esq.
Assistant U.S. Attorney
299 East Broward Blvd.
Fort Lauderdale, FL 33301

RE: *U.S.A. v. MORGENSTERN, FRED*
Case No: 00-6309-CR-SEITZ

Dear Mr. McCormick:

This letter will confirm in writing the request that I made today at our discovery conference. Based on the "Inventory of Discovery Items", I am requesting copies of all of the boxes numbered 4 and 6 through 9, 11, 13 and 14. It is my understanding that you are making arrangements with a copying service to copy these documents. Since I am, as I told you, CJA appointed on this matter, please make certain that the copy service you contract with will accept a CJA voucher from me and collect payment from the Government.

Thank you very much for your help and consideration int his matter. I hope you have a happy holiday season.

Sincerely,

JOHN R. HOWES

JRH/mmk

cc:    *Defendant Morgenstern*

| No. | Item | Description |
|---|---|---|
| 7 | Brokerage Records | (5) Brokerage Records, Chemical Trust |
| 7 | Miscellaneous Bank Records | (6) Bank Records for Chemical Trust |
| 7 | Miscellaneous Bank Records | (7) Bank Records for Alliance Trust |
| 7 | Miscellaneous Bank Records | (8) Bank Records for Gold Coast Check Cashing |
| 7 | Miscellaneous Bank Records | (9) Bank Records for George Williamson |
| 7 | Miscellaneous Bank Records | (10) Bank Records, Safe Deposit Records, etc. for Steve & Carmella Raffa |
| 7 | Miscellaneous Check Cashing Records | Bank Records, Deposit Slips, Deposited Checks, Daily Summaries, Etc. for Check Cashing Unlimited, II |
| 7 | Miscellaneous Bank Records | (1) Bank Records for The Americas Resource Corp. |
| 9 | Miscellaneous Bank Records | (2) Bank Records for The Americas Resource Corp., Escrow Account for Chemical Trust |
| 9 | Miscellaneous Bank Records | (3) Bank Records for Prestige Accounting |
| 9 | Miscellaneous Bank Records | (4) Bank Records for Gold Coast Check Cashing |
| 9 | Miscellaneous Brokerage Records | (5) Brokerage Records for Check Cashing Unlimited, J M & Sons Enterprise, Inc., Gateway Transportation, etc. |
| 9 | Miscellaneous Bank Records | (6,7) Miscellaneous Bank Records Obtained From SEC |
| 9 | Injunctions, Court Orders | (8) SEC Injunctions & Court Orders |
| 10/11 | Business records, bank records | Dcily reports/ledgers and bank records for Senjo, Inc., Cash 96, and Oakland Check Cashing |
| 12 | Video Tapes | Video tapes from pole camera at Cash 96 |
| 13 | Photographs, Audio Tape FBI, Police Reports, Seized Documents | Surveillance photographs of Raffa, Mamone, Bellitto, Fred Morgenstern, etc.; Audio tape with Louis Malone; FBI & Police Reports of Interviews with defendants; Documents seized from defendants |
| 14 | Court Order dated 9/8/98 and related affidavit, application, tapes and transcripts Court Order dated 10/13/98 and related affidavit, application, tapes, and transcripts | Court Order dated and related affidavit, application, tapes, and transcripts relating to home and cellular telephones for Marcello Grasso. |
| 5 | Court Order dated 11/16/98 and related affidavit, application, tapes, and transcripts. | Court Order dated and related affidavit, application, tapes, and transcripts relating to home and cellular telephones for Marcello Grasso.. |
| 16 | Court Order dated and related affidavit, application, tapes, and transcripts. | Court Order dated and related affidavit, application, tapes, and transcripts relating to residential telephone of Marco Minuto and cellular telephone of George Rohleder. |
| 17 | Court Order dated 3/18/99 and related affidavit, application, tapes, and transcripts. | Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones for Father & Sons Moving & Storage, residential telephone of Fred Massaro, and business telephone of Beachside Manos. |

## STEVE RAFFA, ET. AL.
## INVENTORY OF DISCOVERY ITEMS

| BOX NO. | DOCUMENT NUMBERS | DESCRIPTION OF EVIDENCE | DETAILED DESCRIPTION OF EVIDENCE |
|---|---|---|---|
| 1 | | Books & Records, Gateway Transportation | |
| 2 | | Books & Records, Gateway Transportation | |
| 3 | | Books & Records, Gateway Transportation | |
| 4 (see 3 & 4) | | Transmittals of Chemical Trust Checks to S. Florida | (1) Transmittals of Chemical Trust Checks to Morgenstern. (2-10; 12-21) Miscellaneous notes, Transmittals of Chemical Trust Checks, Copies of Chemical Trust Checks |
| 4 | | Miscellaneous Chemical Trust Documents | |
| 4 | | Bank Records, Admiralty | |
| 4 | | Bank | (22) Bank Records of Prestige Accounting (23) Passenger List for AA Flight 5402; Flight Information for Allan Smith, George Williamson, John Mamone, Fred Morgenstern, and David Morgenstern |
| 4 | | Flight Information | (24) Account Transaction History Records, Invoices, Airway Bills for Alliance Trust, Chemical Trust, Etc. |
| 5 | | Bank Records, Republic | (1,2) Bank Records, I H Weiss, Inc, dba Check Cashing Unlimited II |
| 5 | | Security Bank | |
| 5 | | Bank Records, Republic | (3) Bank Records, I H Weiss, Inc Money Order Account |
| 5 | | Security Bank | |
| 5 | | Bank Records, Check Cashing Unlimited II | (4) Deposit Slips, Checks Deposited to Check Cashing Unlimited II |
| 5 | | Flight Information | (5) Flight Information for John Mamone |
| 5 | | Bank Records, Bank Atlantic | (6) Bank Records for Check Cashing Unlimited (Mamone & Buccine) |
| 6 | | Miscellaneous Check Cashing and Investment Documents | Search Warrant Information, Gold Coast Checking (See separate Inventory for detailed description of evidence.) |
| 6 | | Affidavit and Search Warrant | 4901 NW 17th Way (Morgenstern) & 5701 Margate Blvd. (Gold Coast Check Cashing) |
| 7 | | Miscellaneous Bank Records | (1) Bank Records (c - Joseph Silvestri, Dolali, Inc., Americas Resource Corp, The Ad Bank, Rolando Burse, Michael Parker, First Capital |
| 7 | | Miscellaneous Bank Records | Acceptance, Orenthea Peavy, and New Mellitium |
| 7 | | Miscellaneous Bank Records | (2) Bank Records for Prestige Accounting |
| 7 | | Miscellaneous Bank Records | (3) Bank Records for Chemical Trust |
| 7 | | Miscellaneous Bank Records | (4) Bank Records for Falcon Trust |

18  Court Order dated 4/20/99 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones for Father & Sons Moving & Storage, residential telephone of Fred Massaro, and business telephone of Beachside Mattress.

19  Court Order dated 5/20/99 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones for Father & Sons Moving & Storage, residential telephone of Fred Massaro, and business telephone of Beachside Mattress.

20  Court Order dated 6/23/99 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to business telephone of Gold Coast Check Cashing.

21  Court Order dated 1/7/2000 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones of John Mamone and Fred Morgenstern.

22  Court Order dated 2/2000 and related affidavit, application, tapes, and transcripts.

Court Order dated and related affidavit, application, tapes, and transcripts relating to cellular telephones of John Mamone and Fred Morgenstern.

23  Affidavit and Search Warrant

Affidavit and Search Warrant for residences of MASSARO & GAZIE & for Check Cashing Unlimited II



*United States Attorney*
*Southern District of Florida*

---

*500 East Broward Boulevard, Suite 700*
*Fort Lauderdale, FL 33394*
*Telephone: (954) 356-7392*
*Facsimile: (954) 356-7230*

April 2, 2001

John R. Howes, Esq.
633 Southwest 3rd Avenue, Suite 4F
Fort Lauderdale, Fl. 33302

Re; <u>United States v. Fred Morgenstern, et al</u>.
    Case No. 00-6309-CR-SITZ(s)

Dear Mr. Howes:

       This is in response to your letter of March 29, 2001, in which you have requested that the
government provide copies of the various discovery materials to you. I do not believe that the
government has the obligation to do this.

       Pursuant to the Rule 16 of the Federal Rules of Criminal Procedure and <u>Standing
Discovery Order</u>, we have provided you with inspection and the opportunity to make copies of
any of these documents. Thereafter, we delivered them to International Legal Prints so that all
defendants could order whatever copies they wished, provided that they arranged for payment. I
have attached a copy of that letter for your review.

       I believe that under the Criminal Justice Act you have the obligation to request funds
from the Court for these discovery expenses. See, Title 18, United States Code, Section 3006A
(e). Please contact me if have any questions about this matter.

                                   Very truly yours,

                                   GUY A. LEWIS
                                   UNITED STATES ATTORNEY


                                   J. BRIAN McCORMICK
                                   ASSISTANT U. S. ATTORNEY

Enclosure

**U.S. Department of Justice**



*United States Attorney*
*Southern District of Florida*

---

*500 East Broward Boulevard, Suite 700*
*Fort Lauderdale, FL 33394*
*Telephone: (954) 356-7392*
*Facsimile: (954) 356-7230*

January 11, 2001

David Rothman, Esq.
First Union Financial Ctr.
200 S Biscayne Blvd., Ste 2690
Miami, FL 33131
(Counsel for John Mamone)

John Howes, Esq.
633 S.E. Third Ave., Suite 4F
Fort Lauderdale, FL 33302
(Counsel for Fred Morgenstern)

Ana M. Jhones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Blvd
Miami, FL 33132
(Counsel for David Morgenstern)

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite 290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

Donald R. Spadaro, Esq.
1000 S. Federal Hwy., Ste 103
Fort Lauderdale, FL 33316
(Counsel for Julius Chiusano)

Brian L. Tannebaum, Esq.
First Union Financial Center 200
South Biscayne Blvd., Ste. 2690
Miami, FL 33131
(Counsel for Michael Buccinna)

Lothar Genge, Esq.
1020 Russell Drive
Highland Beach, FL 33487
(Counsel for Jeffrey Bass)

John F. Cotrone, Esq.
509 S.E. 9th St., Suite 1
Fort Lauderdale, FL 33316
(Counsel for Frederick Scarola)

Charles Wender, Esq.
190 W. Palmetto Park Road
Boca Raton, FL 33432
(Counsel for Giuseppe Bellitto)

James Benjamin, Esq.
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

Peter Raben, Esq.
2665 S. Bayshore Dr., Ste 1206
Coconut Grove, FL 33133
(Counsel for Paul DiFilippi)

Neil M. Mameroff, Esq.
100 S.E. 2nd Ave., Suite 3350
Miami, FL 33131
(Counsel for Anson Klinger)

Brian H. Bieber, Esq.
2600 Douglas Rd., Penthouse 1
Coral Gables, FL 33134
(Counsel for Joseph Spitaleri)

Jon May, Esq.
200 East Broward Blvd.
Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Charles Clay)

Richard Hamar, Esq.
Maria Hamar, Esq.
2437 Briarcrest Rd.
Beverly Hills, CA 90210
(Counsel for Charles Clay)

Steve Kreisberg, Esq.
3250 Mary St., #400
Coconut Grove, FL 33133
(Counsel for Peggy Preston)

Philip R. Horowitz, Esq.
12651 S. Dixie Hwy., Ste. 328
Miami, FL 33156
(Counsel for Mark Weiss)

David G. Vinikoor, Esq.
420 S.E. 12th Street
Fort Lauderdale, FL 33316
(Counsel for Jacolyn Baruch)

Jeffrey M. Harris, Esq.
One East Broward Blvd., #1500
Fort Lauderdale, FL 33301
(Counsel for David Bell)

Re:  United States v. John Mamone, et al.
     Case No. 00-6309-CR-SEITZ
     Sixth Discovery Letter

Dear Counsel:

     Please be advised that today we have been informed that the
copy service, International Legal Imprints, has completed copying
the materials contained in the schedule of exhibits that was
provided to you on December 14, 2000.  You should contact Claudia
Vergara from International Legal Imprints at telephone number
(305) 358-3730 to order any exhibits you wish and arrange for
payment.

                              Sincerely yours,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY

                    By:

                              BRIAN McCORMICK
                              Assistant United States Attorney

                    By:

                              DIANA L.W. FERNANDEZ
                              Assistant United States Attorney


                                    2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,          CASE NO: 00-6309-CR-SEITZ

    Plaintiff,

vs.

FRED MORGENSTERN,

    Defendant.

_____ \



FILED by _____ D.C.

AUG 20 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## NOTICE OF FILING LETTER REGARDING
## PENDING DISCOVERY ISSUES

COMES NOW, JOHN R. HOWES, ESQ., attorney for Defendant, hereby files the

following to be filed this date with the Court, the attached is in reference to the above-entitled

cause.

    1:    Letter dated August 15, 2001 to J. Brian McCormick, Esq., Assistant U.S.

Attorney.

    DATED this 16th of AUGUST, 2001.

                    _____
                    JOHN R. HOWES, ESQ.
                    John R. Howes, P.A.
                    633 Southeast Third Avenue, 4-R
                    Ft. Lauderdale, Fl. 33301
                    Telephone:    (954) 763-6003
                    DADE NO:    (305) 945-2854
                    FAX NO:    (954) 462-2255
                    Fla. Bar No: 219193

## CERTIFICATE OF SERVICE

LAW OFFICES OF

# JOHN R. HOWES, ESQ.

A PROFESSIONAL ASSOCIATION

ATTORNEY & COUNSELOR AT LAW

TRIAL LAWYERS BUILDING • SUITE 4R

633 SOUTHEAST 3RD AVENUE

FORT LAUDERDALE, FLORIDA 33301

TELEPHONES:
FT. LAUDERDALE 954.763.6003
MIAMI 305.945.2854
FAX 954.462.2255

E-MAIL:
Buidolphin@aol.com

August 15, 2001

J. Brian McCormick, Esq.
Assistant U.S. Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Fl. 33301

Re:   *U.S. v. Fred Morgenstern*
Case No. 00-6309-CR-SEITZ

Dear Mr. McCormick:

Thank you for the documentation that you supplied with your discovery letter dated August 7, 2001. In reviewing the accompanying documents I noticed that several items were missing. I assume the that absence of these documents was an oversight, most likely on the part of the Assistant U.S. Attorney in South Carolina. At any rate I will need these documents and hereby request that you obtain copies of same from whatever source you find easiest.

*Charlotte Womack:* In her Plea Agreement dated June 4, 2001:

a) In paragraph 4 on page 2, the agreement calls for her "to submit a fully completed Financial Statement of Debtor for as requested by the United States Attorney's Office." That document is not included in the materials supplied.

b) In paragraph 8 on page 4, the agreement calls for the defendant "to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominee." That document is not included in the materials supplied.

*Virgil Womack:* In his Plea Agreement dated June 4, 2001:

a) In paragraph 4 on page 2, the agreement calls for her "to submit a fully completed Financial Statement of Debtor for as requested by the United States Attorney's Office." That document is not included in the materials supplied.

b) In paragraph 8 on page 4, the agreement calls for the defendant "to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominee." That document is not included in the materials supplied.

c) In the Amendment to Plea Agreement dated June 4, 2001 and "Attachment A" is mentioned. It is intended to constitute a list of the items that Mr. Womack is not going to contest the forfeiture of to the United States. That "Attachment A" is not included in the documents

J. Brian McCormick
August 15, 2001
Page 3

so that they are available for inspection and review. While in South Carolina I made contact with a copying service to learn that you had obtained certain documents from them. I presume that you culled thorough and collected those that were advantageous to your position. However, I have not as yet gotten the "priority" documents that I requested from the copying company, let alone had the opportunity to look through the literally thousands of documents in the 100+ boxes that are housed there and that belong here. The "Womack" case in South Carolina has concluded with their guilty pleas and those items of evidence should be brought here so that they can be utilized by myself and my client to prepare our defense. This is a demand for you to make them available to us for use, to be "inspected and copied" in this district where this case is pending.

In conclusion, I am hereby making demand for the production of the aforesaid items in order to adequately prepare this case for trial. I hope that by this correspondence we can avoid the necessity for bringing this matter before the Judge Seitz for resolution, knowing full well the busy schedule that she keeps. Please respond promptly to this request so that I know your position on this matter.

Sincerely,

JOHN R. HOWES, ESQ.

J. Brian McCormick
August 15, 2001
Page 2

supplied.

d) Also included in the items that Mr. Womack is to produce for the Government in furtherance of its forfeiture claims is a "full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominee." Such disclosure is not included in the materials supplied.

*Joseph Spitaleri:* The arrest warrant in Case No. 00-6206-CR-ZLOCH indicates that the Government sought pretrial detention for Mr. Spitaleri. However, at the initial appearance hearing he was released on a $200,000 Personal Surety Bond co-signed by his mother. It is apparent to me that some consideration was given by the Government in exchange for its not appealing the decision to release him on his own recognizance. I would request a recitation of the full consideration given by the Government in that regard. Also, the docket sheet indicates that the Government filed a Motion for Downward Departure. Please advise why this material that is clearly *Giglio* material was not supplied with the other materials. And finally with respect to Mr. Spitaleri, it appears from the docket sheet that on June 22nd of this year, just one day after the imposition of sentence that a sealed document was filed. (D.E. 36). I know from experience that this document relates to the sentencing of Mr. Spitaleri and is therefore is discoverable. Please advise if you are not in the process of taking the necessary steps to have this *Giglio* material made available and disclosed.

Finally, I would like to address the issue of the discovery in South Carolina. There are two matters that I would like to address in this regard. First, at a hearing held before Magistrate Judge Barry Garber on May 31, 2001, I addressed to the Court in your presence my knowledge of the existence of tape recorded conversations between a government agent and an individual named Gabriel McEnroe. Based upon my investigation, I have determined that these conversations contain exculpatory information relevant to this case. At that time I asked that you supply me with copies of those tapes, the one made before Mr. McEnroe's arrest and the statement that he made to the FBI following his arrest. As I told you through the Court at that time, I am aware of these conversations but they are in the custody of the Government and I do not have access to them, but you do. To date I have not received those tapes and statements.

Turning now to the "South Carolina" discovery itself, it has now come to my attention that my client was monitored on numerous conversations that occurred in South Carolina. I have never been placed on notice by you or the Office of the United States Attorney for the Southern District of Florida that he was monitored in conversations there despite the requirement of such notification pursuant to Rule 16 and the Standing Discovery Order. Demand for copies of those tape recordings is hereby made. Also, I have advised you in the past that on June 18th I was in South Carolina and reviewed two rooms full of documents located there. At least thirty of the boxes had markings on them identifying them as having come from the execution of search warrants in Florida. You told me that these warrants were executed "for South Carolina" however, now that you have given me formal notice that Virgil Womack and Charlotte Womack are to be witnesses in this case it is essential that these items, many of which came from my client's business here in Florida, be returned to this District

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6309-CR-SEITZ/GARBER(S)(S)

**NIGHT BOX FILED**

SEP · 8 2001

CLARENCE MADDOX
CLERK. USDC / SDFL / MIA

UNITED STATES OF AMERICA,
                          Plaintiff,

v.

FRED MORGENSTERN,
                          Defendant.

_____

## NOTICE OF FILING

The United States of America, through its undersigned Assistant

United States Attorneys, files the attached letter to John R. Howes,

Esquire, dated September 17, 2001, regarding discovery matters in

the above-captioned case.

                    Respectfully submitted,

                    GUY E.  LEWIS
                    UNITED STATES ATTORNEY

          By: _____
                    J. BRIAN McCORMICK
                    ASSISTANT UNITED STATES ATTORNEY
                    Court I.D. #A5500084
                    500 East Broward Blvd., Suite 700
                    Fort Lauderdale, FL 33394
                    Telephone: (954) 356-7392
                    Fax: (954) 356-7230

          By: _____
                    DIANA L.W. FERNANDEZ
                    ASSISTANT UNITED STATES ATTORNEY
                    Court I.D. #A5500017
                    500 East Broward Blvd., Suite 700
                    Fort Lauderdale, FL 33394
                    Telephone: (954) 356-7392
                    Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing
was mailed this _18_ day of _September_, 2001 to:

David Rothman, Esq.
First Union Financial Ctr.
200 S Biscayne Blvd., Ste 2690
Miami, FL 33131
(Counsel for John Mamone)

Jane Weintraub, Esq.
100 S.E. 2nd St., Suite 3550
Miami, FL 33131
(Counsel for Joseph Russo)

John Howes, Esq.
633 S.E. Third Ave., Suite 4F
Fort Lauderdale, FL 33302
(Counsel for Fred Morgenstern)

Ana M. Jhones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Blvd
Miami, FL 33132
(Counsel for David Morgenstern)

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite 290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

Brian L. Tannebaum, Esq.
First Union Financial Center
200 South Biscayne Blvd.,#2690
Miami, FL 33131
(Counsel for Michael Buccinna)

Jeffrey M. Harris, Esq.
One East Broward Blvd., #1500
Fort Lauderdale, FL 33301
(Counsel for David Bell)

Kenneth M. Swartz, Esq.
100 N. Biscayne Blvd.
21st Floor, New World Tower
Miami, FL 33132
(Counsel for John O'Sullivan)

Philip R. Horowitz, Esq.
12651 S. Dixie Hwy., Ste. 328
Miami, FL 33156
(Counsel for Mark Weiss)

James Benjamin, Esq.
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

Neil M. Nameroff, Esq.
100 S.E. 2nd Ave., Suite 3350
Miami, FL 33131
(Counsel for Anson Klinger)

David Tarlow, Esq.
801 Brickell Avenue, Suite 1901
Miami, FL 33131-2900
(Counsel for Frederick Scarola)

Jon May, Esq.
200 East Broward Blvd.
Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Charles Clay)

Howard Srebnick, Esq.
201 S. Biscayne Blvd., Suite 1300
Miami, FL 33131
(Counsel for Doreen Russo)

_Diana W. Fernandez_
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

2



**United States Attorney**
**Southern District of Florida**

*500 East Broward Boulevard, Suite 700*
*Fort Lauderdale, FL 33394*
*Telephone: (954) 356-7392*
*Facsimile: (954) 356-7230*

September 17, 2001

John R. Howes, Esq.
633 Southeast 3rd Ave.
Fort Lauderdale, Fl.

    Re:  <u>United States v. Fred Morgenstern, et al.</u>
         Case No. 00-6309-CR-SEITZ(s)(s)

Dear Mr. Howes:

        This is in response to your August 15, 2001, letter concerning
discovery matters relating to the above-mentioned case.

        First, we do not possess any financial reports or schedules of
assets owned or controlled by either Virgil or Charlotte Womack.
In the event that we receive these materials, they will be given to
you.  Furthermore, there was no "Attachment A" as part of the plea
agreement.  Apparently, it does not exist.

        Second, the decision to recommend Joseph Spitaleri's release
on bond was not related to any cooperation agreement with the
government. However, at the present time, we intend to file a
motion to reduce sentence in this case and in Spitaleri's other
case before Judge Zloch.  We will provide that information to you
after the sentencing hearings.

        Third, I take exception to your statement that you only
recently learned that your client was recorded during an undercover
case that was conducted by the District of South Carolina.  Your
failure to recall my notice to you about the existence of this
evidence shortly after the undercover operation became public is at
best disturbing.  I have also been informed that your client has
had access to these recordings even before the United States
Attorney's Office in the Southern District of Florida.  However, in
any event, we have very recently been provided with copies of the

John R. Howes, Esq.
Page 2

tapes and videos from the FBI in South Carolina. I invite you to
arrange for the copying of the tapes at your earliest convenience.
Furthermore, we have sent the transcripts of the tape recorded
conversations to the copying service. You should arrange for
copying these materials directly with the service.

Finally, your request to transport all of the evidence from
South Carolina to the Southern District of Florida is impractical.
As you know, two trials are scheduled to commence in October and
December of 2001 in South Carolina, one involves David Morgenstern
and the other involves the remaining defendants in the money
laundering conspiracy case. I have been informed that the
prosecutors require that this evidence be available for the trial
of those cases. Moreover, I am aware that you have already
inspected these records in Greenville, South Carolina. I suggest
that you contact a copying service to arrange for copying and
transporting the records you wish to use in this district for
preparing for trial.

Very truly yours,

GUY A. LEWIS
UNITES STATES ATTORNEY

BRIAN McCORMICK
ASSISTANT U. S. ATTORNEY

DIANA L.W. FERNANDEZ
ASSISTANT U.S. ATTORNEY

**JOHN R. HOWES, P.A.**
633 SE 3rd Ave., Suite 4R
Ft. Lauderdale, Fl. 33301
Phone: 954.763.6003
Fax: 954.462.2255
E-mail: Bukdolphin@aol.com

# Facsimile

| To: | Brian McCormick, Esq. | From: | John R. Howes, Esq. |
|-----|------------------------|-------|---------------------|
| Fax: | 356.7230 | Pages: | Cover plus 15 |
| Phone: | 356.7255 | Date: | 09/21/1 |
| Re: | *U.S. v. Morgenstern* | | |

☛ **Comments:**

This morning you told Judge Seitz that the U.S. Attorney in South Carolina already had a witness list or lists for the cases pending there. I would greatly appreciate your obtaining and forwarding copies of those to me at your earliest opportunity. With that information it may facilitate our resolving the outstanding discovery issues.

I have reconfigured the Excel worksheet that I provided to you earlier today. Although I will fax it to you, will lose the colors by which I have codified portions of it. Suffice it to say that the notations on the outside of the boxes, all of which were present prior to our arrival in Charleston, indicate that at least the following described items came from searches conducted in the Southern District of Florida and/or by agents from the Miami Field Office, according to Legal Eagle box #s:

| | | | |
|---|---|---|---|
| 1; | 39; | 77; | 95; |
| 2; | 40; | 78; | 98; |
| 16; | 41; | 81; | 99; |
| 23; | 43; | 84; | 100; |
| 24; | 59; | 85; | 102; |
| 27; | 60; | 86; | 108; and |
| 28; | 61; | 87; | 110. |
| 29; | 63; | 88; | |
| 31; | 70; | 89; | |
| 33; | 71; | 92; | |
| 34; | 72; | 93; | |
| 35; | 73; | 94; | |

As you can see, this totals 43 items out of a total of 110 that are clearly delineated as having come from or by virtue of actions of the FBI in this District. Of course, the simple fact that other information relevant and discoverable in this case came from other searches in other districts or evidence was obtained in some other form or fashion does not exempt those materials from the purview of your disclosure obligations under the Due Process and Fair Trial Clauses of the Constitution, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Standing Discovery Order entered in this Court.

By mail I will be sending you a colorized version of the Excel document on Monday. However, it is my hope that, given the time limitations imposed by Judge Seitz today, that this information would be helpful to you in its present format to determine the most expedient and cost-effective manner in which you (the Government) can produce these items for my client.

*John R. Howes*

Client Matter #    Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs.
Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-It-Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information |
|---|---|---|---|---|---|---|
| LE 1 | 1-4 Drawer file cabinet | Gray | Purple | 43 / Entire filing cabinet/Red Square on Top 44 / Filing cabinets--front & back of checks please/Red Square on Top | 5701 written on first drawer | Field office MM/ File #2B1A-MM-91505/ Date of seizure or collection: 1/7/2000/ Sealing official's printed name: Lettor/ DEA exhibit # Room E/ 1 B19 written across bottom of sticker. Room I, Item 7: Field Office MM/ File #2B1A-MM-91505/ Date of seizure or collection: 1/7/00; Sealing official's printed name: Phillip T. Bond, Jr. Witnessing official's name Betsy Y. Munoz; 1 B23 written across bottom of sticker. |
| LE 2 | 1-2 Drawer file cabinet | Tan | Purple | Square on Top | 5701 written on top of cabinet | |
| LE 3 | 1-2 Drawer plastic filing cabinet | Clear w/ black top | Purple | 40 / Copy All/Red Dot | | Item # J-5; Date 1/7/00; Description: Plastic file cabinet with files; Location: Room J; Recovered by SA Stanton; File # 186C-CO |
| LE 4 | 1 Gateway Computer Box | White | Purple | 25 / folders as marked/Red Dot | 1 of 12 | No Sticker |
| LE 5 | 1 File Folder | Brown | Purple | 33 | | No Sticker |
| LE 6 | 1 Box | White | Purple | 38 / Computer discs only | | No Sticker |
| LE 7 | 1 Box | Brown | Purple | 87/ This box | 4901/ box # 28 discs/ Box 1-8/ Cart 4901/ 1B-5 | No Sticker |
| LE 8 | 1 Vegetable Box | White | Purple | 70/Red Dot | VW UP | Item # K13, Date: 1/7/00; Description: Financial records; Location: Room K; Recovered by Dabesan/Bote Mack (difficult to read handwriting) / File # 186C-CO-25431 |

Client Matter #    Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs. Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information |
|---|---|---|---|---|---|---|
| LE 9 | 1 Box | Brown | | | Initials of KCR top of box/ on box 281A-MM/ 91505/5701/ Room B, Credenza B / 1B-16 | No Sticker |
| LE 10 | 1 Box | White | Purple | 41 / marked documents only | | No Sticker |
| LE 11 | 1 Large Box | White | Purple | 65 | | No Sticker |
| LE 12 | 1 Large Box | White | Purple | 56/Red Dot with DRS 1/9/2000 | White sticker 196C-CO-25431 | Item # 8, Date: 1/7/00; Description: Misc. Business Records; Location: D; Recovered by: SA Grosse |
| LE 13 | 1 Large Box | White | Purple | 53/Red Dot | | Item # 5; Date: 1/7/00; Description: Chemical Trust Records; Location: D; Recovered by SA Grosse; Sticker attached: 196C-CO-25431 |
| LE 14 | 1 Flight Bag or Briefcase | Black | Purple | 37 / make copies of the stamps in this briefcase2 Red Dots | | Item # 4; Date: 01/07/2000; Description: Various mechanical stamps, checks, IRS statements, office supplies; Location: A; Recovered by: SA Andrew T. Hildreth |
| LE 15 | 1 Dell Dimension XPS T500 hard drive with detached black cord | Off-White Tower | Purple | Data Documents on this Dell CPU | WWW.Dell.Com / Service Tag OYUZF / Express Service Code 16- 284-59 | No Sticker |
| LE 16 | 1 Box | Brown | | | 5701/ Room G box 8 / 1B-20 / 281A- MM-91505 | No Sticker |

Client Matter #            Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs. Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information |
|---|---|---|---|---|---|---|
| LE 17 | 1 Box | | | | | Item # 2; Date 1/7/2000 ; Description: Various contracts & financial files; Location: A; Recovered by: SA Andrew T. Hildreth |
| LE 18 | 1 Box | Brown | Purple | 36/Red Dot | 1B20 / 5701/ Room G/ Box 1 / 281A-MM-91505 | No Sticker |
| LE 19 | 1 Large Box | Brown | | | Rule 6 E Evidence (filled with large brown folders and some manila folders) | |
| LE 20 | 1 Box | White | Purple | 35 | Room E Master bedroom / Toccoa, GA / 196C-CO-25431 | No Sticker |
| LE 21 | 1 Box | Brown | Purple | 28 / all but phone messages | 1B4 | No Sticker |
| LE 22 | 1 Box | White | | 24 / copy marked folders only | 28 / FMC / 196-PX-64628-1B (27) | No Sticker |
| LE 23 | 1 Box | Brown | | Red Dot | Room B / credenza B / 5701 / 1B-18/ 281A-MM-91505 | No Sticker |
| LE 24 | 1 Box | Brown | | | 281A-MM-91505 / 1B22 / Room I- Desk 1 /Item 1 / 5701 | No Sticker |

Client Matter #          Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs.
Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information | | |
|---|---|---|---|---|---|---|---|---|
| LE 25 | 1 Box | White | Purple | 23 / as wrapped in rubber band | Box no. E (appears to be an "e") / Contents: 196-PX-6426-1B (43) / 56 | No Sticker | | |
| LE 26 | 1 Box | White | Purple | 26 | 31 / Box no. D / Contents: 196-PX-6426-1B (33) | No Sticker | | |
| LE 27 | 1 Box | White | Purple | 32 | 1 B22 / Room 1-3 / Item #5 / 281 A-MM-91505 / 5701 | No Sticker | | |
| LE 28 | 1 Box | Brown | | | Room C / 5701 / Item 5 / 281-A-MM-91505 / 1817 | No Sticker | | |
| LE 29 | 1 Box | Brown | | | 1 B17/ Room C / Item 1 / 5701 / 281A-MM-91505 | No Sticker | | |
| LE 30 | 1 Box | White | Purple | 2 ___ (hard to read) computer discs/Red Dot | 1 B6 / Site 2 A-9 / DAE 17/100 / 196C-CO-25431 | No Sticker | | |
| LE 31 | 1 Box | Brown | | | 1 B6 / Box 21 / card / other clients / 4901 / 281-MM-91505 / Room 4 / Item 6 / JH | No Sticker | | |
| LE 32 | 1 Box | White | Purple | 12/Red Dot | 196 C-CO-25431 / 60/ Site 2 / A-1 / A-2 / A-3/ 1-7-2000 DAE / A-4 / A-5 / A-6 / A-8 | No Sticker | | |

Client Matter #    Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs. Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information | | |
|---|---|---|---|---|---|---|---|---|
| LE 33 | 1 Box | Brown | | | 281A-MM-91505 / 1B-18 / Room B / Credenza B / Item 7 / 5701 | No Sticker | | |
| LE 34 | 1 Box | Brown | | | 281A-MM-91505 / 1B20/ Room G Box 2 / 5701 | No Sticker | | |
| LE 35 | 1 Box | Brown | | | 281A-MM-91505 / Room G / Box 5/ 1B20 /5701 | No Sticker | | |
| LE 36 | 1 Box | White | Purple | 8/Red Dot | 198C-CO-25431 / 17/00 DAE / AA-7 | No Sticker | | |
| LE 37 | 1 Box | White | Purple | 14/Red Dot | 196 C-CO-25431 / 17/00 DAE /B-1 / 60 / Site 2 | No Sticker | | |
| LE 38 | 1 Box | White | | | Box no. C / Contents: 196-PX-84626-1B (25) / 26 | No Sticker | | |
| LE 39 | 1 Box | Brown | | | 281A-MM-91505 / Room C / 5701/ Item 2 / 1B17 | No Sticker | | |
| LE 40 | 1 Box | Brown | | | Room I / Item #3 / 1B22 /5701 / 281A-MM-91505 | No Sticker | | |

Client Matter #        Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs. Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information | | |
|---|---|---|---|---|---|---|---|---|
| LE 41 | 1 Box | Brown | | | 10-7 /281A-MM-91505 / 1B-12 | No Sticker | | |
| LE 42 | 1 Plastic File Box | Off-white | | Red Dot | | Item # K-1; Date: 01/17/2000; Description: misc. paperwork; Location: Laundry room Toccoa, GA; Recovered by: CSC /WJHF ; File # 196C-CO-25431 | | |
| LE 43 | 1 Box | Brown | | | Room J / Margate Blvd. Pompano Beach, FL / 281A-MM-91505 / Valuable Evidence / 5701 / 1 B16 | No Sticker | | |
| LE 44 | 1 Box | White | Purple | 9 / Copies of discs/Red Dot | Site 1 / 52 /196C-CO-25431 1/7/00 DAE / 103 (on top of box) | No Sticker | | |
| LE 45 | 1 Box | White | Purple | 13 | 196C-CO-25431 / 1/7/2000 DAE/ B-3/ 60/ Site 2 | No Sticker | | |
| LE 46 | 1 Box | White | Purple | 58 / All pages but not deposit books or stamps/2 Red Dots | | Item # 6; Date: 1/7/00; Description: Box-Faxes, keys, bank records, Location D; Recovered by SA Grosse / 196 C-CO-25431 | | |
| LE 47 | 1 Box | White | Purple | 17 | Box B /16 / 17 / 196-PX-84626 - 1B (17) | No Sticker | | |
| LE 48 | 1 Folder | Manila | Purple | 29 | On folder tab: Daily $ Log | No Sticker | | |

Client Matter #    Fred Morgenstern

Case No. 6.00-236-13

U.S.A. vs. Alliance Trust, vs.
Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-It Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information | | |
|---|---|---|---|---|---|---|---|---|
| LE 49 | 1 Computer Disc Box | Off-White | Purple | 3 / All computer discs | | Item #2; Date: 1-7-00; Description: Box of computer discs. Location: Room B-side desk. Recovered by: SA McAllister; File # 196C-PX-64626 | | |
| LE 50 | 1 Computer Disc Box | White | Purple | 39 / copy discs | On yellow paper: Room J / Womack / Logical / Deleted/ Dir Listing | No Sticker | | |
| LE 51 | 2 Notebooks & 1 Mailing Folder- all attached | Red notebooks / folder is manila | Purple | 64 | 4/Room A / Top of table / Misc. documents / William Cromer | No Sticker | | |
| LE 52 | 1 Plastic Hanging File Box | Brown | | Red Dot/Red Dot | | Item # 1; Date: 1-7-00; Description: Brown plastic box with misc. business records. Location: D; Recovered by: SA Grosse; White Sticker:196C-CO 25431 | | |
| LE 53 | 1 Box | White | Purple | 18 | 10/11 / box no. B / 196-PX-64626-1B (14) | No Sticker | | |
| LE 54 | 1 Box | White | Purple | 19 | Box # H /43-45 / 196-PX-64626-1B (48) | No Sticker | | |
| LE 55 | 1 Box | White | Purple | 5/Red Dot/Red Dot | 60/ Site 2 / 196C-CO-25431 /1-7-2000 DAE | No Sticker | | |
| LE 56 | 1 Box | White | Purple | 21 | Box no. E /54 / 196-PX-64626-1B (42) | No Sticker | | |

Client Matter #    Fred Morgenstern     Case No. 6:00-236-13     U.S.A. vs. Alliance Trust, vs. Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information | | |
|---|---|---|---|---|---|---|---|---|
| LE 57 | 1 Box | White | Purple | 6 / All-not just as marked | 196C-CO-25431 / Porsche / 1-7-00 DAE | No Sticker | | |
| LE 58 | 1 Box | White | Purple | 22 / Single folder only in front of box | Box no. D / 33 / 196-PX-64626-B (35) | No Sticker | | |
| LE 59 | 1 Box | Brown | | | Item #.5 I/ Desk A / Room B/ 1B18/ 5701 / 281A-MM-91505 | No Sticker | | |
| LE 60 | 1 Box | Brown | | | 5701 / 281A-MM-91505 / 1B18 / Rm D (fax machine) / Unlegible notes covered by FBI Evidence tape | No Sticker | | |
| LE 61 | 1 Box | Brown | | | 281A-MM-91505 / Room H / Box 2/ 5701 / 1B21 | No Sticker | | |
| LE 62 | 1 Box | White | | | Box no. C / 196-PX-64626-1B (24) | No Sticker | | |
| LE 63 | 1 Box | Brown | Purple | 20 / All of this stack | Room G / 5701 / Items 1,8,9 / 1B20/ 281A-MM-91505 | No Sticker | | |
| LE 64 | 1 Box | White | Purple | 15 | From rec's office / 6/7/01 / Correspondence | No Sticker | | |

Client Matter #          Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs.
Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information | | |
|---|---|---|---|---|---|---|---|---|
| LE 65 | 1 Box | White | Purple | 9 | Box no. A / 196-PX-64626-1B (B) / 8 of 12 / Priority Fed X sticker on top & "9" | No Sticker | | |
| LE 66 | 1 Box | White | Purple | 27 | | Item # J-3. Date: 01/07/00. Description: Misc. papers from table at computer station in room J. Location: Room J. Recovered by SA Stanton; 196C-CO- | | |
| LE 67 | 1 Box | White | Purple | 20 / Please note some marked items inside that do not need to be copied; DCP, Red Dot; 66/Red Dot | Box no. B/ 13-15 / 196-PX-64626-1B (16) | No Sticker | | |
| LE 68 | 1 Box | White | | | Box no. B / 7 / 8 / 196-PX-64626-1B (12) | No Sticker | | |
| LE 69 | 1 Box | White | | Red Dot | Slip 1/52 / A-11 / 1-7-00 DAE / 196C-CO-25431 | No Sticker | | |
| LE 70 | 1 Box | Brown | | | Room H Box 1/ 5701 / 281A-MM-91505 / 1B21 | No Sticker | | |
| LE 71 | 1 Box | Brown | | | 281A-MM-91505 / Room H/ Box 3/ 5701 / 1B21 | No Sticker | | |
| LE 72 | 1 Box | Brown | | | 5701 / Room D / Back Counter / 1/7/00 / 1B18 / 281A-MM-91505 | No Sticker | | |

Client Matter #                    Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs Alliance Trust, vs.
Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information |
|---|---|---|---|---|---|---|
| LE 73 | 1 Box | Brown | Purple | | Room 12 / Item # 4 / 5701 / 281A-MM-91505 / 1B22 | No Sticker |
| LE 74 | 1 Box | White | Purple | 10/Red Dot | 196C-CO-25431 / D-1 / 1/7/00 DAE / 60 Site 2 | No Sticker |
| LE 75 | 1 Box | Brown | | Red Dot | | Item: G-1; Date: 1/7/2000; Description: Tax Returns; Location: office; Recovered by LSC/B/W; File: 196C-CO-25431 |
| LE 76 | 1 Box | White | Purple | 16 | Custom: Letter Agents / From Rec.'s office / 8/7/01 | No Sticker |
| LE 77 | 1 Box | Brown | | | 1B21 / 281A-MM-91505 / Room H/ Box 4/ 5701 | No Sticker |
| LE 78 | 1 Box | Brown | | | 281A-MM-91505 / Room G, Box 3 / 5701 | No Sticker |
| LE 79 | 1 Box | White | Purple | 7 / Copy AI/Red Dot | 196C-CO-25431 / 60, site 2 / 1-7-00 DAE / B-2 1 | No Sticker |
| LE 80 | 1 Box | White | Purple | 4 | Box no.A / 4 / 5 / 196-PX-64626-1B (7) | No Sticker |

Client Matter #   Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs. Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-It Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information |
|---|---|---|---|---|---|---|
| LE 81 | 1 Box | Brown | | | Marg. 1-7-00 / 1B18 / 5701 / Room D, Teller 4 / 281A-MM-91505 | No Sticker |
| LE 82 | 1 Small Box | Brown | | 1 | FD 872/USGC Search | Dept. of Justice, Dept. Reg. # 8-02359-FBI-017, GPO Jacket #437-324, GPO Order #39575, Form or pub #/ date FD-872 (3-98) Item # 1; Date: 01/07/2000. Description: Contracts, financial records, Nokia cell phone, cordless phone, T1 Pocket banker, Floppy diskettes, 3 various checkbooks, 2 key sets, mechanical stamps, Recovered by SA Andrew T. Hildreth ; location A |
| LE 83 | 1 Box | White | Purple | 55/Red Dot | | |
| LE 84 | 1 Box | Brown | Purple | 31, All of this stack | 1B-18 / Room B, Item 2, Desk A / 5701 / 281A-MM-91505 | No Sticker |
| LE 85 | 1 Box | Brown | | | 5701/ Room 14, Item # 8 / 5701 / 281A-MM-91505 | No Sticker |
| LE 86 | 1 Box | Brown | | | 5701/ 281A-MM-91505 /Room D, teller 1 / 1B18 / WJC | Room D Teller 1: Date of seizure 1/7/00 / Sealing Official: Willie Creech) |
| LE 87 | 1 Box | Brown | | | 281A-MM-91505 / Rm G, Item 10 / 1B-20 / 5701 | No Sticker |
| LE 88 | 1 Box | Brown | | | 281A-MM-91505 /1B-18/ Rm B, Item 3 / 5701 | No Sticker |

Client Matter #    Fred Morgenstern    Case No. 6:00-236-13    U.S.A. vs. Alliance Trust, vs. Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it Color | InfoDot on Item | Description on Outside of Item | Evidence Sticker Information | | |
|---|---|---|---|---|---|---|---|---|
| LE 89 | 1 Box | Brown | | 69/ Only a sample of printed mail out of brochure in white box enclosed | Room 1 I / Item 2 / 5701 / 281A-MM-91505 / 1B22 | No Sticker | | |
| LE 90 | 1 Large Box | White | Purple | | | Room E. Case # 196C-CO-25431 | | |
| LE 91 | 1 Box | White | | | | No Sticker | | |
| LE 92 | 1 Box | Brown | | | 281A-MM-91505 / 1B-18 / Room B/ credenza B/ Item 8 / 5701 | No Sticker | | |
| LE 93 | 1 Box | Brown with white top | Purple | 52 | 1B14 / 281A-MM-91505 /12-5 RK / Box 44 on top, blue marker, white lid | No Sticker | | |
| LE 94 | 1 Box | Brown | | | 1B20 / 281A-MM-91505 / Room G, Box 4 / 5701 | No Sticker | | |
| LE 95 | 1 Box | White | Purple | 74 / If this box is all the same then scan 1 and tell me how many there are | 1B4 / 281A-MM-91505 / 2-13 GP/ 45 / Whole box 4801/ 41 Box Blue Marker | No Sticker | | |
| LE 96 | 1 Box | Brown | Purple | | Box 2 of 3 Alliance Trust / Alliance Trust Manuals | No Sticker | | |

Client Matter #    Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs. Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-it-Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information |
|---|---|---|---|---|---|---|
| LE 97 | 1 Box | Brown | Purple | 49 | 1B14 / Box 42 /12-4 Box (unledgible) / 4901 | No Sticker |
| LE 98 | 1 Box | Brown | Purple | 48 | CART / 281A-MM-91505 | No Sticker |
| LE 99 | 1 Box | Brown | Purple | 81 / 7 / There is Box 40 on top blue marker/281A-MM-no box # 60 91505 / Room 12 / 4901 / 1B14 | No Sticker |
| LE 100 | 1 Box | Brown | Purple | 47 | 5701 / Room D / 281-MM-91505 / Tellers 2 & 3 / 1 B18 / 1-7-00 | No Sticker |
| LE 101 | 1 Small Box | Brown | Purple | 51/Red Dot | Cameras | Item E-1; Date: 1-7-00; Description: misc. paperwork in box; Location: E-1-master bedroom; Recovered by LSC; File # 196C-CO-25431 |
| LE 102 | 1 Box | Brown | Purple | 50 | Box 24, misc. doc. / 281A-MM-91505 /1B14 /12-4 / Box 2 /4901 | No Sticker |
| LE 103 | 1 Box | White | Purple | 57 | | Item # S-1 (or S-1); Date: 1-7-00; Description: paperwork-real estate, etc.; Location: Toccoa, GA; Recovered by SMG/ LSC; File # 196C-CO-25431 |
| LE 104 | 1 Box | White | Purple | 46/Red Dot DP. Red Dot | VW UP / Mail intercepted by receiver | Item K-5; Date: 1-7-2000; Description: Room K-Box of financial records; Location: Room K; Recovered by SA B.E. Carr/ BothMack; file # 196C-CO-24531 |

Client Matter #          Fred Morgenstern

Case No. 6:00-236-13

U.S.A. vs. Alliance Trust, vs.
Prestige Accounting Services

| Legal Eagle # | Item | Item Color | Post-It-Color | Info/Dot on Item | Description on Outside of Item | Evidence Sticker Information |
|---|---|---|---|---|---|---|
| LE 105 | 1 Box | White | Pink | Box A/ CC/Red Post-It Flag on top of box | | Item #J-1; Date: 1-7-00; Description: misc. papers from counter with sink; Location: Room J; Recovered by SA Stanton; File # 196C-Co- |
| LE 106 | 1 Box | White | Pink | Prestige Deposit Slips / book/Red Dot | Room T, Garage / Toccoa, GA/ 196C-CO-25431 | Item # T-1; Date: 1-7-00; Description: ___ (CMA or CARA)/ monthly statements & misc. paperwork; Location: garage; Recovered by CIG/ WJ/HR; File # 196C-CO-25431 |
| LE 107 | 1 Box | White | | Red Dot | | Item no. R-1; Date: 1-7-00; Description: paperwork re: councilman information; Location: Toccoa, GA; Recovered by SAE/ LSC; 196 C-CO-25431 |
| LE 108 | 1 Plastic File Box | Black | White tag | 281-A-MM-81505/1S3/1 B7 | | No Sticker |
| LE 109 | 1 Rolling Plastic File Cabinet with 2 drawers | Black | Purple | 34/Red Dot on both drawers | | Item #J-4; Date: 1-7-00; Description: Plastic file cabinet with files; Location: Room J; Recovered by SA Stanton; File # 196C-CO- |
| LE 110 | 1 Box | Brown | Purple | 54 | 281-A-MM-81505 / 1B20 / Room G Box 8 / 5701 | No Sticker |

TRANSMISSION VERIFICATION REPORT

TIME : 09/21/2001 03:58

```
DATE,TIME              09/21 03:49
FAX NO./NAME           3567230
DURATION               00:09:17
PAGE(S)                16
RESULT                 OK
MODE                   STANDARD
                       ECM
```

TRANSMISSION VERIFICATION REPORT

TIME : 09/21/2001 04:30

| | |
|---|---|
| DATE,TIME | 09/21 04:25 |
| FAX NO./NAME | 13053743414 |
| DURATION | 00:05:30 |
| PAGE(S) | 16 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

**JOHN R. HOWES, P.A.**
633 SE 3rd Ave., Suite 4R
Ft. Lauderdale, Fl. 33301
Phone: 954.763.6003
Fax: 954.462.2255
E-mail: Buldolphin@aol.com

# Facsimile

| | | | |
|---|---|---|---|
| **To:** | Brian McCormick, Esq. | **From:** | John R. Howes, Esq. |
| **Fax:** | 356.7230 | **Pages:** | Cover |
| **Phone:** | 356.7255 | **Date:** | 09/24/1 |
| **Re:** | *U.S. v. Morgenstern* | | |

☛ **Comments:**

Please advise as to whether or not you have had contact with your counterpart in South Carolina. I think that a conference call with him and the agent would be most beneficial to all concerned. Other than a pretrial conference by phone with Judge Seitz this morning at 10:00 a.m. I am available all day.

I have received by e-mail and by facsimile photos of the <u>numerous</u> (100+) boxes that are in the custody of the United States in South Carolina. If you would like I could bring them over to you to view so that you could recognize the enormity of the situation, particularly for a single attorney representing an indigent client.

I await your reply.

*John R. Howes*

TRANSMISSION VERIFICATION REPORT

TIME : 09/23/2001 22:05

| | |
|---|---|
| DATE,TIME | 09/23 22:04 |
| FAX NO./NAME | 3567230 |
| DURATION | 00:00:42 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |