UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ (s)(s)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FRED MORGENSTERN,

        Defendant.
_____/

### DEFENDANT FRED MORGENSTERN'S MOTION FOR BILL OF PARTICULARS.

Rule 7(f), Fed.R.Crim.P., permits the court to direct the filing of a bill of particulars. The rule provides for a motion for a bill of particulars to be made within ten days of arraignment "or at such later time as the court may permit." Since this motion is made within ten days of appointment of undersigned counsel, Mr. Morgenstern requests that it be considered by the court.

The second superceding indictment is laced with references to a geographically identified criminal activity that was present to a limited degree in the initial indictment, but masked by references to a telemarketing activity[1]. This criminal activity is undefined, and

---

[1] The initial indictment rode, in part, on the back of an allegedly illegal telemarketing activity associated with Joseph Spitaleri, which is the subject of overt acts numbered 21, 22, and 23. This entire "predicate" has been deleted from the second superceding indictment, revealing the fact that "a criminal group operating in South Carolina" is a group that is somehow distinct from the Spitaleri telemarketing activity and somehow distinct from the enterprise charged in the second superceding indictment. In short, the second superceding indictment reveals that the government has changed horses.

1



therefore unlimited for double jeopardy purposes. By this motion, Mr. Morgenstern seeks clarification and specification of the terms "a criminal group operating in South Carolina" and "a South Carolina based investment fraud," used in the second superceding indictment.

Count 14 (money laundering conspiracy) and Count 15 (substantive money laundering) are new counts in the superceding indictment. They do not meet the specificity requirements necessary for Mr. Morgenstern to assert a double jeopardy defense because the source of the checks is identified only as "a South Carolina based investment fraud." To permit Mr. Morgenstern to prepare his defense, to protect him from double jeopardy and to avoid surprise at trial, Mr. Morgenstern requests that the court direct the government to provide the following particulars:

> a) the identity of the persons engaged in the referenced "South Carolina based investment fraud;"
>
> b) the nature, purpose and methods by which this "South Carolina based investment fraud" operated; and
>
> c) when and how the government alleges Mr. Morgensten formed the specific intent necessary to establish the violations charged in Counts 15 and 16 with respect to the "South Carolina based investment fraud."

These requests fall within the permitted scope of a bill of particulars. A bill of particulars may be used to protect a defendant from double jeopardy, *United States v. Giese*, 597 F.2d 1190 (9th Cir.1979), to enable the adequate preparation of a defense, *United States v. Birmley*, 529 F.2d 103 (6th Cir. 1976), and to avoid surprise a trial. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993).

WHEREFORE, defendant Fred Morgenstern requests that his motion for a bill of

particulars be granted.

                          Respectfully submitted,

                          /s/ William M. Norris
                          William M. Norris
                          William M. Norris, P.A.
                          7685 S.W. 104 Street, Suite 220
                          Miami, Fl 33156
                          Tel. 305-661-6118
                          Fax. 305-667-6161
                          Attorney for Fred Morgenstern

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true copy of the forgoing has been mailed, postage prepaid, this 15th day of January, 2002, to AUSA Bryan McCormick; 500 E. Broward Blvd, Ste 700; Ft. Lauderdale, FL 33394, and all counsel of record.

                          /s/ William M. Norris
                          William M. Norris