

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA

CASE NO. 00-6309 -CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiffs,

vs.

FRED MORGENSTERN, et al..

    Defendants.
_____/

NIGHT BOX FILED
JAN 31 2002
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## EMERGENCY MOTION FOR PERMISSION TO TRAVEL

**THE DEFENDANT, FRED MORGENSTERN,** by and through his undersigned counsel, and pursuant to the conditions of the bond set for Defendant Fred Morgenstern in this action, hereby respectfully requests permission to travel to Anderson, South Carolina to submit himself to the jurisdiction of said court for the below-stated reasons:

1. The Defendant requests to travel to Anderson, South Carolina to the United States District Courthouse located at 315 South McDuffie Street to surrender himself as the Defendant realistically believes that an Order of Civil Contempt has been or may have been entered by Judge Anderson of that Court on or about the 31st day of January, 2002 in the case of USA vs. ALLLIANCE TRUST, et al., Case Number: C/A No. 6:00-236-3.

2. Defendant needs to leave immediately to insure he is in South Carolina to surrender himself on or about Monday, February 4, 2001 before the United States Marshall Service in light of a civil contempt order that was issued in the United States District Court for the District Court of South Carolina due to a hearing being



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 01-0653-CR-SEITZ/GARBER

**NIGHT**
**FIL**
JAN

CLARENCE MADD
CLERK, USDC / SDFL

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY BERNARD ETHERIDGE,

    Defendant.
_____/

### DEFENDANT'S OBJECTION AND APPEAL FROM REPORT AND RECOMMENDATION AND ORDER OF THE MAGISTRATE

**COMES NOW** the Defendant, **ANTHONY BERNARD ETHERIDGE**, by and through his undersigned counsel, and pursuant to Rule 4(a)(1) of the Magistrate Judge Rules for the United States District Court for the Southern District of Florida, and files his Objection and Appeal from the Report and Recommendation and Order filed by Magistrate Judge Garber on January 23, 2002, and a subsequent order denying the Defendant's Supplemental Request for Production, dated January 25, 2002. In furtherance of this objection and appeal, the Defendant would set forth the following:

### INTRODUCTION

1.    The Defendant filed his Motion to Suppress Electronic Surveillance, directed to the legality of a Title III interception order signed by United States District Judge Shelby Highsmith. The Defendant contended in that motion that the affidavit underlying the Title III interception request failed to set forth probable cause, and that the affidavit failed to include, or omitted, material information, which, if disclosed, would have undermined the



Government's claim of probable cause. See, Franks v. Delaware, 438 U.S. 154 (1978).

2. The heart of the Title III application's affidavit was the contention that Mr. Etheridge was alleged to have engaged in four telephone calls, intercepted pursuant to a Title III interception which originated in the Middle District of Florida, and in the course of these telephone conversations, agreed to supply one kilogram of cocaine to an individual named Farrell Alston. It was the Defendant's claim in his motion that the agent who prepared the affidavit misinterpreted those four telephone calls, and that Mr. Etheridge was not the source of any cocaine to Mr. Alston.

3. The agent's interpretation that these four telephone calls resulted in the production by Mr. Etheridge of one kilogram of cocaine to Mr. Alston was buttressed by the fact that couriers acting on behalf of Mr. Alston were intercepted driving from Miami to Jacksonville just a few days after the conversations, and that traffic interdiction resulted in the seizure of five kilograms of cocaine and 100 ecstasy tablets from these couriers.

4. The Defendant contended, however, that these couriers for Farrell Alston acquired the cocaine elsewhere, as the five kilograms were similarly wrapped which indicated a singular source; if but one source was responsible for the five kilograms, the agent's interpretation that one kilogram was acquired from Mr. Etheridge was retroactively erroneous. Therefore, the Defendant contended, the agent should have advised Judge Highsmith, in the affidavit application, of the similarity amongst the five kilograms of cocaine.

5. The Magistrate Judge conducted an evidentiary hearing on January 15, 2002. In the course of that hearing, testimony was taken from the agent who prepared the

affidavit. An issue arose in the course of her testimony as to whether the Government had also intercepted telephone calls (an electronic interception order was in effect for Farrell Alston) wherein it was learned by eavesdropping agents that Farrell Alston had acquired five kilograms of cocaine - - the five kilograms of cocaine subsequently seized on March 26 - - from someone other than Mr. Etheridge. Defense counsel argued that if electronic surveillance and eavesdropping agents in fact were aware that Farrell Alston had acquired these five kilograms of cocaine from someone other than Anthony Etheridge, those agents were duty-bound to include that information in the Title III application submitted to Judge Highsmith.

      6.   Submission of that information, it was argued, would have been inured against a determination of probable cause, and would have flatly negated the agent's interpretation that Mr. Etheridge was involved in narcotics-related conversations with Mr. Alston. The defense asked for production of interception logs and recordings of all narcotics-related conversations which occurred between Mr. Farrell Alston and others, in order to demonstrate that a <u>Franks v. Delaware</u> violation occurred. In other words, counsel argued to the Magistrate Judge that production of those narcotics-related telephone calls between Mr. Alston and other sources of supply other than the Defendant (the Title III applications from Jacksonville indicated that Mr. Alston had other sources of supply in Miami), a <u>Franks</u> violation would be established.

      7.   The Defense specifically moved for production for all records, interceptions, or logs wherein it is reflected that Mr. Alston was engaged in telephone communications of narcotics related activity with persons other than Mr. Etheridge regarding the purchase

3

of cocaine between March 22 and March 26, 2001. See, Transcript of Motion to Suppress Electronic Surveillance of January 15, 2002 at 95-97. The Magistrate Judge preliminarily requested production of that evidence for an in camera inspection, or a statement from the Government regarding the existence of any such calls.

### GOVERNMENTAL RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

8. The United States subsequently filed with the Court a pleading entitled Government's Supplemental Response to Defendant's Motion to Suppress. See Exhibit 1. The Government indicated that it had reviewed the summaries of monitored calls and investigating agents notes and interpretations to determine if it could identify "another potential source of the five kilograms of cocaine seized on March 26, 2001." Although the United States stated that it believes there were no such calls, the United States did notify the Court that **"during this period of time, the Title III intercept of Alston's telephone recorded calls regarding the MDMA made pills and other calls regarding cocaine."** Nevertheless, the Government advised that it was the opinion of the monitoring agents that these conversations did not provide evidence of any other source of the five kilograms of cocaine. In that pleading, the United States indicated that it would only produce this information for an in camera review if the Magistrate Judge so requested. See, Government's Supplemental Response to Defendant's Motion to Suppress.

9. The Defendant promptly filed a Reply to the Supplemental Response, reiterating his demand for production for discovery of these intercepted narcotics-related telephone calls to enable the Defendant to expand his complaint under Franks v.

4

Delaware. See, Defendant Etheridge's Reply to the Government's Supplemental Response to Defendant's Motion to Suppress at Exhibit 2. In a subsequent pleading, entitled Defendant Etheridge's Supplemental Request for Production in Furtherance of his Motion to Suppress Evidence Secured under a Title III Application, Mr. Etheridge expanded his written claims and request for production to include the principles of Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agers, 427 U.S. 97 (1976). See Exhibit 3. In that pleading, the Defendant pointed out to the court that only the United States had control or knowledge of these materials, and independent attempts by defense counsel to acquire these materials proved unavailing. The Defendant was seeking production of intercepted telephone calls that were discoverable material in the pending case of United States v. Farrell Alston, a criminal indictment filed in the Middle District of Florida, Jacksonville Division. Counsel contacted three defense counsel for co-defendants in that case, in an independent effort to acquire this discovery material, in light of the Government's unwillingness to provide this discovery matter. Three times, counsel was advised that co-defendants were afraid to cooperate in Mr. Etheridge's investigation, as they were cooperating defendants, and feared Government retribution at sentencing.

## THE REPORT AND RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE

10. In a Report and Recommendation dated January 23, 2002, the Magistrate Judge recommend that the Motion to Suppress Electronic Surveillance be denied. The Defendant would herein object to the findings of fact and conclusions of law set forth in that Report and Recommendation. He would respectfully submit that the crux of the Title

III application was the four intercepted telephone calls of March 22 and March 23; that the Magistrate Judge's reliance on a summary response by the United States that the agents believe there were no other pertinent narcotic-related telephone calls by Mr. Alston, without an independent review of those records, was inappropriate; that the Defendant was denied the opportunity to set forth his <u>Franks</u> claim without production of the requested discoverable material; that production of the discoverable material would have enabled the Defendant to show whether the agent intentionally or recklessly misled Judge Highsmith, which would have negated the finding of probable cause; that absent the agent's interpretation of those four telephone calls, which may be negated by the unproduced material, the affidavit was bereft of probable cause.

11.   Following the entry of the Report and Recommendation, the Magistrate Judge entered an order on January 25, 2002, reiterating it's Report and Recommendation, notwithstanding the filing by the Government that it had intercepted other telephone calls by Mr. Alston, with other suppliers of cocaine, regarding the purchase of cocaine. It was the finding of the Magistrate Judge that, notwithstanding this potential material, there was probable cause in the affidavit. The Magistrate Judge did not request an in camera review of the logs reflecting the related cocaine purchases. Mr. Etheridge would respectfully object to this conclusion and ask the District Court to conclude that a redaction from the affidavit of the agent's opinion that these four telephone calls were narcotics-related, or by the inclusion of additional recorded telephone calls suggesting that Mr. Alston had in fact acquired cocaine from somebody else, would create the absence of probable cause and negate Judge Highsmith's belief that the Title III interception was appropriate. Also,

the Defendant would submit that the failure of the Magistrate Judge to conduct an in camera inspection of the related calls was erroneous.

## CONCLUSION

**WHEREFORE**, it is respectfully requested that the District Court enter an order (1) instructing the Government to produce for inspection summary logs, interception notes, and recorded telephone calls of Farrell Alston between March 22 and March 26, 2001, regarding narcotics-related activity, to enable the Defendant to demonstrate his <u>Franks</u> claim at a <u>de novo</u> hearing, and (2) a <u>de novo</u> evidentiary hearing, following such production, to enable the Defendant to demonstrate his <u>Franks</u> claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this _1_ day of February, 2002 to: **MR. MICHAEL BROWN**, Assistant U.S. Attorney, Office of the U.S. Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

Respectfully submitted,

PETER RABEN, P.A.
First Union Financial Center
200 South Biscayne Boulevard
Suite 5100
Miami, Florida 33131
Telephone: (305) 379-1401
Facsimile: (305) 530-8557

By: _____
PETER RABEN, ESQUIRE
Florida Bar No.: 231045

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-653-Cr-SEITZ

UNITED STATES OF AMERICA,

v.

ANTHONY BERNARD ETHERIDGE, and
ISAIAH BYNES.
_____/

**Government's Supplemental Response to Defendant's Motion to Suppress**

The United States hereby files this supplemental response to the defendant's Motion to Suppress Electronic Surveillance. At the hearing on the defendant's Motion to Suppress, the Court ordered the United States to notify the Court whether the government intercepted calls between Farrell Alston and any other individual between March 22 (the date on which Etheridge and Alston discussed cocaine) and March 26 (the date on which the cocaine was seized) that could identify another potential source of the 5 kilograms of cocaine seized on March 26, 2001.

The United States has reviewed summaries of the monitored calls and the investigating agents' notes and interpretations. The United States believes that there were no such calls. The United States notifies the Court that, during this period of time, the Title III intercept of Alston's telephone recorded calls regarding the MDMA pills and other calls regarding cocaine. The monitoring agents familiar with the

Ex 1

investigation, Alston's use of code words, and other participants to the conversations do not believe that the conversations provide evidence of any other source of the 5 kilograms of cocaine.

If requested, the United States will make the call summaries available to the Court for an in camera review. The United States will also arrange to have the investigating agents available to assist the Court if necessary.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: /s/ MLB
MICHAEL L. BROWN
Assistant United States Attorney
Court No. A5500468
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9161

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this 10th day of January 2002 to **Peter Raben**, 200 S. Biscayne Boulevard, Suite 5100, Miami, Florida 33131 and **Faith Mesnekoff**, Assistant Federal Public Defender, 150 West Flagler Street, Suite 1700, Miami, Florida 33130-1555.

_/s/ MLB_
Michael L. Brown
Assistant United States Attorney

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 01-653-CR-SEITZ/GARBER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY BERNARD ETHERIDGE,
ISAIAH BYNES,

    Defendants.
_____/

### DEFENDANT ETHERIDGE'S REPLY TO THE GOVERNMENT 'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

Mr. Etheridge, by and through his undersigned counsel, respectfully requests the production of discovery as set forth at the Motion to Suppress, which is within the Government's possession, as a Reply to the Government's Supplemental Response to Defendant's Motion to Suppress.

The United States, in its Supplemental Response, suggests that (as predicted by defense counsel) Mr. Alston **was** engaged in recorded telephone calls regarding the acquisition of narcotics, including cocaine. Mr. Etheridge argued to the Magistrate at the Motion to Suppress hearing that the existence of these telephone calls were matters which negate the existence of probable cause, which should have been addressed in Government's Title III application, and which erode the opinion set forth by Agent Reynolds in the Application that Mr. Alston acquired cocaine from Mr. Etheridge on March 23.

Mr. Etheridge would seek the opportunity to expand his complaint under Franks v. Delaware, 438 U.S. 154 (1978) with a more thorough analysis of these cocaine-related

Ex 2

telephone calls. Rather than and in camera submission as suggested by the Government Mr. Etheridge seeks the opportunity to make his presentation in an adversarial setting, after he has been permitted to independently review the conversations the Government now acknowledges.

**WHEREFORE**, it is respectfully requested that this Court enter an order directing the Government to produce, for inspection, logs, transcripts, or taped recorded conversations between Mr. Alston and known or unknown sources as it pertains to the acquisition of cocaine during the March 22-26, 2001 time frames.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 1L day of January, 2002 to: **MR. MICHAEL BROWN**, Assistant U.S. Attorney, Office of the U.S. Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

> Respectfully submitted,
>
> PETER RABEN, P.A.
> First Union Financial Center
> 200 South Biscayne Boulevard
> Suite 5100
> Miami, Florida 33131
> Telephone: (305) 379-1401
> Facsimile: (305) 530-8557
>
> By: _____
> PETER RABEN, ESQUIRE
> Florida Bar No.: 231045

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 01-653-CR-SEITZ/GARBER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY BERNARD ETHERIDGE,
ISAIAH BYNES,

    Defendants.
_____/

## DEFENDANT ETHERIDGE'S SUPPLEMENTAL REQUEST FOR PRODUCTION IN FURTHERANCE OF HIS MOTION TO SUPPRESS EVIDENCE SECURED UNDER A TITLE III APPLICATION

The Defendant, **ANTHONY BERNARD ETHERIDGE**, by and through his undersigned counsel, and as a supplement to his previously filed Reply to the Government's Supplemental Response to Defendant's Motion to Suppress, reiterates his request for discovery and production by the Government of all Title III material pertaining to the interception of telephonic communications of Farrell Alston, between March 22 and March 26, 2001, to facilitate an appropriate resolution of Defendant Etheridge's Motion to Suppress. This supplemental demand is made pursuant to the mandates of Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976). In furtherance of this request, the Defendant would set forth the following:

    1. Mr. Etheridge has previously set forth before this Court his need for production of the Title III materials pertaining to the telephonic communications and interceptions of Farrell Alston as it pertains to his cocaine purchases and acquisitions on or about March

Ex. 3

22-26, 2001. He reiterates his need for those productions, and now relies upon the constitutional principles of the Sixth Amendment to the United States Constitution to compel disclosure.

2.  First, the United States is obliged to provide these materials if there is a reasonable probability that disclosure of the evidence may or could change the outcome of the proceeding. See United States v. Bagley, 473 U.S. 667 (1985). Clearly, a determination by a review of these telephone calls that the agent requesting the Title III interception misled the issuing magistrate, or omitted material items from the issuing magistrate, is a matter for this Court to determine under the Franks claim raised by the Defendant Etheridge.

3.  The Government can not contend that it does not have control or knowledge of these materials. Agent Reynolds testified at the evidentiary hearing held by the magistrate that law enforcement officers in Jacksonville were monitoring Farrell Alston's telephone calls during this time frame, and alerted her of Mr. Alston's telephone calls to Mr. Etheridge. Moreover, the affidavit submitted by Agent Reynolds enclosed and incorporated two affidavits from Jacksonville law enforcement officers, so the two agencies were working hand in hand. Therefore, the United States has knowledge and control of this material and it is within their ability to produce. See Weeks v. Jones, 26 F. 3rd 1030 (11th Cir. 1994).

4.  Moreover, defense counsel would assert herein that this evidence is not available to the defense from other sources. See United States v. Dixon, 132 Fed. 3rd 192 (5th Cir. 1997) (no Brady violation and Government failure to produce financial records and

car titles of co-defendant in drug conspiracy case because defendant could have acquired records through own due diligence). Undersigned counsel has undertaken his own attempt to acquire these Title III documents through his own due diligence. On three occasions, counsel was rebuffed by defense counsel for other individuals who were intercepted in the Title III application, because the intercepted individuals were subsequently indicted and became cooperating defendants seeking sentencing reductions from the United States. Three times, three different defense counsel for these cooperating individuals asserted a fear that cooperation with undersigned counsel, by production of these documents, would result in adverse consequences or retribution by the Government regarding sentencing considerations. In other words, counsel for Mr. Etheridge has been unable to obtain these materials on his own because cooperators fear that helping a non-cooperating defendant would result in their being penalized.

5.  Mr. Etheridge urges production of these Title III materials. He is not on a fishing expedition, as counsel for the United States has indicated that Mr. Alston was involved in narcotics related conversations with other sources during this time frame. These conversations are clearly directed to a material issue which is material to the Defendant's motion to suppress. He has no other way of obtaining these materials, and it is his duty to attempt to secure these materials in defense and vindication of his Fourth Amendment rights.

**WHEREFORE**, it is respectfully requested that an order be entered requiring the United States to produce for inspection and coping Title III documents concerning Farrell Alston's acquisition of cocaine during the relevant time frames set forth above here.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct cop of the foregoing was mailed this ⎯ day of January, 2002 to: **MR. MICHAEL BROWN**, Assistant U.S. Attorney, Office of the U.S. Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

        Respectfully submitted,

        PETER RABEN, P.A.
        First Union Financial Center
        200 South Biscayne Boulevard
        Suite 5100
        Miami, Florida 33131
        Telephone: (305) 379-1401
        Facsimile: (305) 530-8557

By: _____
        PETER RABEN, ESQUIRE
        Florida Bar No.: 231045