UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ/GARBER(S)(S)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FRED MORGENSTERN,

        Defendant.
_____

GOVERNMENT'S MOTION FOR RECONSIDERATION
OF MAGISTRATE-JUDGE'S ORDER CONCERNING
PRODUCTION OF TEN DAY REPORTS AND DAILY
LOGS AND INCORPORATED MEMORANDUM OF LAW

    The United States of America, through its undersigned Assistant United States Attorneys, files this motion for reconsideration of the Magistrate-Judge's Order, dated February 15, 2002, in which the Court granted defendant Fred Morgenstern's motion for production of the ten day-reports and the daily logs related to the electronic surveillance conducted in this matter. For the reasons set forth below, the government submits the defendant Fred Morgenstern's motion should be denied.

    1.  On October 10, 2001, after a status conference held in the matter, United States District Judge Patricia A. Seitz issued a written Order (D.E. 690) in which she reasserted her previous



deadline for defense motions, October 22, 2001.[1] A copy of the Court's Order is attached.

2. On January 25, 2002, defendant Fred Morgenstern filed his current motion for production of the ten-day reports and daily logs related to the electronic surveillance conducted in this matter. No leave of the Court was sought or received for the filing of this untimely motion.

3. The government filed no response to the motion since it was outside the time deadlines set by the District Court. However, to assist the recently appointed counsel for Fred and David Morgenstern, the government did provide a redacted version of the daily logs which had been previously provided in discovery.[2]

ARGUMENT

As stated above, the government believed that it was unnecessary to respond to defendant Fred Morgenstern's motion for production since it was so clearly untimely, having been filed over three months after the District Court's deadline for the filing of pretrial motions. Therefore, the government respectfully requests

---

[1] Only three defendants, John O'Sullivan, Joseph and Doreen Russo were permitted to file motions by November 19, 2001, since they had been charged later through the second superseding indictment.

[2] Unfortunately, some portions of the redacted daily logs did not copy completely. To alleviate the problem, we have contacted David Rothman, attorney for John Mamone; they have agreed to furnish a complete set to the defendant. These logs have been available to all defendants since early 2001.

that the Magistrate-Judge reconsider his Order and deny the defendant's motion.

As to the daily logs, in early 2001, the government provided to all defendants access to redacted daily logs from the electronic surveillance.[3] To the extent that a portion of the redacted logs was not complete, the government will obtain a complete set of the redacted logs that will be provided immediately to the defendant.

Progress reports are generally not discoverable, Fed.R.Crim.P. 16(a)(2), and the defendant's motion provides absolutely no compelling reason for their disclosure. The defendant's motion contains merely conclusory statements that there was exculpatory conversations intercepted and that the defendant needs the progress reports in order to prepare his defense. This claim totally ignores the fact that the government has already provided in discovery all the Orders, Applications, and Affidavits relating to the electronic surveillance as well as copies of all the recordings of intercepted conversations and the available transcripts. The defendant has provided absolutely no rationale for his claimed need to review the progress reports in light of all the materials already provided.

---

[3] The government removed the agent summary of the calls from the daily logs. This type of redaction was found to be proper in United States v. Wright, 121 F.Supp. 2d 1344, 1351 (D.Kan. 2000), since the summaries constitute the agent's mental impressions amounting to work product.

3

In a situation such as this, progress reports are simply not discoverable. United States v. Chimera, 201 F.R.D. 72 (W.D.N.Y. 2001); United States v. Wright, 121 F.Supp. 2d 1344 (D.Kan. 2000); United States v. Birdman, 1992 W.C. 203318 (E.D. Pa. 1992); United States v. Orozco, 108 F.R.D. 313, 316 (S.D.Ca. 1985); United States v. Marchman, 399 F.Supp. 585, 586 (E.D.Tenn. 1975); United States v. Brodson, 390 F. Supp. 774, 777-78 (E.D. Wis. 1975).

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests this Court to reconsider its Order and deny defendant Fred Morgenstern's motion for production of ten-day reports and daily logs.

Respectfully submitted,

GUY E. LEWIS
UNITED STATES ATTORNEY

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this 21st day of February, 2002 to:

William Norris, Esq.
7685 S.W. 104th Street, Suite 220
Offices of Pinecrest II
Miami, FL 33156

DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

v.

JOHN MAMOME, et al.,
_____/



## ORDER

This matter came before the Court for Status Conference on discovery matters on October 10, 2001. The Court having heard representations of counsel, and being otherwise fully advised, it is

ORDERED as follows:

1. The Government will arrange for the return to Miami of the approximately 110 boxes of documents currently located in South Carolina on or before **November 1, 2001.**

2. On or before **November 22, 2001**, the Government will advise the Court whether there is an index of the South Carolina documents which has been prepared by counsel in South Carolina.

3. The three new Defendants, John O'Sullivan, Joseph Russo and Doreen Russo, shall file pretrial motions on or before **November 19, 2001**. The Government shall file its response on or before **December 7, 2001**, to these motions. All other parties must file pretrial motions no later than October 22, 2001 with responses due by November 19, 2001, as previously ordered.

4. Any expenses in excess of $1,000.00 incurred by CJA counsel thus far, without prior approval of the Court and the Eleventh Circuit Court of Appeals, will not be approved for payment.

DONE AND ORDERED in Miami, Florida this 10th day of October, 2001.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
See attached Service List



SERVICE LIST
00-6309-CR-SEITZ
USA v. Mamone, et al.

Brian McCormick, AUSA
Fort Lauderdale

Diana Fernandez, AUSA
Fort Lauderdale

David Rothman, Esq.
200 South Biscayne Blvd.
Suite 2690
Miami, FL 33131
*Counsel for John Mamone*

John R. Howes, Esq. (CJA)
633 S.E. 3rd Avenue
Suite 4F
Fort Lauderdale, FL 33301
*Counsel for Fred Morgenstern*

Ana Jhones, Esq. (CJA)
330 Biscayne Blvd.
Suite 625
Miami, FL 33132
*Counsel for David Morgenstern*

Emmanuel Perez, Esq. (CJA)
2121 Ponce de Leon Blvd.
Suite 920
Coral Gables, FL 33144
*Counsel for Joseph Silvestri*

Brian Tannenbaum, Esq.
200 South Biscayne Blvd., Suite 2690
Miami, FL 33131
*Counsel for Michael Buccinna*

Michael Tarre, Esq.
Counsel for Jeffrey Bass
2 South Biscayne Blvd., Suite 3250
Miami, FL 33131
*Counsel for Jeffrey Bass*

David Tarlow, Esq.
801 Brickell Avenue, Suite 1901
Miami, FL 33131
*Counsel for Frederick Scarola*

James S. Benjamin, Esq.
1 Financial Plaza
Suite 1615
Fort Lauderdale, FL 33394
*Counsel for Mark Carattini*

Neil Nameroff, Esq.
100 S.E. 2nd Street
Suite 3350
Miami, FL 33131
*Counsel for Anson Klinger*

Joseph Rosenbaum, Esq.
2400 South Dixie Highway
Suite 105
Miami, FL 33133
*Counsel for Anson Klinger*

Richard Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210
*Counsel for Charles Clay*

Jon May, Esq.
200 East Broward Blvd.
Suite 1210
Fort Lauderdale, FL 33301
*Counsel for Charles Clay*

Philip Horowitz, Esq. (CJA)
12651 South Dixie Highway
Suite 328
Miami, FL 33156
*Counsel for Mark Weiss*

Jeffrey Harris, Esq.
1 East Broward Blvd.
Suite 1500
Fort Lauderdale, FL 33301
*Counsel for David Bell*

Kenneth Swartz, AFPD
*Counsel for John O'Sullivan*

Jayne Weintraub, Esq.
100 S.E. 2nd Street
Suite 3550
Miami, FL 33131
*Counsel for Joseph Russo*

Howard Srebnick, Esq.
201 South Biscayne Blvd.
Suite 1300
Miami, FL 33131
*Counsel for Doreen Russo*

2