UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6309-CR-DIMITROULEAS(S)(S)

UNITED STATES OF AMERICA,
         Plaintiff,

v

FRED MORGENSTERN, et al.
         Defendants.
_____/

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT FRED MORGENSTERN'S MOTION TO CONTINUE TRIAL

    The United States of America, through its undersigned attorneys, respectfully opposes defendant Fred Morgenstern's Motion for Continuance for the reasons set forth below.

    1.  On November 25, 2000, the defendant entered a not guilty plea before Magistrate-Judge Dube on the original indictment in this case. At that time, the defendant was represented by attorney John R. Howes.

    2.  On December 18, 2000, the government held a discovery conference with attorney John Howes. There, the defendant was informed about the available discovery and the means to acquire it. In summary, the defendant was advised of the electronic surveillance recordings, financial records and other matters relevant to the Standing Discovery Order. The defendant was invited to review records in the government's possession. Furthermore, the defendant was advised that a copying service would provide any and all copies of discovery to the defendants. He was



advised that he should personally contact the service to order discovery. The defendant was also informed that all of the discovery the government intended to use in trial would be imaged on computer discs (CDs), which would also be provided to the defendants in discovery.

3. In December 2000, the defendants were provided with the CDs bearing the Title III interceptions and floppy discs bearing transcripts of interceptions that the government would be using at trial. Moreover, commencing in December, the government began to provide the defendants with imaged documents on CDs. Since that time, all imaged documents have been provided to the defendants. Later, in order to assist the defendants in reviewing and locating relevant Title III interceptions, the government provided the defendants with redacted line sheets prepared by the monitoring agents. All of this discovery was made available to the defendant.[1]

4. On January 30, 2001, a superseding indictment was returned charging the defendant and several other persons with RICO conspiracy, money laundering and other offenses.

5. On March 5, 2001, the defendant pled not guilty before

---

[1] Defendant's claims in his motion that he cannot review relevant conversations because he has not been provided with these line sheets is flatly wrong. Not only was the defendant's first attorney, John Howes, provided with these but also his current attorney, William Norris, was provided with these on two separate occasions.

Magistrate-Judge Dube. At the time, defendant was represented by CJA attorney John Howes.

6. Thereafter, the government provided the defendants with additional discovery in addition to the bulk of the discovery that had already been provided shortly after the original indictment was returned.

7. Throughout the spring and summer of 2001, the defendant and his counsel had access to all available discovery in this case. In fact, during the summer of 2001, the defendant and his then counsel, John Howes, traveled to Greenville, South Carolina to inspect evidence seized by the FBI from other coconspirators.

8. While the defendant and Mr. Howes were in South Carolina inspecting the documents that were seized by the FBI, a controversy occurred between the defendant, John Howes and a copying service. The copying service alleged that Mr. Howes and the defendant had ordered the imaging of voluminous discovery material and the service had not been paid for their service. The service claimed that defendant and his attorney owed nearly $100,000 for the imaging service that had been provided.

9. Upon learning of the possible conflict of interest between Mr. Howes and the defendant, the government moved for a hearing on this issue and to obtain a waiver of the conflict from the defendant.

10. In December 2001, Magistrate-Judge Garber held a hearing during which the defendant waived his Sixth Amendment right to effective assistance of counsel and advised the Court that he wished to continue with Mr. Howes as his CJA attorney. Later, the defendant signed a written waiver in this regard, which was filed with the Court. Subsequently, the defendant reversed his position and withdrew his waiver of conflict of interest.

11. On January 11, 2002, Magistrate-Judge Garber granted the defendant's motion and permitted Mr. Howes to withdraw. The Court admonished the defendant that new counsel would be appointed only if it was understood that no continuance would be granted on account of the appointment of new counsel; the defendant agreed. Shortly thereafter, the Court appointed William Norris as new counsel under the Criminal Justice Act. Mr. Norris was informed by the Court that a condition of his appointment was that Mr. Norris would not seek a continuance in this matter; Mr. Norris agreed.

12. On February 7, 2002, the defendant was arrested in the Southern District of Florida, for failing to appear at a show cause hearing that had been scheduled for February 6, 2002, by United States District Judge G. Ross Anderson, in the District of South Carolina. Pursuant to the request of the Court in South Carolina, the defendant was detained and later returned to South Carolina to appear before Judge Anderson.

13. On March 7, 2002, the defendant was found in criminal contempt of court by Judge Anderson for his failure to appear on February 6, 2002. On that matter the Court sentenced the defendant to time served.

14. At the hearing, the government also produced financial documents demonstrating that the defendant had unlawfully converted Chemical Trust victim funds to his own use. In addition, the government produced evidence that the defendant had violated Judge Anderson's Restraining Order entered against him and other persons. Furthermore, the government produced evidence that the defendant had the means to return the Chemical Trust funds to the Court appointed receiver but has refused to do so. As a result, the Court found the defendant in civil contempt, ordering him detained until he disgorged those assets to the Court appointed receiver.[2]

15. On February 6, 2002, the government filed a Motion to Revoke the Defendant's Bond based upon the defendant's criminal contempt of court in South Carolina. On March 13, 2002, the government filed a supplement informing the Court that the

---

[2] At that time the defendant was a relief defendant in the case of United States v. Virgil Womack, et al. Previously in early 2000, the defendant had been served with a retraining order issued by Judge Anderson. Since then evidence had been developed demonstrating that the defendant had stolen hundreds of thousands of dollars of investment funds belonging to victims of the Chemical Trust fraud. Further evidence demonstrated that the defendant had also violated the restraining order by paying off his American Express bill with Chemical Trust funds after the entry of the restraining order.

defendant had been convicted by Judge Anderson of criminal contempt.

16. On March 25, 2002, this Court revoked the defendant's bond based upon the defendant's having been convicted in the District of South Carolina for criminal contempt.

17. On or about April 2, 2002, the defendant was returned to this district for trial. Since then, the defendant has had ample opportunity to prepare his defense.

18. The defendant and his attorneys have had the opportunity to prepare for this trial since at least December, 2000. The government is prepared to move forward and defendant's motion should be denied.

CONCLUSION

WHEREFORE, for all the foregoing reasons as well as those to be raised at the status conference, the government respectfully opposes the defendant's motion for a continuance.

Respectfully submitted,

GUY E. LEWIS
UNITED STATES ATTORNEY

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

<u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a true and correct copy of the foregoing was faxed this _1st_ day of _May_, 2002 to:

William Norris, Esq.
7685 SW 104th Street, Suite 220
Offices of Pinecrest II
Miami, FL 33156
(Counsel for Fred Morgenstern)

Scott William Sakin, Esq.
1411 NW North River Drive
Miami, FL 33125
(Counsel for David Morgenstern)

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite 920
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

Phillip R. Horowitz, Esq.
Two Datran Center
9130 South Dadeland Blvd.,
Suite 1910
Miami, FL 33156
(Counsel for Mark Weiss)

_Diana W. Fernandez_
DIANA L.W. FERNANDEZ
Assistant United States Attorney