UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS(S)(S)

UNITED STATES OF AMERICA,

        Plaintiff,

v

FRED MORGENSTERN, et al.

        Defendants.
_____/

GOVERNMENT'S MEMORANDUM IN RESPONSE TO
DEFENDANTS' *ORE TENUS* MOTION TO DISQUALIFY THE COURT

The United States of America, through its undersigned attorneys, respectfully files this Memorandum in Response to Defendants *Ore Tenus* Motion to Disqualify the Court.[1]

BACKGROUND

On September 23, 1998, the Court was assigned the case of *The United States Security and Exchange Commission v. Fred Morgenstern, David Morgenstern et al.*, Case No. 98-CV-7044 (SEC). On February 2, 1999, the matter was referred to Magistrate-Judge Barry S. Seltzer for further proceedings, which included scheduling discovery and setting dates for the filing of motions. Also during 1999, Magistrate-Judge Linnea Johnson presided over certain discovery matters. The docket does not reflect any actual

---

[1] Although codefendants Silvestri and Weiss could have joined in the Morgensterns' motion for recusal, at this point they have not.



involvement by the Court in this matter, except for referral of certain matters to the Magistrate-Judges, between the date of the filing of the complaint and the date of the entry of the Recusal Order (October 26, 1999).

On September 23, 1999, in a separate matter, pursuant to Title 18, United States Code, Section 2518, the Court issued an Order authorizing electronic surveillance of a telephone facility located at Cash 96 (check cashing store), in Wilton Manors, Florida, for a period of thirty days.[2] Defendant Fred Morgenstern was named as one of the interceptees in the Order.

On October 26, 1999, the Court entered a Recusal Order on the SEC case; whereupon, the matter was reassigned to United States District Judge Patricia A. Seitz.[3]

On October 26, 2000, a federal grand sitting in Fort Lauderdale, returned a multi-count indictment charging the defendants Fred and David Morgenstern and seventeen other persons

---

[2] On October 26, 2000, the defendants (Morgensterns) and seventeen other persons were charged in the Southern District of Florida with numerous violations, including RICO conspiracy. Evidence obtained from this wiretap was used to charge the defendants. At the status conference, the government had mistakenly identified David Morgenstern as a named interceptee in the Cash 96 wiretap. In fact, of the pending defendants, only Fred Morgenstern was a named interceptee.

[3] On May 2, 2002, at the Status/Calendar call in this case, the Court indicated that the Recusal Order in the SEC case had been entered because the Court felt that there was a *possibility* that the Court's ability to sit on the SEC civil case could be effected because of the potential for *ex parte* communications with the government during the supervision of the wiretap.

with RICO conspiracy and numerous other violations (the present indictment). The matter was assigned to Judge Seitz, who eventually set the matter for trial for the calendar starting February 12, 2002, in Miami. Because of a conflict with another criminal trial, the case was transferred to this Court for trial, who set the matter for trial during the May 6, 2002, calendar. On May 2, 2002, the Court conducted a Status/Calendar call with the government and the remaining four defendants.[4] Three of the defendants requested a continuance. The government agreed to a two-week continuance because of the various motions by the defendants. At the conclusion of the conference, the Court informed the parties of the prior Recusal Order in the SEC case and questioned whether the Court should be preside over the criminal case.

The government also informed the Court that the subject matter of the SEC civil suit (Amquest) would be part of the evidence

---

[4] As the government stated during the status conference, all of the time since the appearance of the first defendant before a judicial officer of the court has been excludable under 18 U.S.C. 3161. From October 26, 2000, until November 6, 2000, the time would be excludable under 3161(h)(3)(A) (unavailable defendant), 3161(h)(1)(H) (delay from transporting defendant to this district), as well as 3161(h)(1)(F) (defense motions). From that point until the first status conference on December 20, 2000, all the time would be excludable due to a variety of defendants' motions. 18 U.S.C. 3161 (h)(pretrial motions). Finally, at each status conference, beginning with December 20, 2000, the defendants' have requested a continuance, which was granted by the court, thus making the remaining time excludable also under 18 U.S.C. 3161(h)(8)(A).

3

offered in the pending criminal case. During the time covered by the indictment, the defendants (Morgensterns) were involved in fraudulent investment schemes that directly relate to the RICO conspiracy and the numerous money laundering violations. All remaining four defendants are charged in this RICO conspiracy and the proof concerning Amquest would be admissible against all four.

Thereafter, both Morgenstern defendants asked the Court to disqualify itself;[5] the government objected. The Court then directed the parties to file briefs on the recusal issue on or before May 10, 2002.

## THE GOVERNMENT'S POSITION

The government submits that the Court has the absolute discretion to deny defendants' Motion to Disqualify on the basis of the authority cited below. However, if the Court remains uneasy with the series of events leading to defendants' motion to disqualify, the Court could still exercise its discretion and recuse itself. If that decision were made by the Court, the government would respectfully urge the Court to reassign the entire case rather than sever the remaining defendants who have not yet joined in the motion for recusal. We ask this in the interest of

---

[5] Both the Morgensterns were named as interceptees on the wiretap orders issued by this Court on January 7, 2000, and February 11, 2000. Both Silvestri and Weiss were intercepted during the course of these wiretaps. Defendants have been aware of this fact since shortly after indictment and have not raised it as a basis for recusal.

4

judicial economy, costs of prosecution that have been and will be incurred in this case and the extreme hardship on witnesses (some of whom are elderly and infirm) who live throughout the country.

The government also respectfully requests that because of the great expense to the government relating to the trial, that the Court resolve the recusal issue prior to the Calendar Call that is presently scheduled for May 17, 2002.

## AUTHORITY

Title 28, United States Code, Section 455 (a) provides in pertinent part that "(a)ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) provides that "(h)e shall also disqualify himself in the following circumstances: (1) (w)here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings..."[6]

When a motion is filed for recusal under Section 455, the decision to recuse is normally left to the sound discretion of the trial judge. *United States v. Bailey*, 175 F. 3rd 966, 968 (11th Cir. 1999). The standard applied under Section 455 is "whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt

---

[6] Title 28, United States Code, Section 144, which provides a basis for filing an affidavit setting forth any bias or prejudice of the court is not applicable to the facts of this case.

5

about the judge's impartiality." *United States v. Chandler*, 996 F. 2d 1073, 1104 (11th Cir. 1993).

It is axiomatic that in almost every case any claim for recusal under Section 455 must clearly demonstrate that the actual personal bias or prejudice alleged must have some "extrajudicial source" and not emanate from a court proceeding. This is true whether Section 455(a) or 455 (b)(1) is at issue. *Liteky v. United States*, 510 U.S. 540, 556 (1994). Once it has been shown that the origin of knowledge acquired by the court was through a judicial proceeding, to prevail on recusal a defendant must demonstrate that the court has "...displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id*. Otherwise, the defendant's claim must fail.

Moreover, knowledge of disputed facts garnered from other judicial proceedings does not form a basis for recusal. *United States v. Chandler*, 996 F. 2d 1073, 1104 (11th Cir. 1993). Prior adverse rulings by a judge in the same or related case are not evidence of personal bias that would require recusal. *McWhorter v. Birminham*, 906 F. 2d 674, 678 (11th Cir. 1990). Nor does the fact that the court may have learned something by virtue of an *ex parte* communication concerning a defendant require recusal. *United States v. Bailey*, 175 F. 3rd at 969. Recusal is not required where the court in another matter supervised a wiretap that listed the defendant's attorney as an interceptee. *United States v. Kelley*, 712 F. 2d 884 (1st Cir. 1983). Nor is recusal required when a court

6

presided over another matter concerning the disbarment of the defendant's attorney. *United States v. Cook*, 400 F. 2d 877 (4th Cir. 1969).

Similarly, recusal is not required when the court previously had issued the initial wiretap orders that gave rise to the criminal case. *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F. 2d 482, 490 (1st Cir. 1989).

Furthermore, in *United States v. Merkt*, 794 F. 2d 950 (4th Cir. 1986), the court held that the lower court properly denied a recusal motion even though the court had previously voluntarily withdrawn from another case in which the current defendant was charged. The court found no basis for recusal even though what amounted to a prior recusal had occurred. Again, prior judicial involvement was simply not recognized as a basis justifying recusal in a pending case.

Here, according to long-standing case law, the Court probably need not have recused itself on October 26, 1999, because of a concomitant *ex parte* issuance of a wiretap order. Consequently, even though the Court had previously recused itself because of that matter, this fact alone does not require another recusal in the instant case. Any information the Court may have learned while supervising the Title III was acquired during *ex parte* judicial proceedings, which cannot provide a basis for recusal, absent a showing of deep-seated bias or prejudice. That showing has not

7

been made and the government respectfully submits could not be made.

## CONCLUSION

WHEREFORE, for all the foregoing reasons as well as those raised at the status conference, the government respectfully requests that this Honorable Court deny the defendants' motion for recusal.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: *[signature]*
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: *[signature]*
JAMES R. PAVLOCK
SENIOR TRIAL ATTORNEY
DOJ/CRIMINAL DIVISION
Court I.D. #A5500657
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

8

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was faxed and mailed this 9th day of May, 2002 to:

William Norris, Esq.
7685 SW 104th Street, Suite 220
Offices of Pinecrest II
Miami, FL 33156
(Counsel for Fred Morgenstern)

Scott William Sakin, Esq.
1411 NW North River Drive
Miami, FL 33125
(Counsel for David Morgenstern)

Richard Sharpstein, Esq.
777 Brickell Avenue, Suite 500
Miami, FL 33131
(Counsel for Joseph Silvestri)

Phillip R. Horowitz, Esq.
Two Datran Center
9130 South Dadeland Blvd.,
Suite 1910
Miami, FL 33156
(Counsel for Mark Weiss)

DIANA L.W. FERNANDEZ
Assistant United States Attorney