UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ/DIMITROULEAS (s)(s)

UNITED STATES OF AMERICA,

                Plaintiff,

v.

FRED MORGENSTERN,

                Defendant.
_____/

DEFENDANT FREDERICK E. MORGENSTERN'S MEMORANDUM ON RES JUDICATA EFFECT OF PRIOR RECUSALS OF THE DISTRICT JUDGE.

At the calendar call for this case on May 2, 2002, the Court *sua sponte* raised the question of the effect of the Court's prior orders recusing itself in *SEC v. Fred Morgenstern, et al,* Case No 98-CV-7044 and a private party civil suit against the Morgensterns. The Court's orders of recusal are brief and do not disclose the reason that the Court recused itself. However, the timing of the orders is entirely consistent with the Court's recollection, stated on May 2, 2002, that the Court's supervision of the Title III wiretaps directed against Fred Morgenstern and others lead to this action.

Counsel for Fred Morgenstern has not been able to find clear authority in the reported cases from the State of Florida on whether the recusal of a judge from hearing a party's case acts as *res judicata* on the issue of conflict. However, there are cases that appear to assume that this is the rule. For example, in *Royal Caribbean Cruises, Ltd. v. Doe,* 767 So.2d 626 (Fla 3rdDCA 2000), the <u>fact</u> of prior disqualification was argued to

1



constitute "notice" for timeliness purposes of the plaintiff's motion to recuse the presiding judge. Similarly, in *Houch v. State*, 669 So.2d 1131 (Fla. 3rd DCA 1996), the fact of previous recusal by the presiding judge in a case involving the defendant was viewed as dispositive of the recusal issue.

While the federal statute, 28 U.S.C. §455, is more detailed than Florida Statutes §38.10 and Rule 2.160, Florida Rules of Judicial Administration, it has not produced a clearer answer. The federal cases, in turn, are written in a way that defers to the trial judge's discretion. For example, *United States v. Merkt*, 794 F.2d 950 (5th Cir.1986), concludes that the fact of prior recusal does not compel recusal in a new case. No court other than the former Fifth Circuit seems to have considered the effect of prior recusal.

The nature of the court's conflict, that is the ex parte communication given to the court by the government during the course of the Court's supervision of the wiretaps, also does not give clear resolution to the recusal issue. On one hand, the federal law makes clear that the court's supervision of a wiretap does not compel disqualification in subsequent litigation based on the wiretap. *See, Camacho v. Autoridad de Telephonos de Puerto Rico*, 868 F.2d 482 (1st Cir.1989). On the other hand, there are facts involved in this wiretap that argue cogently for recusal. Most important is the disclosure by the government, in its reapplication for wiretap authority, that Fred Morgenstern had repeatedly exculpated himself in intercepted conversations. The government concluded that Mr. Morgenstern's exculpatory conversations were somehow artfully constructed, and extraordinarily complex lies. Undersigned counsel for Fred Morgenstern moved for disclosure of the the daily logs and ten day reports so that he could test the government's theory.

This Court denied that request.

At the time the Court denied his request, counsel for Mr. Fred Morgenstern was not aware that this Court had been the recipient of the government's ten day reports. Counsel recognizes that a Title III supervising Court might wish to encourage candor in the govenment's ten day reports and might, therefore, be less disposed to order the production of these reports in subsequent litiation. On the other hand, a Court that had no role in the supervision of the wiretap might place greater weight on the defendant's right to learn of the evidence arrayed against him. On the facts of this case, a conflict might exist and the permissive rule of *Camacho* might not apply.

There is another wrinkle in the fabric of this case. At the calendar call, the prosecutor announced that the government intended to prove up the allegations in the Securities and Exchange Commission case, which was the subject of this Court's prior recusal. At the time of the calendar call, counsel wondered if this was a creative way of giving Rule 404(b) notice. The government has superceded its indictment twice against the defendant,[1] and still has not charged any specific criminal conduct in connection with the Amquest matter. In its pleading on the recusal issue addressed in this memorandum, the government again asserts that it will attempt to prove uncharged criminal conduct. This seems to counsel to be another wrap of the rope in favor of recusal. Now it is not only the defendant as to who this Court has recused itself, but it is also the same subject matter, Amquest, as to which the Court has recused itself.

---

[1] Counsel has advised the government that he does not believe that Fred Morgenstern has ever been arraigned on the indictment on which the government intends to proceed to trial. This does not seem to bother the prosecutor.

WHEREFORE, Defendant Fred Morgenstern requests that the Court recuse itself in this matter.[2]

Respectfully submitted,

*/s/ William M. Norris*
William M. Norris
William M. Norris, P.A.
7685 S.W. 104 Street, Suite 220
Miami, Fl 33156
Tel. 305-661-6118
Fax. 305-667-6161
Attorney for Frederick E. Morgenstern

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the forgoing has been mailed, postage prepaid, this 9th day of May, 2002: to AUSA Brian McCormick; 500 E. Broward Blvd, Ste 700; Ft. Lauderdale, FL 33394, and all counsel of record.

*/s/ William M. Norris*
William M. Norris

---

[2] Counsel for codefendant David Morgenstern joined in this motion at the calendar call. He is currently engaged in a murder trial in Circuit Court. He has authorized counsel to represent that he joins in this pleading.