UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ-DIMITROULEAS(s)(s)
(GARBER)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FREDERICK E. MORGENSTERN,

        Defendant.
_____/

FILED by ___ D.C.
INTAKE
JUL - 8 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## JOINT MOTION FOR REINSTATEMENT OF BOND

This joint motion is being filed with the Clerk's office in Ft. Lauderdale, Florida for reference to United States District Judge William P. Dimitrouleas, as the District Judge to whom this case has been transferred and as the District Judge who entered an order revoking Mr. Morgenstern's bond on the government's motion. However, the motion is also being filed in Miami, Florida for reference to United States Magistrate Judge Barry Garber, as the judicial officer who initially set the bond. Mr. Morgenstern believes that the matter should be addressed by Judge Dimitrouleas, but recognizes that custom and policy direct that bond matters be addressed to the judicial officer who originally set the bond.

**I. Relief sought:**

By this joint motion, the parties seek Fred Morgenstern's release pending Rule 20 transfer to and sentencing in the United States District Court for the Southern District of



1

Florida, or until sentencing in the Southern District of Florida, if that transfer is not accomplished before August 1, 2002. The parties seek the addition of a condition of release, house arrest for Mr. Morgenstern at his residence, permitting travel to the Southern District of South Carolina pursuant to Court order, and such other departures from his home as his supervising pretrial services officer may permit.

**II. Reasons for reinstatement of bond:**

Fred Morgenstern has demonstrated that he is not a flight risk and that he is not a danger to the community. He traveled from Los Vegas, Nevada, to the Southern District of Florida to self-surrender and was in compliance with the terms and conditions of his bond until he was directed to report to the District of South Carolina to show cause why he should not be held in civil contempt there. Mr. Morgenstern did not appear in that District as ordered because he was afraid that doing so would be a violation of his bond in the Southern District of Florida. This belief was found to be an error by Judge Anderson in South Carolina, and Mr. Morgenstern accepts it to be an error, although an error he made in good faith, after consultation with everyone who would talk to him about what he should do. As a consequence, Judge Anderson held Mr. Morgenstern in contempt. As a consequence of that contempt order, the government moved for revocation of Mr. Morgenstern's bond. Judge Dimitrouleas granted that motion and revoked Mr. Morgenstern's bond.

Mr. Morgenstern has arranged to purge himself of that contempt. He, the United States Attorney for the District of South Carolina and the referee in the fraud case have agreed to a purging of the contempt by the payment of an initial sum and period payments to the Court by Mr. Morgenstern. Mr. Morgenstern has borrowed the initial sum from his

2

father and Robert Wilson, Mr. Morgenstern's lawyer in that District hold a certified check for deposit when agreement for Mr. Morgenstern's release from custody has been permitted in the Southern District of Florida. The check has not yet been deposited because Mr. Morgenstern cannot raise the periodic payments until he is released from custody and able to earn the money. Failure of Mr. Morgenstern to comply with any of these financial conditions will result in reinstatement of his contempt citation.

Assistant United States Attorney Brian McCormick is aware of the particulars of the relationship of developments in South Carolina.

The parties anticipate that this case will be transferred to the District of South Carolina for sentencing. Mr. Morgenstern has signed the Rule 20 papers and the United States Attorney has signed them and forwarded them to South Carolina. The United States Attorney is expected to accept the case imminently.

Wherefore, the parties jointly request that this Court enter an order reinstating the bond previously entered for Frederick E. Morgenstern, adding to the terms and conditions of that bond that Mr. Morgenstern be under house arrest at his residence subject to travel to the District of South Carolina as ordered by that Court and such other furloughs as approved in advance by the pretrial services officer.

Respectfully submitted,

William M. Norris
William M. Norris, P.A.
7685 S.W. 104 Street, Suite 220
Miami, Fl 33156
Tel. 305-661-6118
Fax. 305-667-6161

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the forgoing has been mailed, postage prepaid, to AUSA Brian McCormick; 500 E. Broward Blvd, Ste 700; Ft. Lauderdale, FL 33394.

_____
William M. Norris