UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRED MORGENSTERN,

    Defendant.
_____/



## SECOND PRELIMINARY ORDER OF FORFEITURE

**THIS CAUSE** is before the Court upon the motion of the United States for a second preliminary order of forfeiture and upon the guilty plea entered by defendant Fred Morgenstern ("Defendant") as to Count Fourteen of the Second Superseding Indictment which charged defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). The object of the conspiracy to which the defendant agreed to plead guilty is a violation of Title 18, United States Code, Section 1957 (engaging in a monetary transaction in property derived from specified unlawful activity). This Court has reviewed the motion, the plea agreement and the record in this cause, and this Court being otherwise fully advised finds that there is substantial evidence supporting the forfeiture of the Defendant's rights, title and interest in the property described below. It is hereby,

**ORDERED and ADJUDGED** that all of the Defendant's rights, title and interest to the $20,000.00, deposited with the Clerk of the Court, are forfeited to the United States of America pursuant to 18 U.S.C. §982 and 21 U.S.C. §853.



It is further **ORDERED and ADJUDGED,** that the Clerk of the Court shall transfer the forfeited $20,000.00, subject of this Order, to the South Carolina case, <u>United States v. Alliance Trust, Virgil Womack, et al.</u>, Case No. 6:00-236-13, Greenville Division, for further disposition in the forfeiture/restitution portion of that case.

It is further **ORDERED and ADJUDGED,** that the United States of America shall immediately seize the asset set forth above, if necessary, to protect the interests in the property ordered forfeited by providing a copy of this order to any person or entity which has possession of or jurisdiction over the forfeited property and by taking all steps necessary and appropriate to protect the interests of the United States of America, including the taking of actual possession and custody. It is further,

**ORDERED and ADJUDGED** that following the entry of this Order pursuant to 21 U.S.C. §853 (n)(1), the United States will provide, to the extent practicable, written notice to all third parties known to be asserting a legal interest in any of the above described property and shall publish notice of this Order and the intent of the United States to dispose of the property in such manner as the Attorney General may direct. Within thirty (30) days following the expiration of the petition period described in the 21 U.S.C. §853(n)(1), the Court shall hold a status conference with all petitioners present for the purpose of setting tentative dates for the ancillary hearings regarding the claims of the petitioners and determining whether such hearings should be consolidated pursuant to 21 U.S.C. §853(n)(4). Five (5) days prior to the hearing, which shall be set by separate order, all petitioners and the United States shall file a joint status report specifying their respective positions on the above

matters. It is further,

**ORDERED and ADJUDGED** that if no claims are filed within the petition period described in 21 U.S.C. §853(n)(2), upon the filing by the United States of a Notice of Publication the above described property shall be deemed forfeited and title vested in the United States of America in accordance with 18 U.S.C. §982 and 21 U.S.C. §853(n)(7).

**DONE and ORDERED** at Fort Lauderdale, Florida this ___12___ day of July, 2002.

_____
HONORABLE WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc:   AUSA Diana W. Fernandez
      AUSA J. Brian McCormick
      AUSA William H. Beckerleg, Jr.
      William M. Norris, Esq.
      Harry M. Solomon, Esq.
      (Counsel for Defendant)