UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS(s)(s)

UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )
      v.                      )
                              )
FRED MORGENSTERN              )
                              )
                              )
            Defendant.        )
_____)

## MOTION TO REDACT FROM PRE-SENTENCE INVESTIGATION REPORT

The Defendant, FRED MORGENSTERN, through undersigned counsel, respectfully moves to redact the following paragraphs on the grounds that they include allegations unrelated to Fred Morgenstern as the result of the original racketeering count to be dismissed at sentencing and, hence, are irrelevant and prejudicial to the sentencing of Fred Morgenstern. These allegations not only go to organized crime allegations, but also include substantive conduct within the scope of the RICO allegation but unconnected to Fred Morgenstern. Since the Presentence Investigation Report follows Fred Morgenstern throughout his stay at every federal prison, the substantive allegations would be considered as truthful and at a minimum would affect Mr. Morgenstern's security level. Since they are of such significance, are not relevant to Mr. Morgenstern and are of great prejudice, this Court is requested to redact the following paragraphs of the Presentence Investigation Report:

1.   Paragraphs 13-15. Organized crime allegations.

2.   Paragraphs 16-24. Telemarketing fraud and money-laundering allegations - criminal conduct not associated with Fred Morgenstern.

1

USA vs. Fred Morgenstern
Case No. 6309-Cr-Dimitrouleas

3. Paragraph 38-40 Gateway Transportation and related conduct of theft and boiler room operations.

4. Paragraph 41-46 pertain to gambling and bookmaking operations.

5. Paragraphs 47-53 concern enforcement activity related to the organized crime allegations and the racketeering count.

Initially, it is noted that these allegations in the Presentence Investigation stem from the written assessment of Assistant United States Attorneys, Diana Fernandez and Brian McCormick and are untested in court (it is noted that Silvestri went to trial and was **not convicted** of Count I, Racketeering). While Racketeering does allow the *allegation* of unrelated criminal activity where the essential elements of RICO are established (enterprise, associated predicate acts, relatedness) there is nothing beyond the South Carolina conduct which involve Fred Morgenstern. There is no factual basis or justification for these paragraphs.

The RICO statute permits an **allegation** of association of individuals, with proof by evidence of an ongoing organization whether formal or informal, and by evidence that the various associates function as a continuing unit. See *United States vs. Turkette*, 452 U.S. 576, 583-584 (1981). It permits a jury to infer the existence of an enterprise where the association furnishes a vehicle for the commission of two or more predicate acts. *United States vs. Elliot*, 571 F.2d 880, 898 (5th Cir. 1978). Fred Morgenstern was indicted under a RICO conspiracy allegation (18 USC §1962(d)) alleging an agreement to commit a series of substantive acts, referred to as predicate acts. In order to prove a pattern of racketeering, there must be proof of the relatedness between the criminal

2

USA vs. Fred Morgenstern
Case No. 6309-Cr-Dimitrouleas

conduct and its likelihood to continue. *H.J. Inc., vs. Northwestern Bell Telephone Company*, 492 U.S. 229 (1989).

While RICO law permits such an allegation, the agreement in this case to dismiss the RICO count and plead solely to the "South Carolina fraud" must be recognized in this sentencing and the proper commentary in the PSI. The South Carolina activity is the only predicate act included in the RICO allegation in which Fred Morgenstern is alleged to have had any role. Yet replete throughout the PSR are references to unrelated criminal conduct of third parties that are included in the PSR only because of the RICO conspiracy allegation. Since there has been no proof of the enterprise, relatedness of the other acts and continuity of the conduct, the inclusion of this other significant conduct will prejudice Mr. Morgenstern throughout his prison stay and does not belong in his Presentence Investigation Report. Certainly this Court is aware that the PSR follows a defendant throughout the prison system and on to supervised release. The defendant's only opportunity to strike irrelevant and prejudicial content in the PSR is under Rule 32 at sentencing. *United States vs. Turner*, 898 F.2d 705, 710 (9th Cir. 1990). *United States v. Beatty*, 9 F.3d 686 (8th Cir. 1993). See generally, Rule 32F.R.Cr.P.

WHEREFORE, for the foregoing reasons, the Defendant respectfully moves to strike from the Presentence Investigation Report the following paragraphs: Paragraphs 13-24; 38-53.

3

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 858-7299

USA vs. Fred Morgenstern<br>
Case No. 6309-Cr-Dimitrouleas

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28th of March, 2003, to: AUSA, Brian McCormick and AUSA, Diana Fernandez, United States Attorney's Office 500 E. Broward Blvd. 7th Floor, Ft. Lauderdale, Florida 33394; USPO, Ed Cooley, US Probation Office, 299 E Broward Blvd, Room 409, Ft. Lauderdale, Florida 33301; 33394; Brian McComb, Counsel for Defendant, David Morgenstern, 3458 S.E. Dixie Highway, Stuart, Florida 34997.

_____
MICHAEL J. ROSEN, ESQ.
Fla. Bar No. 183719
2400 South Dixie Highway, Suite 105
Miami, Florida 33133
(305) 858-9700 (telephone)
9305) 858-7299 (facsimile)