UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS (S)(S)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FRED MORGENSTERN,

        Defendant.

**NIGHT BOX FILED**

APR - 4 2003

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT FRED MORGENSTERN'S MOTION TO REDACT PRESENTENCE INVESTIGATION REPORT AND INCORPORATED MEMORANDUM OF LAW

The United States of America, through it's undersigned Assistant United States Attorneys, files this response in opposition to defendant Fred Morgenstern's motion to redact certain portions of the presentence investigation report (PSI). For the reasons set forth below, the government opposes the redactions.

### Background

1. On October 24, 2000, the defendant was indicted with eighteen others in a seventy count indictment.

2. On January 30, 2001, a superseding indictment was returned in this matter.

3. On August 14, 2001, a fifty-five count second superseding indictment was returned. The defendant was charged in Count 1 (RICO Conspiracy, 18 U.S.C. 1962(d)), Counts 6 and 14 (Money



laundering conspiracy, 18 U.S.C. 1956(h)), and Counts 15 through 55 (Engaging in monetary transactions, 18 U.S.C. 1957).

4.   On May 21, 2002, the defendant pled guilty to Count 14 of the second superseding indictment as well as a single count information (02-60101-Cr-Dimitrouleas) charging him with ITAR, all pursuant to a written plea agreement.

### Argument

Defendant complains that the PSI contains irrelevant and prejudicial material, specifically information concerning organized crime allegations and RICO criminal conduct (telemarketing fraud, money laundering, Gateway Transportation, theft, boilerroom operations, gambling, and bookmaking) in which the defendant did not participate.  The government opposes the removal of this information from the PSI.

Although the defendant was permitted to plead to only one count of the second superseding indictment, he was originally charged in the RICO Count, which contains all of the contested criminal activity and information.  Therefore it is appropriate that the PSI describe the underlying facts of the RICO Conspiracy and the activities of his codefendants.[1]  *See United States v.*

---

[1]   In addition, defendant was involved in some of this activity.  For example, he was associated with the Trafficante Organized Crime Family through codefendant Mamone and he assisted codefendant Spitaleri's telemarketing activity through the cashing of checks at the defendant's check cashing store.  Furthermore, the defendant was <u>directly</u> involved with codefendant Mamone of the Trafficante Organized Crime Family in the theft of over one million

*Legrano*, 659 F.2d 17, 18 (4th Cir. 1981) (Rule 32 permits PSI to include information about indicted but not convicted crimes); *see also United States v. Jones*, 856 F.2d 146, 148-49 (11th Cir. 1988) (Not improper to include overall summary of the crime). Further, in its description of these other activities, the PSI clearly delineates which codefendants were involved and does not inaccurately link the defendant to any of the challenged portions.

Rule 32(c)(1) of the Federal Rules of Criminal Procedure provides that the Court, at sentencing, "must rule on any unresolved objections to the presentence report." However, as the rule states, "[f]or each matter contraverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." [2] *Id.*

The contested portions of the PSI are properly contained in the PSI, they are accurate statements concerning the crimes charged in the indictment, they are not irrelevant, and therefore should not be redacted from the PSI.

Defendant's argument is not so much that the challenged

---

dollars of Chemical Trust proceeds.  These fraud proceeds were negotiated at another check cashing store, Check Cashing Unlimited II.

[2] Rule 32 also provides that a written record of the court's findings and determinations must be appended to the PSI.

3

portions are inaccurate,[3] but rather that they don't apply to the defendant and therefore should not be included in the PSI. Defendant has offered absolutely no support for his position that these portions should therefore be redacted. Rather, in the two cases cited by the defendant, redaction of the challenged portions of the PSI was not ordered by the court.

In the defendant's first case, *United States v. Beatty*, 9 F.3d 686 (8th Cir. 1993), the PSI included information that the defendant had been a primary suspect in a murder, but was never charged. The defendant challenged this portion as irrelevant because it occurred after the charges contained in the indictment. The court held that it needed this information to understand all the circumstances stemming from the offense and stated that Rule 32 does not require that the objected to information be stricken. *Id.* at 689.

In the second case relied upon by the defendant, *United States v. Turner*, 898 F.2d 705 (9th Cir. 1990), although it was remanded because the court had not made a Rule 32 finding concerning the contested facts in the PSI, the court stated that it was not required to delete any portions that were challenged. *Id.* at 710. Further, as to another portion of the PSI that was accurate although challenged, the court found that it was unnecessary to

---

[3] Defendant does argue that these portions are untested in court. That statement, however, ignores the fact that during the plea colloquy of the codefendants, all of these facts have been acknowledged as true and accurate.

even make a Rule 32 decision.  *Id.*

Other courts have considered challenges to the PSI and have not required any challenged information to be redacted.  *See e.g. United States v. Okoronkwo*, 46 F.3d 426, 438 (5th Cir. 1995)(Did not redact, did not consider for sentencing, appended copy of sentencing transcript to PSI); *United States v. Jones*, 856 F.2d 146 (11th Cir. 1988)(PSI contained overall information on conspiracy charge); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985)(Court has no obligation to strike material, only need state that not considering for sentencing).  As these courts recognized, Rule 32 only requires the court to state whether or not it was considering the challenged portion in imposing sentence.

Although the PSI in this instance makes it abundantly clear which criminal activity this defendant participated in, the defendant's concerns can simply be resolved by appending the sentencing transcript to the PSI as was done in *Okoronkwo*.  Rule 32 only requires the Court to make a clear statement as to whether the challenged information is being considered in imposing sentence and does not require redaction of the information.

**CONCLUSION**

WHEREFORE, for all the foregoing reasons, the government respectfully requests that this Honorable Court deny the defendant's motion to redact portions of the PSI.

        Respectfully submitted,

        MARCOS DANIEL JIMENEZ
        UNITED STATES ATTORNEY

By: _____
    J. BRIAN McCORMICK
    ASSISTANT UNITED STATES ATTORNEY
    Court I.D. #A5500084
    500 East Broward Blvd., Suite 700
    Fort Lauderdale, FL 33394
    Telephone: (954) 356-7392
    Fax: (954) 356-7230

By: _____
    DIANA L.W. FERNANDEZ
    ASSISTANT UNITED STATES ATTORNEY
    Court I.D. #A5500017
    500 East Broward Blvd., Suite 700
    Fort Lauderdale, FL 33394
    Telephone: (954) 356-7392
    Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was faxed and mailed this 7th day of April, 2003 to:

Michael Rosen, Esq.
2400 South Dixie Highway, Suite 105
Miami, FL 33133

DIANA L.W. FERNANDEZ
Assistant United States Attorney