UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS (s)(s)
02-60101-CR-DIMITROULEAS

UNITED STATES OF AMERICA,          )
                                   )
           Plaintiff,              )
       v.                          )
                                   )
FRED MORGENSTERN                   )
                                   )
           Defendant.              )
_____)

**MOTION FOR RECUSAL AND INCORPORATED MEMORANDUM OF LAW**

The Defendant, Fred Morgenstern, respectfully files this Motion for Recusal and Incorporated Memorandum of Law in the above-styled matters and in support therefor states as follows:

1. On April 16, 2003, Michael J. Rosen's, secretary, Lyda Aparicio, had a telephone conversation with Karen Carlton, the Courtroom Deputy of The Honorable William Dimitrouleas.

2. The basis and substance of this conversation is set out in the Affidavit of Lyda Aparicio which is attached hereto as Exhibit "A" and made a part hereof.

3. It is clear from the remarks of Ms. Carlton that this Court has a significant prejudice towards this case. "A Judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). The statute was amended in 1974 and such amendment broadened and clarified the grounds for judicial disqualification. U.S. v. Kelly, 888 F. 2d 732 (11th Cir. 1989); see also U.S.

1

v. Murray, 253 F. 3d 1308 (11th Cir. 2001). The standard under §455 is objective, and requires the court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Bolin v. Story, 225 F. 3d 1234 (11th Cir. 2000). § 455(a) requires recusal when the objective circumstances create an appearance of partiality. Id. The standard is sufficiently broad to require recusal both in those circumstances where partiality is in fact present and ***where only the appearance of partiality is present***. Smith v. Pepsico, Inc., 434 F. Supp. 524 (S.D. Fla. 1977) (emphasis supplied).

4. The extent of the Court's prejudice towards this case is reflected in the statement by Ms. Carlton. The statement made by Ms. Carlton to Ms. Aparicio was not in the course of a judicial proceeding. Thus, the requirement that the prejudice stem from an extrajudicial source is met, that is from events or comments occurring outside of the courtroom. Hamm v. Members of the Board of Regents of the State of Florida, 708 F. 2d 647 (11th Cir. 1983).

5. In the present case, the statements made by the Judge's courtroom deputy, Ms. Carlton, can only be construed as reflecting the Court's lack of impartiality in this case. Clearly, the statement "the **Court's** dislike of this case .... this is Not one of our favorite cases" (Aparicio Affidavit attached hereto as Exhibit "A") reflects the prejudice of this Court. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquistion Corp., 486 U.S. 847 (1989).

6. In the instant matter, "the benefit of the doubt [under§ 455] must be resolved in favor

2

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 858-7299

of recusal." U.S. v. Murray, 253 F. 3d 1308 (11th Cir. 2001).

WHEREFORE, the Defendant respectfully moves The Honorable William Dimitrouleas to recuse himself from presiding over this case and to transfer this matter to another judge for sentencing.

Respectfully submitted,

MICHAEL J. ROSEN, ESQ.
Fla. Bar No. 183719
2400 South Dixie Highway, Suite 105
Miami, Florida 33133
(305) 858-9700 (telephone)
9305) 858-7299(facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this 17th of April, 2003, to: AUSA, Brian McCormick and AUSA, Diana Fernandez, United States Attorney's Office 500 E. Broward Blvd. 7th Floor, Ft. Lauderdale, Florida 33394; USPO, Ed Cooley, US Probation Office, 299 E Broward Blvd, Room 409, Ft. Lauderdale, Florida 33301; 33394; Brian McComb, Counsel for Defendant, David Morgenstern, 3458 S.E. Dixie Highway, Stuart, Florida 34997.

MICHAEL J. ROSEN, ESQ.
Fla. Bar No. 183719
2400 South Dixie Highway, Suite 105
Miami, Florida 33133
(305) 858-9700 (telephone)
9305) 858-7299(facsimile)

3

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY  ·  SUITE 105  ·  MIAMI, FLORIDA 33133  ·  TEL. (305) 858-9700  ·  FACSIMILE (305) 858-7299

STATE OF FLORIDA)
                                                    **AFFIDAVIT**
COUNTY OF MIAMI-DADE)

BEFORE ME, the undersigned authority, duly authorized in the State and County named aforesaid to take oaths and administer acknowledgments, personally appeared Lyda Aparicio, who, being duly sworn, deposes and says:

1. My name is Lyda Aparicio. I am sui juris and over eighteen (18) years of age.

2. I am have been employed as secretary to Michael J. Rosen for approximately three (3) years and worked as a legal assistant/secretary for the past 13 years.

3. On April 16, 2003, I received instruction from Michael Rosen, Esq., to confirm whether the hearing in this matter was confirmed for Friday, April 18, 2003, since it is the Good Friday holiday.

4. I then called Karen Carlton, Courtroom Deputy, and left a detailed message on her voice mail. Ms. Carlton's voice mail instructed not to leave a message on the secretary's voice mail.

5. By late morning I received a call from Dr. Carter, expert witness in this matter, asking whether I knew if the hearing was confirmed or not because of the holiday. Since I had not heard from Ms. Carlton and on the possibility she was not in the office I then called the secretary and left a voice mail.

6. A while later Ms. Carlton called me and the following conversation took place:

    Carlton:    (Belligerently)
                      Did you listen to my voice mail?
                      Did you?
                      Did I not instruct NOT to leave a voice mail for the secretary?
                      Didn't I? Didn't I?



EXHIBIT A

| | | |
|---|---|---|
| Aparicio: | Yes, you did. I thought perhaps you were out of the office.. *(I was cut off in mid-sentence)* | |
| Carlton: | (Belligerent) No, I am not....I am in Court all morning........ and regarding your message, if it was a holiday, you would have already heard from me...<br>...not to mention the Court's dislike of this case. Believe me this is NOT one of our favorite cases!<br>and NO we do not accept faxes. | |
| Aparicio: | Understood. (Conversation ended). | |

8. I then told Kym E. Bennette, an attorney in our office, that I could not recall the last time I had been spoken to in that manner, Ms. Bennette asked if Ms. Carlton had been rude, I responded that rude was an understatement.

9. I then relayed the conversation to Michael Rosen.

FURTHER AFFIANT SAYETH NOT.

*Lyda Aparicio*
LYDA APARICIO

Sworn to and subscribed before me on 4/17, 2003, by Lyda Aparicio, who is/is ~~not~~ personally known to me and who has produced _____ as identification.

_____
Notary Public
State of Florida at Large

My Commission expires:


MICHELLE LEE
MY COMMISSION # DD 037720
EXPIRES: September 7, 2005
Bonded Thru Budget Notary Services