# United States District Court
## Southern District of Florida
### FT. LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987) |
| v. | Case Number: 00-6309-CR-DIMITROULEAS(s)(s) |
| FRED MORGENSTERN | |

Counsel For Defendant:       Michael J. Rosen
Counsel For The United States:  J. Brian McCormick
                              Diana L.W. Fernandez
Court Reporter:              Robert Rycoff

The defendant pleaded guilty to Count 14(s)(s) of the Indictment. Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Money Laundering Conspiracy | October 24, 2000 | 14(s)(s) |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The remaining Counts are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: October 28, 1948
Deft's U.S. Marshal No.: 83239-012

Date of Imposition of Sentence:
April 18, 2003

Defendant's Mailing Address:
1400 NW 15th Court, #205
Boca Raton, Florida 33486

Defendant's Residence Address:
1400 NW 15th Court, #205
Boca Raton, Florida 33486

WILLIAM P. DIMITROULEAS
United States District Judge

April 22, 2003

DEFENDANT: FRED MORGENSTERN
CASE NUMBER: 00-6309-CR-DIMITROULEAS(s)(s)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **61 Months** as to Count 14(s)(s). The sentence imposed in case number 02-60101-CR-DIMITROULEAS (**60 Months**) is to run consecutive to the sentence imposed in this case, for **a total term of imprisonment of 121 Months.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
   Deputy U.S. Marshal

Case 0:00-cr-06309-PAS   Document 1364   Entered on FLSD Docket 04/24/2003   Page 2 of 6

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                             Page 2 of 6

DEFENDANT: FRED MORGENSTERN
CASE NUMBER: 00-6309-CR-DIMITROULEAS(s)(s)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term **3 years**, to run concurrent with the 3 year term of supervised release imposed in case number 02-60101-CR-DIMITROULEAS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

*If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.*

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: FRED MORGENSTERN
CASE NUMBER: 00-6309-CR-DIMITROULEAS(s)(s)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

The defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public. The defendant is further prohibited from engaging in telemarketing, direct mail or national advertising campaigns for business purposes without the permission of the U.S. Probation Officer.

The defendant shall obtain prior written approval from the U.S. Probation Officer before entering into any self-employment.

DEFENDANT: FRED MORGENSTERN
CASE NUMBER: 00-6309-CR-DIMITROULEAS(s)(s)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | None | $13,375,927.36 |

It is further ordered that the defendant shall pay restitution in the amount of $13,375,927.36. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay.

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bettie B. Ashmore<br>Court Appointed Rcvr.<br>District of SC,<br>Case No. 02-CV-236<br>Price, Paschal &<br>Ashmore<br>644 East Washington St.<br>Greenville, SC 29601 | | $13,375,927.36 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: FRED MORGENSTERN
CASE NUMBER: 00-6309-CR-DIMITROULEAS(s)(s)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

    Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

Co-conspirators in case number 00-6309-CR-DIMITROULEAS (David Morgenstern, John Mamone and David Bell)

    The defendant shall forfeit the defendant's interest in the following property to the United States:

    **$31,273,273.58**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.