UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff

v.

FRED MORGENSTERN

    Defendant.

_____/

FILED by _____ D.C.

MAY 07 2003

CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

## JUDGMENT AND ORDER OF FORFEITURE

**THIS CAUSE** is before the Court for entry of the judgment and order of forfeiture and upon the guilty plea and sentencing of defendant Fred Morgenstern ("Defendant") as to Count Fourteen of the Second Superceding Indictment, which charged defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). The object of the conspiracy to which the defendant agreed to plead guilty is a violation of Title 18, United States Code, Section 1957 (engaging in a monetary transaction in property derived from specified unlawful activity). This Court has reviewed the motion, the plea agreement and the record in this cause, and this Court being otherwise fully advised finds, pursuant to Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Section 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, that there is substantial evidence supporting the forfeiture of the Defendant's rights, title and interest in the property described below.

1



**MONEY JUDGMENT**

It is hereby **ORDERED and ADJUDGED** that all of the Defendant's rights, title and interest in $31,273,273.58, representing the amount of proceeds obtained, directly or indirectly, by Defendant from the violations in Count 14 of the Second Superceding Indictment, are forfeited to the United States of America pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853. Defendant shall receive credit against this judgment amount for the repatriation to the Court-appointed Receiver in South Carolina, Beattie Ashmore, Esq. in the matter of United States v. Virgil Womack (the "Receiver") of $17,769,346.22 transferred from Barclays Bank, London England, Account #63772677 in the name of the "Falcon Trust Co., Ltd.," for various items of jewelry valued at $112,000 and surrendered by David Morgenstern to the Receiver, and for $16,800 surrendered by Defendant to the court-appointed receiver in purging the entry of a civil contempt order entered by the Honorable G. Ross Anderson, Jr., U.S. District Judge, District of South Carolina on March 7, 2002. Pursuant to Fed. R. Crim. P. 32.2(b)(1), this order shall serve as a money judgment in favor of the United States of America regarding all of the defendant's rights, title and interest in the above property.

**VARIOUS ITEMS OF JEWELRY**

IT IS FURTHER ORDERED AND ADJUDGED that all of the Defendant's rights, title and interest to various items of jewelry, which property was surrendered by David Morgenstern to the Receiver's investigator, H. Marvin Harrison, in Greenville, South Carolina and listed in Attachment A hereto, are forfeited to the United States of America pursuant to Title 18, United

States Code, Section 982 as property traceable to violations of Count 14 of the Second Superceding Indictment.

IT IS FURTHER ORDERED and ADJUDGED that upon the entry of this Order, pursuant to Title 21, United States Code, Section 853(n)(1) the United States will provide, to the extent practicable, written notice to all third parties known to be asserting a legal interest in the above-described property and shall publish notice of this Order and the intent of the United States to dispose of the property in such manner as the Attorney General may direct. Any person, other than the Defendant, asserting a legal interest in the subject property, shall within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate, pursuant to Title 21, United States Code, Section 853(n)(6) and Fed. R. Crim. P. 32.2(c), the validity of his alleged interest in the subject property and for an amendment of this Order of Forfeiture.

IT IS FURTHER ORDERED and ADJUDGED that if no claims are filed within the petition period described in Title 21, United States Code, Section 853(n)(2), upon the filing by the United States of a Notice of Publication the above-described property shall be deemed forfeited and title vested in the United States of America in accordance with Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853(n)(7). Disposition of such property may, in the discretion of the United States, be made through the Receiver.

IT IS FURTHER ORDERED and ADJUDGED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

IT IS FURTHER ORDERED and ADJUDGED that pursuant to Rule 32.2(b)(3), this Order of Forfeiture is final as to the defendant as of the time of his sentencing, and shall be made

part of the sentence and incorporated in the judgment.

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to satisfy the money judgment in whole or in part.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward four certified copies of this Order to the United States Attorney's Office, Ft. Lauderdale, Florida, Attention: Assistant U.S. Attorney Brian McCormick.

DONE and ORDERED at Fort Lauderdale, Florida this ___7___ day of April, 2003

HONORABLE WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc: J. Brian McCormick, AUSA
    Diana L.W. Fernandez, AUSA
    Michael Rosen, Esq.

## ATTACHMENT A

### JEWELRY SURRENDERED TO RECEIVER
### BY DAVID A. MORGENSTERN

1. One pair of diamond stud earrings, approx. 2 cts.
2. One onyx and diamond bracelet
3. One gold necklace with diamond and stone pendants
4. One gold ring with diamond baguettes
5. One gold bracelet with carved design and carved stone insets