# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.
Atlanta, Georgia  30303

Thomas K. Kahn
    Clerk

In Replying Give Number
Of Case And Names of Parties

April 08, 2004



Clarence  Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale  FL  33301

**Appeal Number: 03-12250-AA**
Case Style: USA v. Fred Morgenstern
District Court Number:  00-06309 CR-PAS

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued
as the mandate of this court.

Also enclosed are the following:
      Original Exhibits, consisting of: one psi
      Original record on appeal or review, consisting of: eight volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed
to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's</u>
<u>decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision
was previously mailed to counsel and pro se parties on the date it was issued.

                    Sincerely,

                    THOMAS K. KAHN, Clerk

                    Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (03-2004)

# United States Court of Appeals

## For the Eleventh Circuit

| No. 03-12250 | FILED<br>U.S. COURT OF APPEALS<br>ELEVENTH CIRCUIT |
| --- | --- |
| District Court Docket No.<br>00-06309-CR-PAS | Mar 9, 2004<br>THOMAS K. KAHN<br>CLERK |

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

FRED MORGENSTERN,

                Defendant-Appellant.

FILED by _____ D.C.

APR 1 2 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

No. 03-12251

District Court Docket Nos. 00-06309-CR-PAS
And 02-60101-CR-PAS

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

DAVID MORGENSTERN,

                Defendant-Appellant.

---

No. 03-12252

---

District Court Docket Nos. 06309-CR-WPD
and 02-60101-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED MORGENSTERN,

Defendant-Appellant.

----------------------------------------------------------

Appeals from the United States District Court
for the Southern District of Florida

----------------------------------------------------------

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
APR 0 8 2004
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    March 9, 2004
For the Court:    Thomas K. Kahn, Clerk
By:    Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 9, 2004
THOMAS K. KAHN
CLERK

No. 03-12250
Non-Argument Calendar

_____

D. C. Docket No. 00-06309-CR-PAS

FILED by _____ D.C.

APR 1 2 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED MORGENSTERN,

Defendant-Appellant,

_____

No. 03-12251
Non-Argument Calendar

_____

D. C. Docket Nos. 00-06309-CR-PAS
and 02-60101-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MORGENSTERN,

Defendant-Appellant,

---

No. 03-12252
Non-Argument Calendar

---

D. C. Docket Nos. 00-06309-CR-WPD
and 02-60101-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED MORGENSTERN,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Southern District of Florida

---

**(March 9, 2004)**

Before BLACK, CARNES and HULL, Circuit Judges.

PER CURIAM:

Twin brothers Fred Morgenstern (Fred) and David Morgenstern (David), appeal their convictions and sentences for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and use of a wire transfer to distribute the proceeds of an unlawful activity, in violation of 18 U.S.C. § 1952.  David argues

2

the district court erred in denying his motion to withdraw his guilty plea and his motion to compel the Government to move to reduce his sentence based upon his substantial assistance to law enforcement. Fred argues the district court erroneously (1) set his base offense level at 20, rather than 17; (2) increased the base offense level by 10 levels for the amount of funds involved, rather than 9 levels; (3) imposed an enhancement for his role in the offense; and (4) refused to depart downward. Both brothers argue the district court erred in denying Fred's motion for recusal, which David adopted. The district court did not err. We affirm.

## I. FRED MORGENSTERN

Fred argues the district court committed various errors at sentencing. Fred, however, waived his appeal in his plea agreement.

We review the validity of an appeal waiver provision of a plea agreement de novo. *United States v. Weaver*, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001), *cert. denied*, 122 S. Ct. 2666 (2002). An appeal waiver is valid if it was knowingly and voluntarily entered into. *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). For an appeal wavier to be enforced, the Government must show that either: (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea hearing, or (2) it is manifestly clear from

3

the record that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351.

The appeal waiver provision in the plea agreement unambiguously provided that Fred waived his right to appeal "any sentence imposed . . . or to appeal the manner in which that sentence was determined, unless (1) the sentence exceeds the maximum permitted by statute, (2) the sentence is the result of an upward departure from the guideline range the Court establishes at sentencing, and/or (3) the Court decides not to follow one or more of the sentencing recommendations [regarding acceptance of responsibility]." The plea agreement specifically stated that Fred understood that he could not appeal on the basis that the sentence was the result of an incorrect application of the sentencing guidelines. Fred's only arguments on appeal concern the district court's application of the sentencing guidelines and the district court's failure to depart, both of which are encompassed by the appeal waiver.[1] The plea hearing transcript shows the district court specifically questioned Fred about the appeal waiver provision and that he chose to plead guilty knowingly and voluntarily. Accordingly, he is barred from

---

[1] Even if the district court's failure to depart was not encompassed by Fred's appeal waiver, we would not reconsider the district court's denial of a downward departure. Ordinarily, a district court's refusal to depart downward is unreviewable on appeal. *United States v. Rudisill*, 187 F.3d 1260, 1265 (11th Cir. 1999). Such decisions are reviewable only if the district court refused to depart downward because of an erroneous belief that it lacked the authority to do so. *Id.* The sentencing transcript shows the district judge believed he had the authority to depart downward, but exercised his discretion not to do so.

4

challenging his sentence on appeal.

## II. DAVID MORGENSTERN

### A. *Motion to Withdraw Guilty Plea*

David argues the district court should have allowed him to withdraw his guilty plea because it was the product of coercion by defense counsel and the court, and because it was based upon ineffective assistance of counsel.

We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion, and will reverse the district court's decision only if it is "arbitrary or unreasonable." *United States v. Najjar*, 283 F.3d 1306, 1307 (11th Cir.), *cert. denied*, 123 S. Ct. 108 (2002). A district court may allow a defendant to withdraw his guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has shown such a reason, the district court "evaluates the totality of the circumstances, including '(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.'" *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003) (citation omitted).

5

Close assistance of counsel was available to David during the plea process. The district court questioned David at the plea hearing about whether he had enough time to discuss his decision with his attorney, and he said that he had. The district court asked David whether he was satisfied with his attorney, and he said that he was. Significantly, the district court advised David that he could not later withdraw his guilty plea by complaining that his lawyer was "no good," and David did not indicate any problems with his attorney. David also stated that he understood by pleading guilty, he may not be giving his lawyer a chance to finish investigating his case.

The district court conducted an extensive inquiry at the plea hearing to determine whether David's guilty plea was knowing and voluntary, asking him about his education, his mental health history, any possible alcohol or drug impairment, his physical and mental health at that time, and any possible inducements, threats, or coercion. All of David's answers indicated his plea was free of coercion and that he understood the nature of the charges and the consequences of pleading guilty.

Judicial resources would not have been conserved if the district court granted David's motion to withdraw his guilty plea; rather, they would have been wasted. The district court indicated in its order denying the motion that, after

6

David pleaded guilty but before he moved to withdraw the plea, the court held a nine-day jury trial for David's codefendant, Silvestri. The district court stated that it would have tried David with Silvestri if he had not pled guilty and had proceeded to trial in the first place. Also, for this reason, the Government would have been prejudiced if the district court had allowed David to withdraw his guilty plea. The Government would have had to conduct an entirely new trial, when it could have tried David alongside Silvestri.

David's argument that the district court placed him in a "'Hobson's Choice' situation of either you plead today or go to trial tomorrow," is without merit. Nothing in the record indicates the district court told David that he had to plead guilty that day or go to trial the next. David requested two continuances, both of which the court granted. There is no evidence that David filed any motion for a continuance the district court denied.[2]

David's argument that he was never informed that Federal Rule of Criminal

---

[2] Perhaps David is misconstruing the district court's comments at the plea hearing regarding the Federal Rule of Criminal Procedure 20 transfer. When the court was explaining to David the implications of the transfer, the judge explained why he was conducting the plea hearing in Florida and transferring only the sentencing hearing to South Carolina. He explained that he was doing this, just in case, for some reason, the South Carolina court transferred the case back to Florida, the guilty plea would already be in place rather than the case proceeding to trial. The judge explained he wanted to do it this way because he was going to try Silvestri the next day, and that if he was going to have a trial for the Morgenstern brothers, the interests of judicial economy would best be served if they were tried with Silvestri. This is far from demanding that David plead or go to trial the next day. The judge never said that he would not continue Silvestri's trial if David did not want to plead guilty.

7

Procedure 20 "would require him to plead guilty in the South Carolina case" is also without merit. David was not informed of this because it was not true. Nothing in Rule 20 required David to plead guilty to charges in an entirely different case from the case being transferred under the rule. *See* Fed. R. Crim. P. 20. The district court advised David that "if for some reason something should happen and you decide not to plead guilty [to the charges pending] in South Carolina, the negotiations fall through and either because you want to go to trial or the prosecutors up there want to go to trial or the South Carolina Judge won't accept some plea, that that's a chance you take . . . and it would not be a ground to withdraw your guilty plea on these two charges," and David said that he understood this.

Because (1) close assistance of counsel was available to David; (2) the transcript from the plea hearing indicates that David's plea was knowing and voluntary; (3) judicial resources would not have been conserved by allowing David to withdraw his plea; and (4) the Government would have been prejudiced if David were allowed to withdraw his plea, the district court did not abuse its discretion in denying David's request to withdraw the plea.

B. *Motion to Compel*

Section 5K1.1 of the sentencing guidelines allows the government to move

8

to reduce a defendant's sentence when a defendant provides "substantial assistance" in investigating or prosecuting another person. U.S.S.G. 5K1.1. The government has the power, but not a duty, to file such a motion when a defendant has provided substantial assistance. *Wade v. United States*, 112 S. Ct. 1840, 1843 (1992). "[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial[]assistance motion and to grant a remedy only if they find that the refusal was based on an unconstitutional motive." *Id.* at 1843-44. Judicial review is only appropriate when there is an allegation and a substantial showing the prosecution refused to file a substantial assistance motion based on a constitutionally impermissible motivation, such as race or religion. *United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993). A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to discovery or an evidentiary hearing. *Wade*, 112 S. Ct. at 1844.

The plain language of the plea agreement and the district court's questioning at the plea hearing made it clear to David that the decision of whether to file a substantial assistance motion was within the sole and unreviewable discretion of the government. David alleged no unconstitutional motive behind the Government's failure to file a substantial assistance motion. Accordingly, judicial

9

review of the Government's decision is not appropriate.

### III. FRED AND DAVID MORGENSTERN

Fred and David argue that a statement made by the deputy clerk of the district court to the effect of, "this is not one of the Court's favorite cases," revealed the district court's bias against them, and they assert the district court judge should have recused himself from presiding over their sentencing hearings.

"We review the district court's denial of a motion to recuse for an abuse of discretion." *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993). Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A defendant who enters an unconditional guilty plea waives his right to appeal the denial of a § 455(a) motion.[3] *United States v. Patti*, 337 F.3d 1317, 1320-21 (11th Cir. 2003), *petition for cert. filed*, (Oct. 15, 2003) (No. 03-575). Under 28 U.S.C. § 455(b)(1), a judge "shall" disqualify himself where "he has a personal bias or prejudice concerning a party."

Any alleged bias on the part of a judge must come from an "extrajudicial

---

[3] The Government argues that Fred and David waived their right to appeal by pleading guilty. Additionally, the judge specifically asked them, "do you understand by pleading guilty today, you give up any and all defenses to these charges? . . . For example, you could have argued that . . . I should have disqualified myself . . . ." The alleged statement made by the district court clerk was not made until after the plea hearing, however, and Fred and David would not have known there was a possible basis for a recusal motion at that time.

source," meaning it must not be based on what the judge learned from participation in the case. *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985). It must also be directed against a particular party. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). "A law clerk's views cannot be attributed to the judge for whom the clerk works." *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 968 (5th Cir. 1980).[4]

Because (1) the allegedly biased statement at issue came from a clerk and not the judge himself, (2) the statement referred only to the case in general and was not directed at either of the Morgensterns, and (3) there is no evidence in the record that any bias came from an extrajudicial source or was not a result of the judge's participation in the case, the district court did not abuse its discretion in denying the Morgensterns' motion for recusal.

## IV. CONCLUSION

Fred knowingly and voluntarily waived his appeal and is barred from challenging his sentence. Additionally, the district court did not err in denying David's motion to withdraw his guilty plea and his motion to compel. The district court also did not err in denying Fred's and David's motion to recuse.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.