UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS(s)(s)
02-60101-CR-DIMITROULEAS

UNITED STATES OF AMERICA, )
)
      Plaintiff, )
)
v. )
)
FRED MORGENSTERN )
)
      Defendant. )
_____)

## DEFENDANT FRED MORGENSTERN'S MOTION FOR HABEAS CORPUS RELIEF PURSUANT TO 28 USC §2255

**I.**                      **INTRODUCTION**

Defendant, Fred Morgenstern ("Defendant") received ineffective assistance of counsel prior to entering into a plea agreement in this cause in violation of his constitutional rights under the Sixth Amendment of the United States Constitution which states:

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." *U.S. Const. amend. XI.*

In the instant case, Defendant received ineffective assistance of counsel prior to his agreement to enter a plea in this matter. Counsel for Defendant failed to discuss or review the impact of the plea agreement on the sentencing guidelines and failed to advise Defendant of the consequences of pleading to the charges in the plea agreement. These

1

failures by counsel were so deficient and unreasonable as to render counsel's performance ineffective, resulting in actual prejudice to Defendant. This prejudice is readily apparent as Defendant was exposed to a far greater penalty than agreed to by Defendant. This prejudice resulted in a higher guideline offense level,[1] thereby subjecting Defendant to additional jail time. Defendant's plea, therefore, was not made knowingly and voluntarily as required by statute, the Constitution and applicable case law. Defendant's counsel failed to conduct any analysis of the Sentencing Guidelines prior to Defendant's acceptance of the plea. Defendant would not have entered a plea of guilty had he been apprised of the true consequences of doing so. As such, Defendant seeks to collaterally attack the underlying federal conviction and sentence on the basis that he was denied effective assistance of counsel in contravention of the Sixth Amendment to the United States Constitution and authoritative case law.

## II. JURISDICTION

This Court has jurisdiction pursuant to U.S. Const. Amend. VI and 28 U.S.C. §2255 to entertain claims which collaterally attack a conviction based on ineffective assistance of counsel. *United States v. Butler*, 41 F.3d 1435 (11th Cir. 1995). 28 U.S.C. §2255 sets forth the procedural vehicle which permits a Defendant sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where:

1) The sentence was imposed in violation of the constitution or laws of

---

[1] See Presentence Investigation Report and Objections thereto (Exhibit D; Exhibit E at 6)

2

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

the United States;

2) The court was without jurisdiction to impose such sentence;

3) The sentence was in excess of the maximum authorized by law; or

4) The sentence is otherwise subject to collateral attack.

28 U.S.C §2255 (2000). It is well established that this provision governs the filing of motions seeking collateral relief on the basis of ineffective assistance of counsel claims.

*Butler* recognizes that a claim for ineffective assistance of counsel is properly raised in a collateral attack on a conviction through §2255. *Id.* The proper avenue for pursuing such claims for ineffective assistance of counsel is through a collateral proceeding or evidentiary hearing in which the factual basis for the claim may be developed. *See United States v. Theodopoulos*, 866 F.2d 587, 598 (3rd Cir. 1989)(overruled on other grounds). Ineffective assistance claims are appropriately brought in §2255 petitions even if overlooked on direct appeal because resolution of such claims often requires consideration of matters outside the record on direct appeal. *See Massaro vs. United States*, 123 S.Ct 1690, 530 U.S. 500, 155 L.Ed 2d 714 (2003).

This motion raises an ineffective assistance of counsel claim based on counsel's failure to advise Defendant of the significant ramifications of the sentencing guidelines on the Plea Agreement when Defendant was counseled to plead in the instant case. Since "ineffective assistance of counsel claims are often based on assertions that counsel made errors of omission" a preference for allowing such claims for ineffective assistance of counsel on collateral attack has been established. Thus, this Court has jurisdiction to hear and resolve the instant motion.

3

### III.  STATEMENT OF FACTS/ PROCEDURAL POSTURE

Fred Morgenstern was charged by a fifty-five (55) count Superseding Indictment ("Indictment") for offenses of, among others, money laundering, RICO and conspiracy. Attorney William Norris was appointed to represent Defendant.[2]  Mr. Norris was advised at the time of appointment by Magistrate Judge Barry L. Garber that there would be no more continuances of this case. (Exhibit L at 1-2: Exhibit I at 19). Mr. Norris accepted the appointment of counsel under the impression that this case was going to plead out. (Exhibit I at 19).

Prior to May 21, 2002, the date of the plea hearing Defendant never discussed the Sentencing Guidelines with Mr. Norris. For a period of time immediately preceding the change of plea hearing, Defendant was unable to confer with Mr. Norris, due to the fact that Defendant was incarcerated in a South Carolina jail on contempt charges.[3] Additionally, during this period of incarceration, Mr. Norris did not accept collect calls from South Carolina due to the high cost of the call. (Exhibit L at 2; Exhibit I at 20). Defendant was returned to Florida from South Carolina for the instant case. Defendant met with Mr. Norris upon his return to Florida, but nothing was ever discussed with regard to the sentencing guidelines or the viability of defending the case. (Exhibit L at 2, 4).

On May 20, 2002, Defendant was transported to the Broward County jail to await the court proceeding the following day, which was initially scheduled to be a status

---

[2]  From this point forward references to "Mr. Norris" and "counsel" are used interchangeably.

[3]  Defendant was found in criminal contempt for failing to appear in court in South Carolina on a civil forfeiture case and sentenced to thirty-five (35) days in jail.

4

Michael J. Rosen, P.A.
2400 SOUTH DIXIE HIGHWAY  ·  SUITE 105  ·  MIAMI, FLORIDA 33133  ·  TEL. (305) 858-9700  ·  FACSIMILE (305) 856-3116

conference. (Exhibit L at 2). Prior to this date a meeting occurred at the Federal Detention Center in Miami. Present at this meeting was Defendant, Defendant's brother, Co-Defendant, David Morgenstern and counsel for Defendant. (Exhibit L at 2). Co-Defendant, David Morgenstern had been negotiating a plea in this case for himself and Defendant. (Exhibit L at 2). Mr. Norris had not been involved in any plea negotiations on behalf of the Defendant and never discussed the issue of the sentencing guidelines or their impact on this plea. The trial in this matter was set for May 22, 2002. (Exhibit G at 5,6,9).

On the morning of May 21, 2002, a status conference was held. (Exhibit G). During this status conference, Defendant understood from the Court's statements that he could plead today (May 21, 2002) or go to trial tomorrow. (Exhibit G at 5,6). Defendant was under extreme pressure to make a decision about entering a plea in the case or going to trial the next day. (Exhibit L at 3) The Court granted a fifteen (15) minute recess for Defendant to confer with Mr. Norris. (Exhibit L at 3; Exhibit G at 6) During this fifteen minute recess Mr. Norris advised Defendant that he [Mr. Norris] was not prepared to proceed to trial as he [Mr. Norris] had not interviewed witnesses, formulated a defense or reviewed the evidence in this case (Exhibit L at 3). Mr. Norris further advised that the Plea Agreement which had been negotiated by Co-Defendant, David Morgenstern, allowed for Defendant to be sentenced in South Carolina.[4] Based on Mr. Norris statements, Defendant decided to plead to avoid going to trial the next day. (Exhibit L at 3). Therefore, Defendant feeling that he had no options but to plead that day, advised the Court that he would enter a change of plea later on that day. (Exhibit L at 4,5; Exhibit G at 6,7).

---

[4] A related case was pending in South Carolina before the Honorable G. Ross Anderson, Case No. 8:00-27/6:00-236-13.

5

Michael J. Rosen, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

On the afternoon of May 21, 2002, Defendant was presented with a plea agreement and Information. Mr. Norris had not reviewed the plea agreement with Defendant prior to this time. Mr. Norris had not discussed the sentencing guidelines with Defendant. (Exhibit L at 4) The Plea Agreement called for a plea to a separate one count Superseding Information ("Information") charging a violation of 18 U.S.C. §1952. (Exhibit C at 1) Mr. Norris did not review the Information or the consequences of pleading to that Information before advising Defendant of the terms of the Plea Agreement. (Exhibit L at 3) Defendant, not understanding the full consequences of pleading to the Information, agreed to enter a plea of guilty. (Exhibit L at 4; Exhibit H at 26-29).

Defendant pled guilty to Count 14 of the Indictment which charged a conspiracy pursuant to 18 U.S.C. §1956(h). This conspiracy was a dual object conspiracy. One object of the conspiracy was to violate 18 U.S.C. §1956 and the other object of the conspiracy was to violate 18 U.S.C. §1957. (Exhibit A; Exhibit C at 1; Exhibit H at 24, 25). Defendant only agreed to plead guilty to the object of the conspiracy which was an 18 U.S.C. §1957 violation. (Exhibit H at 24, 25, 54-57). This offense carried a maximum penalty of ten (10) years in prison and a $250,000 fine. (Exhibit H at 24). The Court specifically acknowledged that Defendant was not facing exposure to a twenty (20) year term of imprisonment by pleading guilty to this count. (Exhibit H at 25,26). As part of the Plea Agreement, Defendant also pled guilty to a one count Information charging a violation of 18 U.S.C. §1952. (Exhibit B; Exhibit C at 1; Exhibit H at 26,27,28,29). The underlying unlawful activity giving rise to the 18 U.S.C. §1952 offense was money laundering pursuant to 18 U.S.C. §1956. (Exhibit B; Exhibit H at 56, 57). The maximum penalty for pleading to this offense is five (5) years imprisonment. (Exhibit H at 26-29). A discussion between

6

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

the co-defendant David Morgenstern (Defendant's brother) and the District Court ensued in which the District Court confirmed that the penalty for pleading to the Information was not governed by 18 U.S.C. §1956. (Exhibit H at 56). This fact is important as it evidences the state of mind and the understanding of all involved at the time the plea was entered. Once the District Court confirmed the penalty for pleading to the Information, Defendant pled guilty to the offense as charged. (Exhibit H at 56-58).

On January 31, 2003, Defendant informed the District Court that he desired to have new counsel appointed as he believed he was inappropriately counseled by Mr. Norris. (Exhibit I at 15-17). Mr. Norris conceded that when he took the appointment as counsel, he did not believe the case was going to go to trial. (Exhibit I at 19). That was the very reason Mr. Norris agreed to take the case. (Exhibit I at 19). Mr. Norris advised that he expected the case to plea out from the beginning. (Exhibit I at 19). Magistrate Judge Garber had specifically instructed Mr. Norris at the time of his appointment that Mr. Norris could not request a continuance. (Exhibit I at 19). Mr. Norris admitted that he had a profound problem with that mandate. (Exhibit I at 19).

On February 4, 2003, the District Court appointed new counsel for defendant. On March 7, 2003, undersigned counsel entered a notice of appearance in this matter to represent defendant in the sentencing proceeding. On April 18, 2003 the sentencing proceeding was held. The Defendant filed objections to paragraphs eighty (80), eighty-two (82), eighty-three (83), eighty-seven (87) and ninety (90) to the pre-sentence investigation report, on the basis that the incorrect guideline was used to calculate the base offense level for defendant. (Exhibit D; Exhibit E at 6-8). The District Court ultimately overruled these objections. Undersigned counsel for defendant attempted to present the testimony

7

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

of Mr. Norris in support of defendant's Motion for Downward Departure pursuant to 5K2.0 to apprise the Court of all the circumstances surrounding the "rushed" nature of the plea. (Exhibit K at 19-26). The District Court sustained the government's objection to Mr. Norris' testimony and stated that this issue was properly raised in a collateral proceeding or a §2255. (Exhibit K at 22-26). Defendant was sentenced utilizing a base level offense of twenty (20) instead of seventeen (17) and with all other adjustments, defendant's adjusted offense level was thirty (30), with a guideline range of one-hundred and twenty-one to one-hundred and fifty-one (121-151) months of imprisonment.[5] The District Court sentenced defendant to the low end of the Guidelines for a term of imprisonment of one-hundred twenty-one (121) months. (Exhibit K at 121).

An appeal of the judgment and conviction and sentence was filed on April 25, 2003. On March 9, 2004, the Eleventh Circuit issued its mandate denying any relief and affirming the judgment and conviction and sentence. This motion is timely filed within one year of the date of the judgment and conviction of April 18, 2003.

### IV.   INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

It is undisputed that the Sixth Amendment to the Constitution provides every defendant with the right to effective assistance of counsel. Since this right is fundamental in safeguarding the defendant's rights and interests in an adversarial proceeding, which directly affects his or her life and liberty, it is imperative that the assistance of counsel be "effective" as that term has been defined. Counsel's acts and omissions on behalf of the defendant must have been meaningful, *i.e.*, must have been for the benefit of the

---

[5]   Defendant was sentenced with a Criminal History of Category III.

8

defendant. In the case at bar, counsel for Defendant was ineffective for his failure to review and discuss the impact of the plea agreement and the sentencing guidelines with Defendant. This made the plea involuntary and unknowing by the Defendant. The requirement that a plea be "voluntary and intelligent" is critical to ensure the validity of the plea. It follows that "a plea is not voluntary or intelligent, and therefore, unconstitutional, if advice given by defense counsel on which Defendant relied in entering the plea falls below the level of reasonable competence such that the Defendant does not receive effective assistance of counsel." *U.S. v. Taylor*, 139 F. 3d 924 (D.C. Cir. 1998). This failure of counsel resulted in a plea to an Information which carried a greater penalty than that which was understood and agreed to by Defendant. Such failure constitutes ineffective assistance of counsel in contravention of the mandates of the Sixth Amendment and warrant a granting of this motion.

### Applicable Legal Standard

"The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the "ample opportunity to meet the case of the prosecution to which they are entitled". *Strickland v. Washington*, citing to *Adams v. United States ex rel. McCann*. 317 U.S. 269, 275, 276, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942); "The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed. who plays the role necessary to ensure that the trial is fair." *Strickland, supra* at 685. An ineffectiveness claim, "is an attack on the fundamental fairness of the proceeding whose

9

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

result is challenged. Since fundamental fairness is the central concern of the writ of habeas corpus no special standards ought to apply to ineffectiveness claims made in habeas proceedings". *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970). For that reason, the Court has recognized that "the right to counsel is the right to the effective assistance of counsel." *Id.*

In *Strickland v. Washington*, supra, the United States Supreme Court established a two-pronged standard for an ineffective assistance of counsel claim. The defendant must first show that counsel's performance was deficient. *Id at 687*. Such a showing of deficiency requires evidence that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *Id.* The second prong under *Strickland* requires that the deficient performance by counsel prejudiced the defense. *Id.* Such a showing of prejudice requires evidence that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The defendant must make a showing satisfying both prongs before it can be deemed that there was a "breakdown in the adversary process that renders that result unreliable." *Id.* The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id at 694*.

### Performance - First Prong

The performance of counsel must be evaluated for "reasonableness" under the prevailing professional norms. *Strickland* at 688. The first prong of this test requires that

10

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

defendant show that counsel's performance "fell below an objective standard of reasonableness." *U.S. v. Teague*, 953 F. 2d 1525, 1534 (11th Cir. 1992)(citing to *Strickland* at 688).

> The proper measure of attorney performance remains simply reasonableness under prevailing professional norms. Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. *Strickland* at 690

In the case at bar, counsel for Defendant rendered ineffective assistance to Defendant that "fell below an objective standard of reasonableness." Counsel for Defendant was appointed to represent Defendant. Defendant reasonably relied on counsel to apprise him of all issues and consequences of pleading guilty <u>prior to</u> advising him to enter a plea of guilty to Count 14 of the Indictment and the one count Information in this case. This "advice" by counsel "fell below the objective standard of reasonableness" as counsel should have known the consequences of pleading to an Indictment and an Information where the resulting sentencing range was well outside the penalty that could have been imposed utilizing the correct guidelines; the guideline which is applicable to an offense of 18 U.S.C. §1957 which was contemplated and agreed to by both the defendant and the government. Counsel failed to give adequate consideration to the consequences

11

of the plea at any time, failed to conduct any analysis of the sentencing guidelines and failed to advise the Defendant of the guideline range relating to these offenses. Counsel failed to undertake a good faith analysis of "all the relevant facts and applicable legal principles." See *Bridgeman v. U.S.*, 229 F. 3d 589, 592 (7th Cir. 2000).

In *Moore v. Bryant*, 348 F. 3d 238 (7th Cir. 2003) the appellate court granted defendant's petition for habeas relief based on the ineffective representation of his counsel. The Court stated that "reasonably competent counsel will attempt to learn all of the facts of the case, make an estimate of likely sentence, and communicate the results of that analysis before allowing his client to plea guilty. *Id* at 241 citing to *U.S. v. Barnes*, 83 F.3d 934, 939 (7th Cir. 1996) This detailed analysis and "scrutiny must be undertaken in good faith." *Id*. "When the attorney fails to do so and that failure is the decisive factor in the decision to plead guilty, the Sixth Amendment is violated and the defendant may withdraw his plea." *Id* at 241. "Where erroneous advice is provided regarding the sentence likely to be served if the defendant chooses to proceed to trial, and that erroneous advice stems from the failure to review the statute or case law that the attorney knew to be relevant, the attorney has failed to engage in the type of good faith analysis of the relevant facts and applicable legal principles, and therefore the deficient prong is met." *Id* at 242.

In the instant case, Defendant would not have agreed to plead guilty to an Information in which he faced a higher penalty, under the guidelines, than the count in the Indictment. It was intended that the offense conduct to which defendant would be pleading guilty to was a violation of 18 U.S.C. §1957 and, specifically, not 18 U.S.C. §1956. Thus,

12

the proper sentencing guideline would be 2S1.2 and not 2S1.1.[6] This is a difference of three levels (20 in lieu of 17) resulting in an additional period of imprisonment. It is illogical to conclude that Defendant would agree to plead in such instance where the very penalty he was trying to avoid could be imposed through the back door, in pleading to an 18 U.S.C. 1952 violation. "Familiarity with the structure and basic content of the guidelines...has become a necessity for counsel who seek to give effective representation." *U.S. v. Sotto*, 132 F.3d 56, 59 (DC Cir. 1997) citing to *U.S. v. Day*, 969 F.2d 39, 43 (3rd Cir. 1992).

Mr. Norris had a duty to discuss the plea agreement, in detail, with Defendant. This duty includes discussing the specific offense contained within the separate Information and any consequences of pleading to such an offense. Even if Mr. Norris had not been involved in the actual negotiation of the plea,[7] he was Defendant's counsel and had a duty, notwithstanding his involvement (or non-involvement), to analyze the effect of any such plea agreement with the Defendant and to "communicate the results" of such analysis before advising or permitting the Defendant to plead guilty. If time to do so was not available, given the circumstances, Mr. Norris should have informed the Court of the situation. Mr. Norris should have informed the Court that he needed time to review the Plea Agreement and the Information which had just been received from the Government and, further, that he (Mr. Norris) needed time to conduct a sentencing analysis and give the benefit of such analysis to the Defendant <u>before</u> he (Mr. Norris) could, in good faith,

---

[6]The 1999 version of the guidelines were utilized in calculating Defendant's sentence.

[7]Mr. Norris, had the Plea Agreement and the Information thrust upon him at the last minute, which in large measure, had been negotiated between David Morgenstern, his counsel and the government.

13

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

counsel Defendant to accept the terms of the Plea Agreement. Had Mr. Norris advised the Court of the situation and made the appropriate record, the Court would have been in a position to recess for a few hours to permit Mr. Norris to "do his homework" and advise the Defendant accordingly. The Court could have reconvened later that afternoon, still prior to the trial date, to determine the status of the situation. Pleading guilty is not something to be taken lightly. Defendant deserved the benefit of Mr. Norris' analysis, so he (Defendant) could make a truly informed and knowing and voluntary decision regarding the plea. As it was, Defendant had no choice but to plead guilty. Defendant would not have agreed to change his plea if such an analysis had been conducted and communicated to Defendant, as Defendant knew he did not agree to plead to a violation of 18 U.S.C. §1956, in any manner, shape or form. The acts and omissions of Mr. Norris in failing to engage in such a good faith analysis with Defendant, in failing to inform the Court of the situation, in failing to make a record, in failing to request additional time to review the pertinent documents and the sentencing guidelines related thereto and in encouraging Defendant to plead guilty were unreasonable and satisfies the deficiency prong of *Strickland*.

Prejudice - Second Prong

Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" *Id* at 694. A proceeding may be unreliable "even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Cunningham v Zant*, 928 F.2d 1006, 1016 (11th Cir. 1991)(citing to *Strickland*, supra.).

14

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

The second prong of the *Strickland* test requires that the defendant show prejudice as a result of counsel's ineffective assistance. In this case, prejudice is shown by demonstrating that but for counsel's errors and omissions, the defendant would not have pleaded guilty to the offenses charged and would have insisted on going to trial. Defendant must show that a reasonable probability exists that he would not have entered a guilty plea, had he been advised correctly of the sentencing consequences of the plea.

In the case at bar, Defendant agreed to plea to the offense conduct constituting a violation of 18 U.S.C. §1957. The appropriate guideline for such a violation is 2S1.2 which has a base offense level of seventeen (17). Defendant did not agree to plead to offense conduct constituting 18 U.S.C. §1956 violation. It was the intent of all involved that 18 U.S.C. §1956 was not an issue anymore. It was the expectation of Defendant that the plea to the Information would result in the same guidelines as a plea to the Indictment. Failure of counsel to undertake any analysis of the sentencing guidelines and their impact on the Plea Agreement is unreasonable and caused Defendant to be prejudiced as a direct result. Counsel had a duty to explain the impact of this, and counsel's failure to review the Plea Agreement, the Information or Sentencing Guidelines resulted in placing the Defendant in a completely different base offense level than contemplated by Defendant, counsel and the government.

The resulting base level of twenty (20) instead of seventeen (17), given all other adjustments as determined by the Court, exposed Defendant to an additional thirty-four (34) months imprisonment at the low end of the guideline range and forty-three (43) months imprisonment at the high end. Clearly, an addition of thirty-four (34) months

15

imprisonment to any sentence the defendant may receive is unequivocally prejudicial to the defendant. In this case, Defendant was prejudiced by his counsel's deficient performance. As a result of counsel's failure to review the sentencing guidelines and advise Defendant appropriately, Defendant pled guilty to a charge which placed him in a much higher guideline range. This plea was not knowingly or voluntary. If the base level of Defendant's offense conduct was correctly calculated as intended at a level seventeen (17), and applying the same rationale and reasoning as the District court in determining Defendant's adjusted offense level, the resulting adjusted offense level is twenty-seven (27). The low end of level twenty-seven (27) with a Criminal History Category III is eighty-seven (87) months imprisonment. Counsel for Defendant was ineffective in failing to address the guidelines with Defendant, this specific failure caused significant prejudice to the Defendant.

In *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001), the Supreme Court acknowledged that "any amount of actual jail time has Sixth Amendment significance" *Id* at 199 citing to *Argersinger v.Hamlin*, 407 U.S. 25, 92 S.Ct. 3006, 32 L.Ed 2d 530 (1972). Therefore, any increase in prison term is prejudice under *Strickland*. *See also Day, supra* in which the appellate court held that "constitutionally significant prejudice can inhere from ineffective assistance" at the plea bargaining stage." Defense counsel failed to give any consideration to the sentencing guidelines applicable to an 18 U.S.C. §1952 offense, thereby prejudicing the Defendant See *Day supra* at 40.

16

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

## V. CONCLUSION

Defendant has demonstrated that he received ineffective assistance of counsel. Both prongs of *Strickland* have been satisfied. Mr. Norris was deficient in his assistance to Defendant as he failed to undertake any analysis of the guidelines to the plea agreement and the Information. This was an unreasonable omission. This failure of counsel resulted in Defendant being placed in a higher guideline base offense level. The resulting effect of this guideline placement is an additional thirty-four (34) months imprisonment thereby prejudicing the Defendant. The Defendant would not have agreed to plead guilty to the Information had he known about the higher guideline range.

Wherefore, Defendant respectfully submits that he received ineffective assistance of counsel, as that term has been defined, which warrants a granting of this Motion seeking habeas relief by permitting Defendant to withdraw his plea, vacating the judgment and conviction, correcting the Defendant's sentence or granting such other relief as the Court deems appropriate.

Respectfully submitted,

MICHAEL J. ROSEN, P.A.
Fla. Bar No. 183719
KYM E. BENNETTE, P.A. Of Counsel
Fla. Bar No.0992496
2400 South Dixie Highway, Suite 105
Miami, Florida 33133
(305) 858-9700 (telephone)
(305) 856-3116(facsimile)

17

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Habeas Corpus Relief was mailed this 15th of April, 2004, to: AUSA, Brian McCormick and AUSA, Diana Fernandez, United States Attorney's Office 500 E. Broward Blvd. 7th Floor, Ft. Lauderdale, Florida 33394.

_____
KYM E. BENNETTE

MICHAEL J. ROSEN, P.A.
2400 SOUTH DIXIE HIGHWAY · SUITE 105 · MIAMI, FLORIDA 33133 · TEL. (305) 858-9700 · FACSIMILE (305) 856-3116