UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FRED MORGENSTERN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO. 04-60496-CV-DIMITROULEAS
(00-6309-CR-DIMITROULEAS)
(02-60101-CR-DIMITROULEAS)



FILED by _____ D.C.
MAY 05 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### FINAL JUDGMENT DENYING MOTION PURSUANT TO 28 U.S.C. §2255

THIS CAUSE is before the Court on Petitioner's (F. Morgenstern) April 29, 2004 Amended Motion For Habeas Corpus [DE-5],[1] and the Court having considered F. Morgenstern's April 16, 2004 Appendix [DE-2] and the Government's April 29, 2004 Response [DE-6], having presided over the plea and sentencing in this case, and being otherwise fully advised, finds as follows:

    1.    On August 14, 2001, F. Morgenstern, along with thirteen (13) others, was charged in a Second Superceding Indictment with the following offenses: RICO Conspiracy, in violation of 18 U.S.C. §1962(d); Conspiracies to Launder Money, in violation of 18 U.S.C. §1956(h); and Engaging in Monetary Transactions, in violation of 18 U.S.C. §1957 and 2. These charges were filed in 00-6309-CR and arose in part from his role in laundering millions of dollars in fraud proceeds generated by coconspirators in South Carolina [DE-2, pp. 3-33]. On May 21, 2002, F. Morgenstern was charged, by an Information in case number 02-60101-CR, with Interstate

---

[1] F. Morgenstern's unsworn original Motion was filed April 16, 2004 [DE-1].

1

Travel in Aid of Racketeering in violation of 18 U.S.C. §1952 [DE-2, pp. 34-35].

2.     On May 21, 2002, F. Morgenstern signed a plea agreement and pled guilty to Count 14 of 00-6309-CR (Money Laundering Conspiracy) and to the Information in 02-60101-CR (Using a Facility in Interstate and Foreign Commerce with Intent to Distribute Proceeds of an Unlawful Activity) [DE-2, pp. 36-44].[2]

3.     On April 18, 2003, this Court sentenced F. Morgenstern to 121 months in prison [DE-2, pp. 103-115]. Mr. Rosen was allowed to withdraw from representing F. Morgenstern and new counsel was appointed for appeal.

4.     On March 9, 2004, the Eleventh Circuit Court of Appeals affirmed the judgment and sentence, finding that F. Morgenstern had waived his right to appeal in the plea agreement.[3]

5.     In this collateral attack, filed by Mr. Rosen, F. Morgenstern has alleged that plea counsel, William Norris, was ineffective in several ways:

     A.     Inefficient communication
     B.     Inadequate advice on sentencing guidelines
     C.     Inadequate preparation for trial
     D.     Promise that sentences would run concurrently [DE-2, pp. 363-367]

---

[2] It was contemplated that F. Morgenstern would plead guilty to a South Carolina indictment and be sentenced on all charges in the U.S. District Court of South Carolina. On January 21, 2003, Judge Anderson of the U.S. District Court of South Carolina returned these cases to this Court. At a status conference on January 31, 2003, F. Morgenstern asked this Court to appoint new counsel to represent him and stated that his plea had been involuntary. On February 4, 2003, the Court appointed William Clay to represent F. Morgenstern. On March 7, 2003 Michael J. Rosen filed his Notice of Appearance. On March 12, 2003, F. Morgenstern requested additional time to file a motion to withdraw his plea [DE-2, p. 254]. F. Morgenstern never filed that motion, although he tried to argue for a downward departure on that basis at sentencing [DE-2, p. 256].

[3] David Morgenstern's conviction was also affirmed. D. Morgenstern had argued that his Motion to Withdraw plea should have been granted. However, the Eleventh Circuit affirmed the denial of that Motion.

6.     However, all of F. Morgenstern's complaints are conclusively refuted by his sworn answers given to this Court during his plea colloquy on May 21, 2002. A defendant should be bound by the representations that he makes under oath[4] at a change of plea hearing. U.S. v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988); U.S. v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986). Ordinarily, a defendant is stuck with the representations that he himself makes in open court at the time of a plea. U.S. v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003). Those representations at a change of plea are given a presumption of verity. U.S. v. Bennett, 332 F.3d 1094, 1099 (7th Cir. 2003). The Government's response accurately quotes the portions of the plea colloquy wherein F. Morgenstern stated that he had enough time to talk with his lawyer [DE-2, pp. 133, 167, 168-169] (See also page 13 of the plea agreement which was omitted from Windoc inadvertently); that he had discussed the sentencing guidelines with this lawyer [DE-2, p. 132], including the possibility of an upward departure [DE-2, p. 134]; that by pleading guilty he was not allowing his lawyer to continue to work on the case [DE-2, p. 184]; and that the sentences could be consecutive [DE-2, p. 153, 178-179]. F. Morgenstern was told that if the Court was satisfied that his decision to plead guilty was done freely and voluntarily, then the Court would not let him wiggle out of his decision [DE-2, p. 130]. F. Morgenstern said that no one had made different promises or assurances to him [DE-2, pp. 143-144, 161, 167, 171-172]. He was told that he was pleading open [DE-2, pp. 127-128, 131, 135, 160, 179] and that the Court could impose a more severe sentence than he anticipated [DE-2, p. 144]. He agreed that he would not come back later and complain about his attorney [DE-2, pp. 183-184]. He had no questions for the Court [DE-2, p. 195]. F. Morgenstern voluntarily pled guilty. U.S. v.

---

[4]F. Morgenstern was placed under oath at the change of plea [DE-2, p. 127].

3

Chubbuck, 252 F. 3d 1300, 1302 (11th Cir. 2001) cert. denied, 122 S.Ct. 1360 (2002). He understood the operation of the sentencing guidelines. See U.S. v. Leasure, 319 F.3d 1092, 1099-1100 (9th Cir. 2003).

7.  F. Morgenstern decided not to pursue these allegations of ineffective assistance of counsel prior to sentencing. That strategy benefitted him. See Williams v. U.S., 343 F.3d 927, 928-29 (8th Cir. 2003) cert. denied, 2004 WL 503944 (April 19, 2004). He received the benefit of an acceptance of responsibility reduction. He did not incur an obstruction of justice enhancement for perjury, both of which would have been real possibilities had he filed his April 12, 2004 affidavit prior to sentencing.[5] F. Morgenstern tried to litigate his appeal, and now wants to be able to return to the issues of the voluntariness of his plea, issues that he had strategically decided to delay until this time, and thereby benefitted from the delay. See U.S. v. Hirsch, 239 F.3d 221, 226 (2d Cir. 2001). The Court was ready to afford F. Morgenstern a trial along with his co-defendant, Joseph Silvestri, in 2002. The time to resolve any alleged complaints about counsel's being ready for trial was then. Had F. Morgenstern spoken up during the change of plea and said any of the allegations contained in his April 12, 2004 affidavit, he would have gone to trial with Mr. Silvestri (who was convicted). The Court took an exhaustive change of plea. Petitioner has not shown that but for plea counsel's alleged errors that he would have gone to trial, Berkey v. U.S., 318 F.3d 768, 772 (7th Cir. 2003), particularly considering the strength of the Government's case. See Miller v. Champion, 262 F.3d 1066, 1069 (10th Cir. 2001) cert. denied, 122 S.Ct. 1092 (2002). F. Morgenstern's affidavit and amended petition, which

---

[5]One of the bases for this Court's denying D. Morgenstern an acceptance of responsibility downward adjustment was his perjurious allegations in a motion to withdraw his plea [DE-2, pp. 318-19].

contradict his sworn plea colloquy, do not merit any relief in this case, whether they merit another response from the criminal justice system is not for this Court to decide.

Wherefore, F. Morgenstern's Amended Motion For Habeas Corpus Relief [DE-5] is **DENIED.** The Clerk shall close this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 5 day of May, 2004.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Michael J. Rosen, Esq.
J. Brian McCormick, AUSA